BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re Intelius Inc. Post-Transaction
Marketing and Sales Litigation                MDL Docket No.

**MOTION OF INTELIUS INC. FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Defendants Intelius Inc. and Intelius Sales Company LLC (collectively, "Intelius") hereby move pursuant to 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (J.P.M.L.) for coordinated or consolidated pretrial proceedings of this litigation in the Western District of Washington. Intelius respectfully requests that the Panel order the cases on Schedule A to be transferred to the Honorable Ricardo S. Martinez, U.S. District Court Judge for the Western District of Washington.

In support of this motion, Intelius submits the concurrently filed supporting memorandum, which more fully articulates the following bases that weigh in favor of consolidation or coordination of the subject actions.

1. The competing class action complaints assert virtually <u>identical</u> allegations of fact regarding Defendants' post-transaction marketing of the Adaptive Programs through the Intelius web site from July 2007 to the present.

2. Both putative class actions assert that (1) Intelius enrolls class members into Adaptive Programs without disclosing (a) that consumers are being enrolled without their consent; (b) the amount of recurring credit card charges by Adaptive or Intelius; (c) the terms and conditions involved in the Adaptive Programs; and (d) the manner by which consumers can cancel the Adaptive Programs.

3. The plaintiffs in the *Keithly* action, filed in the Western District of Washington, purport to represent a nationwide class of consumers, which would necessarily include the California residents purportedly represented by the plaintiff in the *Baxter* action.

4. The putative class actions allege a nearly identical class period: the *Keithly* class period is from July 17, 2007 to present. The *Baxter* class period is from July 10, 2007 to present.

5. Intelius' principal place of business and headquarters are in Bellevue, Washington, which is located in the Western District of Washington.

6. At all times relevant to the putative class actions, the subject Intelius web sites (and iterations thereof) were developed and maintained by Intelius in Bellevue, Washington.

7. Based on counsel's analysis of the complaints' allegations, virtually all of the relevant documents and all of the Intelius witnesses are located in the Western District of Washington, as is one of the three allegedly representative plaintiffs.

8. Among the potentially relevant documents is proprietary information subject to confidentiality restrictions on its use and dissemination, including those relating to an ongoing investigation of Intelius involving its business relationship with Adaptive Marketing by the office of the Attorney General of Washington State.

9. Each of the pending class actions will require resolution of identical factual allegations, including without limitation:

   a) whether Intelius customers are automatically enrolled in the monthly memberships (the "Adaptive Programs") as alleged by plaintiffs. Keithly ¶ 15; Baxter ¶ 15.

   b) whether plaintiffs and class members receive reasonable or legally effective notice that would alert them to being enrolled into the Adaptive Programs. Keithly ¶ 19; Baxter ¶19.

c) whether Intelius provides private and confidential consumer information for the purpose of enrolling consumers in Adaptive Programs without their consent. Keithly ¶ 15; Baxter ¶ 15.

d) whether the Intelius web site's disclosures regarding the Adaptive Programs are misleading or fraudulent. Keithly ¶ 19; Baxter ¶ 19.

e) whether Intelius transfers class members' respective credit, debit or charge card information to Adaptive when class members pay for a requested service on the Intelius web site. Keithly ¶ 1-2, 15; Baxter ¶ 2, 15.

f) whether the terms of the Intelius and Adaptive Marketing Agreement impair the class members' ability to inquire about and / or cancel enrollment in the Adaptive Programs. Keithly ¶ 18; Baxter ¶ 18.

g) whether plaintiffs and class members are deceived and are likely to continue to be deceived and / or misled by the organization of the Intelius web site. Keithly ¶ 16 - 17; Baxter ¶ 19.

h) whether defendants regularly use a billing description of charges for the Adaptive Programs that is misleading and deceptive. Keithly ¶ 18; Baxter ¶ 21.

i) whether, in the performance of the Agreement, Intelius does not communicate with Intelius customers enrolled in the Adaptive Programs. Keithly ¶ 18; Baxter ¶ 18.

j) Whether defendants misstated, omitted, or concealed material facts regarding the Adaptive Programs. Keithly ¶ 27(a); Baxter ¶ 28(a)(b).

k) Whether the alleged misstatements deceive or are likely to deceive consumers accessing the Intelius web site. Keithly ¶ 27(a); Baxter ¶ 28(a).

l) Whether the alleged misstatements, omissions or concealment of facts concerning Adaptive are material. Keithly ¶ 27(a); Baxter ¶ 28(b).

10. Absent pretrial coordination or consolidation, there is a possibility of inconsistent pretrial rulings on a range of issues: (a) the scope and extent of discovery, including the treatment of confidential information, (b) class certification, (c) motions to dismiss and motions for summary judgment under the Federal Rules of Civil Procedure.

11. Consolidation or coordination of the class actions will serve the convenience of the parties, the witnesses, the judiciary, and counsel.

12. Both the district court cases are in their nascent stages: no discovery or motion practice has occurred in either case. Responsive pleadings in the *Keithly* case are

due December 18, 2009; responsive pleadings are due in *Baxter* on December 21, 2009. Concurrent with its filing this motion, Intelius is requesting all parties in both actions to stipulate to a stay pending the Panel's ruling on this motion.

13. Consistent with the immediately preceding factor, neither district court yet has expended a substantial amount of judicial resources on the litigation. Transfer for consolidation or coordination will not result in any waste of prior investment of judicial resources by the transferor court.

14. Neither forum enjoys a significantly faster or less congested civil docket. But the most recently available data suggest that Western District of Washington is a slightly less taxed forum. The median time from filing to trial in the Western District of Washington is 19 months. The median time in the Central District of California is 22 months. As of September 30, 2009, there were 3 MDL cases pending in the Western District of Washington while there are 11 MDL cases pending in the Central District of California.

15. The Western District of Washington has the judicial resources to handle this complex litigation. Judge Ricardo S. Martinez is an experienced district court judge and has previously presided over class actions.

16. An Internet business, such as Intelius, has customers throughout the country, as acknowledged in both class action complaints. Keithly ¶ 12, 26; Baxter ¶ 12, 25. Absent coordination or consolidation, Defendants potentially could be subjected to multiple additional suits in different district courts regarding the identical factual allegations contained in the pending complaints.

Accordingly, Intelius respectfully requests that the Judicial Panel issue an Order for transfer and consolidation or coordination of the pending actions, as well as any subsequently filed related actions, to the Honorable Ricardo S. Martinez, U.S. District Judge for the Western District of Washington.

DATED this 16th day of December, 2009.

                DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By *[signature]*
        Arthur W. Harrigan, Jr., WSBA #1751
        Tyler L. Farmer, WSBA #39912
        Attorneys Defendants
        Intelius Inc. and Intelius Sales Company LLC

        Danielson Harrigan Leyh & Tollefson LLP
        999 Third Avenue, Suite 4400
        Seattle, WA 98104
        Telephone: (206) 623-1700