BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re Intelius Inc. Post-Transaction
Marketing and Sales Litigation

MDL Docket No.

**BRIEF IN SUPPORT OF INTELIUS INC.'S MOTION FOR
TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**

Defendants Intelius Inc. and Intelius Sales Company LLC (collectively, "Intelius") respectfully submit this Brief in support of their Motion For Transfer of these putative class actions (and any subsequently filed related actions) to the Honorable Ricardo S. Martinez, U.S. District Court Judge for the Western District of Washington, for coordinated or consolidated pretrial proceedings. The subject litigation consists of two virtually identical class action complaints brought by plaintiffs who purport to represent Internet consumers of Intelius products or services. Intelius Inc. and Intelius Sales Company LLC are Defendants in both actions. The *Baxter* class action was filed on August 26, 2009 and was followed by the *Keithly* action on

October 19, 2009.[1] The two putative class actions allege nearly identical class periods (July 2007 – present) based on the July 2007 inception of a marketing agreement between Intelius Sales Company LLC and Defendant Adaptive Marketing LLC ("Adaptive").[2] Plaintiffs in both cases allege, *inter alia*, that the content and function of Intelius' web site are purposefully deceptive and misleading.

Plaintiffs in the *Keithly* action, filed in the Western District of Washington, purport to represent a nationwide class of consumers. Keithly ¶ 23. In the *Baxter* action, filed in the Central District of California, Ms. Baxter purports to sue on behalf of a statewide class of California residents. Baxter ¶ 24.

As discussed in detail below, the class actions raise identical questions arising from complex facts regarding the Defendants' conduct, including, without limitation, the performance of the Intelius–Adaptive marketing agreement, the purpose and nature of Intelius' web site content relating to Adaptive, and its functionality; whether any class should be certified and, if so, its scope; and whether any of the web site content is deceptive and misleading. Absent pretrial consolidation or coordination, there is an imminent risk of conflicting pretrial rulings on these and other fundamental questions raised by plaintiffs' claims. Moreover, unless the class actions are centralized for pretrial proceedings, there is a certainty of duplicative motion practice and discovery (with a corresponding waste of party and judicial resources).

Of the two potential forums, the Western District of Washington is the only one that meets the criteria for consolidated or coordinated pretrial proceedings. Intelius is based in

---

[1] As noted in the accompanying Schedule of actions, the full captions of the subject actions are: *Denise Baxter v. Intelius Inc., Intelius Sales Co. LLC a/k/a Intelius Sales, LLC, and Adaptive Marketing LLC.*, 8:09-cv-01031-AG-MLG (C.D. California Aug. 26, 2009) and *Bruce Keithly, Donovan Lee and Edith Anna Cramer v. Intelius Inc. and Intelius Sales, LLC*, 2:09-cv-01485-RSM (W.D. Washington Oct. 19, 2009). The *Keithly* complaint omits part of the full legal name of Intelius Sales Company LLC in its caption.
[2] Adaptive is currently a defendant only in the *Baxter* action.

Bellevue, Washington, which is located within the Western District of Washington. Nearly all of the witnesses and the vast majority of relevant documents are located in that district. Of the seven parties in the two class actions, only one, plaintiff Denise Baxter, is located within the Central District of California. It is unlikely that much, if any, discovery will involve witnesses or documents in that district (apart from that involving Ms. Baxter as a proposed class representative). The California case purports to involve a class of plaintiffs limited to California, which would obviously be subsumed within the purported national class at issue in the Washington action while the reverse is not true.

To date, no discovery or motion practice has occurred in either case. Neither district court has invested significant judicial resources in the pending cases. Centralized pretrial proceedings in the Western District of Washington will ensure that the identical class actions proceed through pretrial motion practice and discovery in an efficient and just manner under the watch of a single U.S. district court judge.

