HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY, DONOVAN LEE, and EDITH ANNA CRAMER, Individually an on Behalf of all Other Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company,<br><br>Defendants. | Case No. C09-1485-RSM<br><br>DEFENDANTS' REQUEST FOR JUDICIAL NOTICE<br><br>**NOTED FOR:**<br>**Friday, February 26, 2010**<br>**(ORAL ARGUMENT REQUESTED)** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Intelius Inc. and Intelius Sales Company LLC (collectively "Intelius") hereby request that this Court take judicial notice of the documents identified below in support of the concurrently filed Motion to Dismiss. As discussed below, judicial notice of these documents is permitted under Federal Rule of Evidence 201, the incorporation by reference doctrine, and supporting case law. The authenticity of the documents subject of this request is not subject to reasonable dispute. True and correct copies have been authenticated by, and are

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE - 1

attached to, the concurrently filed Declaration of Ron Thunen III in support of Defendants' Motion to Dismiss. *See* Exhibit A, a true and correct copy of the Adaptive Marketing LLC "Family Safety" enrollment form webpage on the Intelius site displayed to plaintiff Lee/Cramer in June 2008; Exhibit B, true and correct copies of Intelius Background Check check-out webpages, regenerated from Intelius' servers on January 11, 2010, as they were displayed to plaintiff Keithly on April 7, 2009 in connection with his purchase of a background check for $39.95 with a $10.00 discount for enrolling in a trial membership of Identity Protect; Exhibit C, true and correct copies of Intelius Background Check check-out webpages, regenerated from Intelius' servers on January 11, 2010, as they existed on April 7, 2009 and would have been displayed to Mr. Keithly, had he elected to purchase the identical background check product for $49.95.

## ARGUMENT

Judicial notice of the Intelius webpages is appropriate because plaintiffs' complaint not only refers to the Intelius webpage content, but expressly relies on the alleged inadequate disclosures on those webpages. Plaintiffs allege that

> Intelius thus enrolls Plaintiffs and the Class members into Adaptive Programs without adequately disclosing, among other things: (1) that the consumers are being enrolled in the Adaptive Programs without their authorization or consent; (2) the amount of the recurring charges by Adaptive and/or Intelius; (3) the terms and conditions involved in the Adaptive Programs; and (4) the manner by which the consumer may cancel those services.

Cmplt. ¶ 19.

Under Federal Rule of Evidence 201, this Court may take judicial notice of a fact if it is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. Evid. 201(b). On ruling on a motion to dismiss, the Court may rely on facts subject of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE - 2

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700  FAX. (206) 623-8717

Pursuant to the doctrine of incorporation by reference, a court may consider on a motion to dismiss any documents that plaintiff relies upon in his complaint and whose authenticity is not questioned. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and whose authenticity no party questions …may be considered in ruling on a Rule 12(b)(6) motion to dismiss"), *overruled in part on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The Ninth Circuit embraces an "expansive view" of the incorporation by reference document – "even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. Plaintiffs here do both.

Throughout their complaint, plaintiffs repeatedly refer to the content of the Intelius webpages (I.e. offer enrollment terms) as the basis for their claims. Additional references include, without limitation:

- "Through misleading 'sign-up' messages on Intelius websites … when the consumer purchases an Intelius product, the consumer also unknowingly enrolls in a subscription-based service with Adaptive Marketing, LLC." Cmplt. ¶ 1.

- "In April 2009 Mr. Keithly believed he purchased a background report search from Intelius for $39.95 using a credit card. Unbeknownst to him, at the time he purchased the Intelius report, Mr. Keithly incurred a $19.95 charge for an "Identity Protect" service that he did not knowingly order." Cmplt. ¶ 7.

- "In June 2008, Plaintiffs Lee/Cramer paid for a search report from Intelius using a credit card. Unbeknownst to them, at the time they purchased the Intelius report, Plaintiffs Lee/Cramer incurred monthly charges for unordered services." Cmplt. ¶ 8.

- "[W]hen Plaintiffs and any member of the Class pay for one of the Intelius services, Intelius then transfers the consumers' credit/debit card and other billing information to Adaptive. Plaintiffs and Class members are then surreptitiously enrolled in one or more of the Adaptive programs…" Cmplt. ¶15.

- "[T]he consumers end up with these unwanted services through the direct actions of Intelius via the Intelius websites, and the language on the Intelius website has

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

the tendency to mislead customers into unknowingly signing up for these Adaptive Programs." Cmplt. ¶16.

- "[T]he language contained on the Intelius websites has the capacity to deceive a substantial portion of the public to initially purchase Adaptive products..." Cmplt. ¶ 18.

- "Defendants' sign-up statements on the Intelius websites have a tendency to mislead and deceive members of the Class." Cmplt. ¶43.

Because plaintiffs repeatedly refer to the content of the offer webpages, this Court may consider them. "[A]s long as (1) the complaint refers to the document; (2) the document is central to plaintiff's claims; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Smale v. Cellco P'ship*, 547 F. Supp.2d 1181, 1184 (W.D. Wash. 2008) citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relies." *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192 (3d Cir. 1993) (courts may take judicial notice of a contract where complaint is based on the contract and describes some of its terms).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their request for judicial notice.

DATED this 11th day of January, 2010.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By_____
Arthur W. Harrigan, Jr., WSBA #1751
Tyler Farmer, WSBA #39912
Attorneys for Defendants Intelius Inc.
and Intelius Sales, LLC

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE - 4

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700  FAX. (206) 623-8717

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2010, I served a true and correct copy of the foregoing DEFENDANTS' REQUEST FOR JUDICIAL NOTICE on the following individuals:

**Attorney for Plaintiffs**

| | |
|---|---|
| Mark A. Griffin, WSBA #16296 | ____ Messenger |
| Karin B. Swope, WSBA #24015 | ____ Email |
| Keller Rohrback L.L.P. | ✓ ECF |
| 1201 Third Avenue, Suite 3200 | ____ Facsimile |
| Seattle, WA 98101 | ____ US Mail |
| Telephone: (206) 623-1900 | |
| Fax: (206) 623-3384 | |
| Email: mgriffin@kellerrohrback.com | |
|        kswope@kellerrohrback.com | |

| | |
|---|---|
| Andrew N. Friedman | ____ Messenger |
| Victoria S. Nugent | ____ Email |
| Whitney R. Case | ✓ ECF |
| Coehn Milstein Sellers & Toll P.L.L.C. | ____ Facsimile |
| 1100 New York Avenue, NW, Suite 500 West | ____ US Mail |
| Washington, DC 20005-3964 | |
| Telephone: (202) 408-4600 | |
| Fax: (202) 408-4699 | |
| Email: afriedman@cohenmilstein.com | |
|        vnugent@cohenmilstein.com | |
|        wcase@cohenmilstein.com | |

_/s/ Susie Clifford_
Susie Clifford

DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE - 5

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700  FAX. (206) 623-8717