THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY, DONOVAN LEE, and EDITH ANNA CRAMER, individually and on Behalf of all Other Similarly Situated,, | )<br>)<br>)<br>)   No. C09-1485RSL |
| Plaintiffs, | )<br>)   PLAINTIFFS' OPPOSITION<br>)   TO DEFENDANTS' REQUEST |
| v. | )   FOR JUDICIAL NOTICE<br>) |
| INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLCS, A Nevada Limited Liability Company,, | )   **NOTE ON MOTION CALENDAR:**<br>)   **March 5, 2010**<br>)<br>) |
| Defendant. | )<br>) |

## I.    INTRODUCTION

There is no dispute that under certain circumstances, a court may generally take judicial notice of a fact when ruling on a motion to dismiss.  However, in this specific case, judicial notice is inappropriate because Defendants wholly fail to show how the documents they seek to introduce are either accurate or authentic.  Defendants merely state in a conclusory fashion that the documents at-issue—printouts of web pages that were significantly regenerated by Defendants' own server—are undoubtedly what they purport to be, without showing how this data was extracted, or how such data can be verified.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(09-CV-1485) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

In addition, Defendants' request suffers from another fatal flaw: it seeks to introduce data retrieved from a website that is no longer available. Such data is reasonably subject to dispute, and is therefore the type of information that cannot be judicially noticed. Indeed, the declaration submitted by Defendants to purportedly establish the accuracy and authenticity of such documents provides no justification for the introduction of such documents at this stage of the proceedings. Finally, the screen shots Defendant proffers are insufficient because they are: (1) black and white, when the screens viewed by consumers appear in color -- which greatly changes their appearance; (2) static, when the screens viewed by consumers are part of an interactive and dynamic series; (3) incomplete, because they do not include all of the screens/communications that were part of the transactions, starting with the home page and ending with email confirmations sent to the consumers' address. As a result, Plaintiffs respectfully request that the Court deny Defendants' request for judicial notice.

## II.    ARGUMENT

Courts may take judicial notice of a fact if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b) (emphasis added). Likewise, under the doctrine of incorporation by reference, "documents whose contents are alleged in a complaint and whose authenticity no party questions … may be considered by a court in ruling on a Rule 12(b)(6) motion to dismiss." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (emphasis added). As these rules make clear, the party seeking to introduce documents must prove both their accuracy and authenticity. A document is accurate if it is "not subject to reasonable dispute." FRE 201(b).

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(09-CV-1485) Page - 2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Meanwhile, "[t]he requirement of authentication … as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  FRE 901(b).

With respect to information obtained from the Internet, "much information on the Internet does not meet the requirements of Rule 201(b)."  Fontaine v. Young, 2007 WL 4180712, at *2, n.3 (W.D.N.Y. 2007).  Thus, such information must be properly authenticated to be admitted.  United States v. Jackson, 208 F.3d 633, 638 (7th Cir. 2000).  Courts specifically recognize that "[p]rintouts from non-government websites are not self authenticating."  Toytrackerz LLC v. Koehler, 2009 WL 2591329, at *6 (D.Kan. 2009); Sun Protection Factory, Inc. v. Tender Corp., 2005 WL 248470, at *6, n.4 (M.D. Fla. 2005) ("[W]ebsites are not self-authenticating.").  Accordingly, courts typically reject documents obtained from web archive services unless certain procedural safeguards are met.

For example, in In re Homestore.com, Inc. Securities Litig., 347 F.Supp.2d 769 (C.D. Cal. 2004), the court found that "[p]rintouts from a web site do not bear the indicia of reliability demanded for other self-authenticating documents."  Id. at 782.  The court therefore held that in order "to be authenticated, some statement or affidavit from someone with knowledge is required; for example, [a] web master or someone else with personal knowledge would be sufficient."  Id.  Other federal courts have found similarly.  See, e.g., Novak v. Tucows, Inc., 2007 WL 922306, at *5 (E.D.N.Y. 2007) ("As [the moving party] proffers neither testimony nor sworn statements attesting to the authenticity of the contested web page exhibits by any employee of the companies hosting the sites from which [the moving party] printed the pages, such exhibits cannot be authenticated as required under the Rules of Evidence."); Nightlife Sys., Inc. v. Nitlites Franchise Sys., Inc., 2007 WL 4563875, at *5-6 (N.D. Ga. May 11, 2007) ("In

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(09-CV-1485) Page - 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

addition to a witness with personal knowledge of the web page at issue, to authenticate a printout from a web page, the proponent must present evidence from a percipient witness stating that the printout accurately reflects the content of the page and the image of the page on the computer at which the printout was made."); St. Luke's Cataract and Laser Institute v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. 2006) (finding that the party seeking to introduce such documents "must provide the Court with a statement or affidavit from an Internet Archive representative with personal knowledge of the contents of the Internet Archive website"); Canatlla v. Van De Kamp, No. , 2005 WL 3481462, at *4 (N.D. Cal. 2005) ("Absent foundational information about how the Internet Archive is constituted, [the court is] not satisfied that this is a source whose accuracy cannot reasonably be questioned.").