## BACKGROUND OF THE LITIGATION

The *Baxter* and *Keithly* complaints were filed within two months of each other and rest upon factual allegations that are literally largely identical. The only material difference between the complaints is the scope of the alleged classes. The *Keithly* plaintiffs assert that Intelius is liable to a nationwide class under Washington's Unfair Business Practices/Consumer Protection Act (including potential treble damages in some instances), while Ms. Baxter asserts that the identical acts render Defendants liable to a California class under California's Unfair Competition Law (including potential treble damages in some instances).

Both putative class actions name as defendants Intelius and its wholly owned subsidiary Intelius Sales Company LLC and contain substantially identical factual allegations, including the following:

- Intelius is a leading Information Commerce company that provides intelligence services to consumers and businesses over the Internet. Baxter ¶ 12, Keithly ¶ 11.

- Intelius and its subsidiary Intelius Sales Company LLC are based in Bellevue, Washington. Through its website, Intelius provides individuals and businesses with an array of products and services, including background checks, identity protection, people search, and reverse phone directories. Keithly ¶ 12, Baxter ¶ 12 - 13.

- Since January 2003, Intelius has processed more than 16 million orders and over four million customer accounts have purchased Intelius services. Keithly ¶ 12.

- The Intelius web sites are among the top 100 most visited web properties in the U.S. in 2007 – 2008. Baxter ¶ 12, Keithly ¶ 12.

- In July 2007, Intelius Sales Company LLC entered into a marketing agreement with Defendant Adaptive in July 2007 ("Marketing Agreement"). Baxter ¶ 14, Keithly ¶ 15.

- Adaptive is a Delaware limited liability company with its principal place of business in Norwalk, CT. Baxter, ¶ 11.

- Pursuant to the Marketing Agreement, Intelius promotes certain Adaptive programs through its web site. Baxter ¶ 14 - 15, Keithly ¶ 14 -15.

Both putative class actions base their claims of liability on identical factual allegations. Both plaintiffs' essential allegation is that Intelius systematically transfers consumers'

4

confidential credit card and/or billing information to Adaptive and surreptitiously enrolls the consumer in an Adaptive Program. Specifically,

> Keithly *et al* allege that
>
> [W]hen Plaintiffs and any member of the Class pay for one of the Intelius services, Intelius then transfers the consumers' credit/debit card and other billing information to Adaptive. Plaintiffs and Class members are then surreptitiously enrolled in one or more of the Adaptive programs, and are billed for these unwanted services on a monthly basis. Keithly ¶ 15.
>
> Ms. Baxter similarly alleges that
>
> When Plaintiff and any member of the consumer class pay for one of the Requested Service(s), Intelius transfers their respective credit, debit, or charge card and other confidential information to Adaptive. At that point, Plaintiff and class members are involuntarily enrolled in one or more of the Adaptive Programs as unilaterally selected by Defendants. Baxter ¶ 15.

Both complaints allege that through its successful Internet business, Intelius has millions of users across the nation, including some in California. Keithly ¶ 12, Baxter ¶ 12, 25, 42.

The complaints center on (and seek to enjoin) business practices that are allegedly occurring at defendants' principal place of business in the Western District of Washington. The Intelius employees who negotiated and administer the Adaptive Marketing Agreement are based in Bellevue, Washington. The Intelius web site(s) that are the subject of the Plaintiffs' allegations are developed and maintained by Intelius employees in Bellevue, Washington. The records of transactions of the kind at issue in both complaints are maintained by Intelius employees in Bellevue, Washington. While discovery is likely to include documents and witnesses from Connecticut-based Adaptive Marketing, it appears that no Defendant has any presence in the Central District of California and that minimal, if any, discovery will involve documents or witnesses in that district. Substantial discovery of both Intelius and the Keithly

plaintiffs will occur in the Western District of Washington, where the action also raises the issue of their purported representation of a national class that would include any California class.