In addition, judicial notice is wholly inappropriate where, as here, the information is no longer available on the Internet. One district court within the Ninth Circuit squarely addressed this issue when a party sought judicial notice of a printout confirming delivery of a letter allegedly sent to an individual on a previous date. The court refused to take judicial notice of the printout, specifically holding that:

> To prevail on the request for judicial notice of the … website printout, the defendant must demonstrate that there is no reasonable argument that the plaintiff could make disputing its accuracy. Reasonable dispute could be raised concerning the accuracy of a single piece of data retrieved from a website, and no longer available, where no other source for the data exists. Since the accuracy of the … printout could be disputed, the information contained therein is not a fact that can be judicially noticed.

Chapman v. San Francisco Newspaper Agency, 2002 WL 31119944, at *2 (N.D. Cal. 2002) (emphasis added).

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(09-CV-1485) Page - 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

In the instant case, Defendants argue that certain printouts from web pages regenerated from its own server and no longer publicly available should be introduced under FRE 201(b) or under the doctrine of incorporation by reference. However, Defendants' request is plagued by the same deficiencies described above. Defendants fail to present evidence from a witness with personal knowledge of the website stating that the printout accurately reflects the content of the website. Nor do Defendants present any evidence proving that the image of the webpage at the time Plaintiffs visited Defendants' website was exactly the same as the printout offered to the Court. Furthermore, the printouts are supposed to be web pages that approximate the visits made by Plaintiffs several months ago, and are not currently available. Under such circumstances, the data's authenticity has not been confirmed, and its accuracy is reasonably subject to dispute.

To the extent Defendants submit the Declaration of Ronald V. Thunen III ("Thunsen Declaration") to authenticate the printouts or otherwise testify that this information should be introduced (Dkt. No. 19), that declaration is insufficient because he fails to explain how he has personal knowledge of the contents of Defendants' Internet archive website, how such data was retrieved, or why the Court should consider information no longer publicly available on the Internet. Instead, Mr. Thunen only indicates that he is "Director of Program Management of the Consumer Business Unit" (Thunsen Declaration, ¶ 1), without explaining whether such a position qualifies him as an Internet Archive representative with personal knowledge of the contents of the Internet Archive website.

Ultimately, Defendants simply presume that the Court should take notice of certain web pages, not currently available to the public, without observing the appropriate procedural safeguards required for judicial notice. As such, the Court has no reliable way of proving the authenticity or accuracy of the documents at-issue. Under such circumstances, Defendants fail to

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(09-CV-1485) Page - 5

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    comply with the principles established above for proper judicial notice of documents from an

2    archived webpage.

3                              III.   CONCLUSION

4              For the foregoing reasons, Plaintiffs respectfully request that the Court DENY

5    Defendants' request for judicial notice.

6

7              DATED this 26th day of February, 2010.

8
                                        By s/Karin B. Swope
9                                          Mark A. Griffin, WSBA #16296
                                           Karin B. Swope, WSBA #24015
10                                          1201 Third Avenue, Suite 3200
                                           KELLER ROHRBACK L.L.P.
11                                          Seattle, WA  98101
                                           Tel:(206) 623-1900
12                                          Fax: (206) 623-3384

13

14                                          Andrew N. Friedman
                                           Victoria S. Nugent
15                                          Whitney R. Case
                                           COHEN MILSTEIN SELLERS & TOLL
16                                          P.L.L.C.
                                           1100 New York Avenue, N.W., Suite 500 West
17                                          Washington, DC  20005-3964
                                           Tel: (202) 408-4600
18                                          Fax: (202 408-4699

19
                                           *Counsel for Plaintiffs Bruce Keithly, Donovan*
20                                          *Lee and Edith Anna Cramer*

21

22

23

24

25

26

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE
(09-CV-1485) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on February 26, 2010, I caused to be served a true and correct copy

3

of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR**

4

**JUDICIAL NOTICE** on the following recipients via the method indicated:

5

6

Arthur W. Harrigan, Jr., WSBA #1751      ☒ Via ECF
Tyler Farmer, WSBA #39912                ☐ Via Hand Delivery
DANIELSON HARRIGAN LEYH &                ☐ Via U.S. First Class Mail
TOLLEFSON, LLP                           ☐ Via facsimile to (206) 623-8717
999 Third Avenue, Suite 4400             ☐ Via email to:
Seattle, Washington 98104                      arthurw@dhlt.com; and
Telephone:  (206) 623-1700                     tylerf@dhlt.com

7

8

9

10

*Attorneys for Intelius, Inc and
    Intelius Sales, LLC*

11

12

DATED this 26th day of February, 2010.

13

14

15

s/Karin B. Swope
Karin B. Swope

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384