## SUMMARY OF ALLEGATIONS AGAINST DEFENDANTS

The two putative class actions assert that Defendants have engaged in unfair or deceptive trade practices to the detriment of the putative class. Each class action asserts claims under the consumer protection statutes of California and Washington, respectively. Baxter ¶ 32, Keithly ¶¶ 35. The factual allegations supporting the assertions of liability are identical. Each complaint alleges that

a) Intelius customers are automatically enrolled in the monthly memberships (the "Adaptive Programs"). Keithly ¶ 15; Baxter ¶15.

b) Plaintiffs and class members receive no reasonable or legally effective notice that would alert them to being enrolled into the Adaptive Programs. Keithly ¶ 19; Baxter ¶ 19.

c) Intelius provides Adaptive with the private and confidential consumer information for the purpose of enrolling consumers in Adaptive Programs without their consent. Keithly ¶15; Baxter ¶15, 19.

d) The Intelius web site's disclosures regarding the Adaptive Programs are misleading or fraudulent. Keithly ¶19; Baxter ¶19.

e) Intelius transfers class members' respective credit, debit or charge card information to Adaptive when class members pay for a requested service on the Intelius web site. Keithly ¶2; Baxter ¶ 2.

f) The terms of the Intelius and Adaptive Marketing Agreement impair the class members' ability to inquire about and/or cancel enrollment in the Adaptive Programs. Keithly ¶18; Baxter ¶18.

g) Plaintiffs and class members are deceived and are likely to continue to be deceived and/or misled by the organization of the Intelius web site. Keithly ¶¶ 16 - 17; Baxter ¶ 19.

h) Defendants use a credit card billing description of charges for the Adaptive Programs that is misleading and deceptive. Keithly ¶18; Baxter ¶21.

i) Intelius does not communicate with Intelius customers enrolled in the Adaptive Programs. Keithly ¶18; Baxter ¶18.

j) Defendants misstated, omitted, or concealed facts regarding the Adaptive Programs. Keithly ¶27(a); Baxter ¶28(a).

k) The Defendants' misstatements, omissions, or concealed facts deceive or are likely to deceive consumers accessing the Intelius web site. Keithly ¶27(a); Baxter ¶28(a).

l) The Defendants' misstatements, omissions or concealment of facts concerning Adaptive Programs are material. Keithly ¶ 27(a) ; Baxter ¶ 28(b).

Intelius has customers throughout the country, as acknowledged in both class action complaints. Keithly ¶26, Baxter ¶25. *Keithly, Baxter* and any similar cases that may be filed in other districts will require resolution of the identical factual allegations; the class actions' common identity of facts and parties makes it inevitable that competing actions will involve the same discovery and duplicative, potentially conflicting, motion practice and rulings. Absent coordination or consolidation, Defendants potentially could be subjected to multiple additional suits in different district courts asserting the identical factual allegations contained in the pending complaints.

## ARGUMENT

The Intelius post-transaction marketing cases involve the identical complex fact issues that merit transfer for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Centralization under §1407 is necessary to avoid duplicative discovery, to prevent inconsistent pretrial rulings, and to conserve the resources of the parties and the judiciary. The Western District of Washington, where Intelius is located, and where the putative nationwide class action is pending, is unquestionably the more convenient forum for parties and witnesses and is the only forum in which the current allegations subsume the purported class described in the other action. Transfer to the Western District of Washington will best promote the just and efficient pretrial proceedings of this litigation.

A.  Coordination or Consolidation of the Class Actions is Appropriate Under the Multidistrict Litigation Statute, 28 U.S.C. § 1407.

Transfer and coordination or consolidation are appropriate "where transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407 (a). Centralization of the *Baxter* and *Keithly* putative class actions and subsequently filed cases will achieve all of the statutory objectives of §1407 and is necessary to eliminate duplicative discovery and to avoid inconsistent or conflicting pretrial rulings.

1.  The *Baxter* and *Keithly* Class Actions Present Identical Questions of Fact.

Transfer is appropriate where civil actions "involving one or more common questions of fact are pending in different districts." 28 U.S.C. § 1407(a). Here, the two putative class actions in different district courts allege virtually identical facts concerning the Intelius–Adaptive Marketing Agreement and the Defendants' enrollment of Internet consumers in Adaptive Programs. Both putative class actions assert that (1) Intelius enrolls class members into Adaptive Programs without disclosing (a) that consumers are being enrolled without their consent; (b) the amount of recurring credit card charges by Adaptive or Intelius; (c) the terms and conditions involved in the Adaptive Programs; and (d) the manner by which consumers can cancel the Adaptive Programs. As set forth in detail above, each of the class actions will require resolution of several identical factual allegations, including intricate factual inquiries regarding the content and functionality of the web site that is the subject of the class action complaints.

In a prior litigation regarding a web site's enrollment of customers in Adaptive Marketing's membership programs, this Panel ordered centralization of the putative class action cases. *See In Re: Vistaprint Corp. Marketing and Sales Practices Litig.*, 589 F. Supp. 2d 1377

(J.P.M.L. 2008). In *Vistaprint*, the Panel centralized seven pending actions concerning Adaptive Marketing's alleged online enrollment of VistaPrint customers. The Panel held that

> All actions share factual questions arising out of allegations that (1) the Adaptive defendants improperly enrolled VistaPrint customers in online membership programs, a practice referred to as 'cramming;' and (2) this practice caused unauthorized charges to be made on customers' credit and debit accounts in violation of the federal Electronic Fund Transfer Act and/or the Electronic Communications Privacy Act. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

*Vistaprint Corp.* 589 F. Supp. 2d at 1378.

The identical factors are present here and weigh strongly in favor of transfer for coordinated or consolidated pretrial proceedings.[3]

    2.    The Identity of Fact Issues Among the Pending Class Actions Necessitates Centralization to Eliminate Duplicative Discovery and Avoid the Risk of Inconsistent Pretrial Rulings.

Transfer for centralized proceedings is warranted here, as supported by a number of similar MDL cases involving Internet companies faced with competing consumer class actions concerning common questions of fact. In each instance, the Panel ruled that centralization was necessary to eliminate duplicative discovery, avoid the potential for inconsistent pretrial rulings, and conserve the resources of the parties, counsel and the judiciary.

For example, in *In re Webloyalty.com Inc. Marketing and Sales Practices Litig.*, 474 F. Supp. 2d 1353 (J.P.M.L. 2007), the Panel transferred an action pending in the Central District of California to the District of Massachusetts, where three pending putative class actions concerned

---

[3] *In re Vistaprint Corp.* concerns the essentially identical Adaptive Marketing offers as are subject of the Keithly and Baxter complaints. However, "tag along" transfer of these actions to the *Vistaprint* MDL is not possible because the transferee court, Southern District of Texas, ruled that the Adaptive disclosures were adequate as a matter of law and dismissed the plaintiffs' complaint. The *Vistaprint* plaintiffs have appealed the district court's ruling to the Fifth Circuit.

9

the transfer of credit card information from one defendant to another during online transactions. The Panel found that

> [a]ll actions are brought as putative nationwide class actions raising common questions of fact and law against defendants allegedly engaged in a scheme to defraud consumers whose personal credit card information was accessed by Webloyalty during online transactions (with the defendant web retailer(s) involved in each action) as part of Webloyalty's Reservation Rewards or other programs. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

There is no requirement that competing class actions allege identical classes in order to support centralization under § 1407. The key element is the existence of common facts and overlapping (or competing) putative classes of plaintiffs.[4] For example, in multidistrict litigation against America Online Inc., the Panel centralized pretrial proceedings of three separate actions – each purporting to represent different statewide classes – pending in the Central District of California, Northern District of Illinois, and Eastern District of New York. The Panel concluded that the litigation involved common questions of fact and that centralization was necessary:

> Plaintiffs in all actions allege that AOL did not tell its customers that Version 6.0 would make substantial changes to their operating systems, which in some cases could impair the functioning of their systems and prevent them from connecting to the Internet altogether. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

*In re America Online, Inc. Version 6.0 Software Litig.*, 162 F. Supp. 2d 690 (J.P.M.L. 2001).

Here, the risk of inconsistent pretrial rulings is more substantial than in the AOL case involving non-overlapping statewide classes. This litigation includes the potential for conflicting (potentially overlapping) class certification decisions. And this litigation involves at least an

---

[4] Nor is there a requirement that there be more than two competing cases. Centralization is appropriate where "two actions arise from the same factual situation and share numerous complex questions of fact...." *See In re First National Bank, Heavener, Oklahoma (First Mortgage Revenue Bonds) Securities Litig.*, 451 F. Supp. 995 (J.P.M.L.

equivalent level of common questions of fact to the AOL case, but the factual issues here are likely to be more intricate. For example, resolution of the common questions of fact raised in *Baxter* and *Keithly* will require the court to evaluate both the content of disclosures on the Intelius web site and, potentially, the manner in which Intelius' websites function, how and on what basis credit card information is transmitted, and how Intelius and Adaptive, respectively, interact with consumers who subscribe to Adaptive Programs after making a purchase on an Intelius site.

Absent pretrial coordination or consolidation, there is a possibility of inconsistent pretrial rulings on a range of issues, including (a) the scope and extent of discovery, including the treatment of confidential information, (b) class certification, (c) motions to dismiss and motions for summary judgment under the Federal Rules of Civil Procedure. This range of complex issues should be managed by a single court. The putative class actions "contain competing class allegations and involve facts of sufficient intricacy that could spawn challenging procedural questions and pose the risk of inconsistent and/or conflicting judgments." *In re H&R Block Mortgage Corp. Prescreening Litig.*, 435 F.Supp.2d 1347 (J.P.M.L. 2006) (centralizing three actions where two purported to represent different statewide classes and one purported to represent a nationwide class); *see also In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation*, 2009 U.S. Dist. LEXIS 113955 – (J.P.M.L. Dec. 4, 2009) (centralizing pretrial proceedings over the objections of all plaintiffs where four putative class actions each involved allegations that one or both defendants reneged on promotion of a new product line of grilled chicken at KFC).

---

1978) (centralizing two cases so that single judge can oversee the class action issues and avoid duplicative discovery).

While the factual allegations contained in the *Baxter* and *Keithly* complaints are virtually indistinguishable, even if some issues later emerged that were unique to one of the cases, that would not justify denying centralization. The existence of very substantial overlapping questions is the key criterion; absolute identity is not. *See In re: Vonage Marketing and Sales Practices Litig.*, 505 F. Supp. 2d 1375 (J.P.M.L. 2007) (overruling single objecting plaintiff where transfer to single judge permits formulation of pretrial program that allows discovery of any non-common issues to proceed concurrently with discovery on common issues). Centralization of these cases (and any subsequently filed related actions) will ensure that pretrial proceedings are managed in an efficient and fair manner. Centralization will avoid the waste of duplicative discovery and will serve the convenience of the parties and their counsel, the witnesses, and the judiciary.

B.  The Western District of Washington is the Most Appropriate Forum for Centralized Proceedings.

The Western District of Washington is clearly the preferable transferee district for these (and any subsequently filed related) putative class action cases. Accordingly, the Panel should issue an Order transferring the cases to the Western District of Washington for assignment to the Honorable Ricardo S. Martinez.

1.  The Western District of Washington is the Most Convenient Forum for Witnesses and Discovery Proceedings.

In selecting a transferee forum, the Panel frequently transfers cases to districts where parties are based and, accordingly, witnesses and documents are likely to be located. *In re American Airlines, Inc. Privacy Litig.*, 342 F. Supp. 2d 1355 (J.P.M.L. 2004) (selecting transferee court in part because district is likely to be the location of significant discovery because defendants were headquartered there); *In re Vonage Marketing and Sales Practices Litig.*, 505 F.Supp.2d 1375 (J.P.M.L. 2007) (selecting district where defendant was based and

12

citing the presence of witnesses and documents); *In re Webloyalty.com Inc. Marketing and Sales Practices Litig.*, 474 F.Supp.2d 1353 (J.P.M.L. 2007) (citing proximity of witnesses and documents in support of transferring to district nearby defendant's headquarters).

Both Intelius and Intelius Sales Company LLC are based in Bellevue, Washington which is located in the Western District of Washington. The Intelius web site that is the subject of the class actions' allegations was developed and is maintained in the same offices.[5] The Intelius employees who negotiated and who administer the Adaptive Marketing Agreement reside in the district. At this early juncture, it appears that the majority of witnesses and documentary evidence relevant to plaintiffs' claims will be located in the Western District of Washington.

On the other hand, the Central District of California appears to have no connection with any of the litigants save Ms. Baxter. The limited discovery relating to Ms. Baxter's adequacy as a class representative can be accomplished efficiently in coordination with the broader discovery in the Western District of Washington. The probable location of witnesses and documents weighs heavily in favor of transfer to the Western District of Washington.

2. The Nascent Stage of Both Class Actions Makes this an Ideal Juncture to Centralize the Proceedings.

Both putative class action complaints were recently filed. No discovery or motion practice has occurred in either case. In each case, defendants' responsive pleadings are due later this month. Concurrent with filing this motion, Intelius is requesting all parties to stipulate to a stay pending the Panel's ruling on this motion. Even if defendants were to file responsive motions, neither district court has yet invested significant judicial resources in the cases. Accordingly, it appears unlikely that any judicial resources will have been wasted should the Panel order the *Baxter* action transferred from Central District of California. Centralization of

the proceedings at this stage will permit a single court to fashion a pretrial plan to maximize the efficiencies for all parties.

        3.      The Western District of Washington is an Appropriate Forum For this Complex Litigation.

The Western District of Washington provides an efficient forum and qualified judiciary to handle complex litigation. Neither the *Baxter* district nor the *Keithly* district provides a significantly faster or less congested civil docket. For the twelve month period ending September 30, 2008, the median time from civil case filing to trial in the Western District of Washington was 19 months, while the median time in the Central District of California was 22 months.[6] As of November 3, 2009, there were only 3 MDL cases pending in the Western District of Washington, while there were 11 MDL cases pending in the Central District of California.[7] Accordingly, transfer to the Western District of Washington will utilize a slightly less congested (and arguably underutilized) forum for multidistrict litigation. This factor weighs in favor of transfer to the Western District of Washington. *See In re Phenylpropanolamine Products Liability Litig.*, 173 F. Supp. 2d 1377 (J.P.M.L. 2001) (citing level of multidistrict litigation docket and district resources as factors in selecting the Western District of Washington as transferee forum).

The *Keithly* class action is currently assigned to the Honorable Ricardo S. Martinez. Judge Martinez is an experienced jurist who has presided over class action cases. It does not appear that he currently is presiding over a MDL action, so he appears to have both the time and expertise to efficiently manage this litigation.

---

[5] The Intelius consumer site terms and conditions provide that Washington law governs the agreement between Intelius and users of its database services. Keithly ¶ 13.

[6] The median time information for the district courts is available at www.uscourts.gov/cgi-bin/cmsd2008.pl (last viewed on December 15, 2009).

## CONCLUSION

For the reasons stated herein, Defendants Intelius Inc. and Intelius Sales Company LLC respectfully request that the Panel order the cases transferred to the Western District of Washington for consolidated or coordinated proceedings before the Honorable Ricardo S. Martinez.

DATED this 16th day of December, 2009.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By _____
Arthur W. Harrigan, Jr., WSBA #1751
Tyler L. Farmer, WSBA #39912
Attorneys Defendants
Intelius Inc. and Intelius Sales Company LLC

Danielson Harrigan Leyh & Tollefson LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
Telephone: (206) 623-1700

---

[7] See Judicial Panel on Multidistrict Litigation, Distribution of Pending MDL Dockets (as of Nov. 3 2009), at www.jpml.uscourts.gov/docket_information/pendingmdl-November-09.pdf.