HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY, DONOVAN LEE, and EDITH ANNA CRAMER, Individually an on Behalf of all Other Similarly Situated,<br><br>                              Plaintiffs,<br><br>vs.<br><br>INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company,<br><br>                            Defendants. | Case No.  C09-1485-RSL<br><br>DEFENDANTS' REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE<br><br>**NOTED FOR:**<br>**MONDAY, MARCH 8, 2010**<br>**(ORAL ARGUMENT REQUESTED)** |

Plaintiffs allege that "[t]hrough misleading 'sign-up' messages on Intelius websites" consumers:

> unknowingly enroll[] in a subscription-based service with Adaptive Marketing, LLC.  The details and/or benefits of those Adaptive subscription services generally are never made known to the consumer, yet the consumer is then billed a significant monthly fee – often $19.95/month – in perpetuity.  (Cmplt. ¶ 1.)

DEFENDANTS' REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE - 1

Cause No.:  C09-1485-RSL

1    In support of its motion to dismiss, Intelius submitted authenticated full color printouts

2  of the offer webpages subject of the Plaintiffs' Complaint. Plaintiffs Lee/Cramer enrolled for a

3  Family Safety Report subscription. Cmplt. ¶ 8; Declaration of Ronald V. Thunen III ("Thunen

4  Decl."), Ex. A. Plaintiff Keithly subscribed to Intelius' Identity Protect product, which, as

5  evidenced by the enrollment forms and discussed fully in Intelius' motion to dismiss, is <u>not</u> an

6  Adaptive program and is <u>not</u> a post-transaction offer. Thunen Decl., Ex. B; Motion at 13-14.

7    Plaintiffs' essential claim is that they unwittingly enrolled in these programs:

8
9    Intelius thus enrolls Plaintiffs and the Class Members into Adaptive Programs
     without adequately disclosing, among other things: (1) that the consumers are
     being enrolled in the Adaptive Programs without their authorization or consent;
10   (2) the amount of the recurring charges by Adaptive and/or Intelius; (3) the terms
     and conditions involved in the Adaptive Programs; and (4) the manner by which
11   the consumer may cancel those services. (Cmplt. ¶ 19.)

12  *See also* Cmplt. ¶¶ 1 (quoted above), 2 ("without full or adequate disclosure"), 16 ("the

13  language on the Intelius website has the tendency to mislead customers into unknowingly sign

14  up for these Adaptive Programs"), 18 ("the language contained on the Intelius websites has the

15  capacity to deceive a substantial portion of the public to initially purchase Adaptive

16  products…"); 27A ("… Defendants misstated, omitted, or concealed material facts concerning

17  the Adaptive Programs…").

18    Although Plaintiffs' allegations inherently challenge the language and format of the

19  website, Plaintiffs did not attach copies of the webpages to their Complaint or opposition brief.

20  Plaintiffs now ask the Court not to consider the webpages at all. *See* Plaintiffs' Opposition to

21  Request for Judicial Notice at 5. Plaintiffs do not dispute that the webpages with their

22  disclosures are those that allegedly deceived Lee/Cramer and Mr. Keithly. In fact, Plaintiffs'

23  opposition labors to demonstrate how the terms of those disclosures – now before the Court –

24  have the potential to deceive. Plaintiffs' Opposition to Defendants' Motion to Dismiss

25

DEFENDANTS' REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE - 2

Cause No.: C09-1485-RSL

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700    FAX. (206) 623-8717

1  (hereafter "Opp."), 10-18.

2      A court ruling on a Rule 12(b)(6) motion to dismiss may consider evidence on which

3  the complaint necessarily relies. Since the offers at issue were made *via* the webpage

4  disclosures (Cmplt. ¶¶ 1, 2, 16, 18), and since the essence of each claim is that the webpages

5  are deceptive, Plaintiffs' claims do not simply "rely" on the webpages, they cannot exist

6  without them. The allegations of deception are entirely dependent upon the content of the

7  webpages. Under the circumstances, Plaintiffs' strenuous efforts to avoid the Court's

8  evaluation of the foundation on which their claims are built, and the only point of reference

9  against which the validity of their claims can be tested, is telling.

10     Where the complaint refers to a document, the document is central to the plaintiff's

11 claim, and no party questions the authenticity of the copy attached to the Rule 12(b)(6) motion,

12 the Court may consider the document as "incorporated by reference" in the complaint. *Smale*

13 *v. Cellco Partnership*, 547 F.Supp.2d 1181, 1184 (W.D. Wash. 2008) (citing *Marder v. Lopez*,

14 450 F.3d 445, 448 (9th Cir. 2006)). The Court may also rely on facts subject to judicial notice.

15 *United States v. Ritchie*, 342 F.3d 903, 903 (2003).

16     Plaintiffs cannot dispute that their Complaint relies on the content of the webpages and

17 they do not contend that Intelius has asked that the Court take notice of the wrong webpages.

18 These are the pages that contain the offers at issue in this case. Plaintiffs advance other

19 arguments.

20     First, Plaintiffs state that Intelius has submitted black-and-white copies of the webpages

21 that "do not show how certain material was prominent and the fine print was minimized."

22 Opp. at fn 8. *See also* Opp. at 6; Opposition to Request for Judicial Notice at 2. The webpages

23 are in color, as the Court's online docket at PACER shows. *See* Docket No. 21. Second,

24 Plaintiffs assert that Mr. Thunen's initial declaration did not adequately authenticate the

25

DEFENDANTS' REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE - 3

Cause No.: C09-1485-RSL

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX, (206) 623-8717

1   documents. Intelius respectfully disagrees, but files herewith a supplemental declaration re-

2   submitting Exhibits A – C and re-confirming their authenticity. *See* Supplemental Declaration

3   of Ronald V. Thunen III ("Supp. Thunen Decl.").

4       In the normal course of its business, Intelius maintains records relating to the time period

5   during which Adaptive offers (including the Adaptive enrollment form attached as Exhibit A to

6   the two Thunen Declarations), were active on Intelius' websites. Supp. Thunen Decl., ¶ 6. The

7   Adaptive offer attached as Exhibit A was active in June 2008 and Intelius' records of

8   Lee/Cramer's June 2008 transaction show that Lee/Cramer were presented with the enrollment

9   form attached as Exhibit A. *Id.*

10      The Intelius in-cart IDP offer presented to Mr. Keithly (attached as Exhibit B to the

11  Thunen Declarations) was regenerated by rolling back Intelius' website software code to April

12  7, 2009, the date of Mr. Keithly's transaction, using data archived on back-up tapes and on

13  Intelius' servers. *See* Supp. Thunen Decl, ¶¶ 9-13 (describing the process).

14      Plaintiffs also contend that the exhibits are incomplete, but the Thunen Decl. exhibits

15  are the complete steps by which Lee/Cramer and Mr. Keithly enrolled in their respective

16  subscription programs. *See* Supp. Thunen Decl, ¶ 14 (Mr. Keithly arrived at Intelius' web site

17  *via* a third party web site)[1]; Cmplt. ¶¶ 16-17 (generally describing Adaptive offers, such as that

18  accepted by Lee/Cramer, as comprising "a page.")

19      Plaintiffs also oppose the Court's evaluation of the printouts of the regenerated web

20  pages because they are "static" and because they "are supposed to be webpages that

21  approximate the visits made by Plaintiffs several months ago." Opp. Request for Judicial

22

23  [1] After completing his discounted purchase of a Background Report and a trial Identity Protect subscription, Mr.
    Keithly apparently was shown a third-party advertisement that is not germane to his claim that he was duped into

24  signing up for Identity Protect (an Intelius in-cart product that was purchased when, not after, Mr. Keithly
    purchased another Intelius product—i.e., the "post-transaction" phase of Mr. Keithly's experience has nothing to

25  do with his signing up for Identity Protect *during* his purchase of a Background Report at a discounted price).

DEFENDANTS' REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE - 4

Cause No.: C09-1485-RSL

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

1  Notice at 2.[2] However, courts regularly consider properly authenticated web site printouts,

2  including archived webpages (*i.e.* those no longer available on the website).

3      In *Browne, et al., v. Avvo, Inc.*, this District Court considered claims that a website with

4  information and comparative ratings of attorneys violated the Washington Consumer

5  Protection Act.  Defendant, Avvo Inc., submitted archived screen shots in connection with its

6  Rule 12(c) motion to dismiss based on failure to state a claim.  The Court stated:

7      Although the Court's review is generally limited to the contents of the complaint, Ninth
8      Circuit authority allows the Court to consider documents referenced extensively in the
       complaint, documents that form the basis of plaintiffs' claim, and matters of judicial
9      notice when determining whether the allegations of the complaint state a claim upon
       which relief can be granted. *The archived screen shots of pages from Avvo's mid-June*
10     *2007 website and the Washington State Bar Association records submitted by the*
       *parties appear to fall within one or more of these categories.* For purposes of this
11     motion, therefore, the allegations of the complaint and the documents submitted will be
       accepted as true and construed in the light most favorable to plaintiffs.
12

13  *Browne, et al., v. Avvo, Inc.*, 525 F.Supp.2d 1249, 1250 (W.D. Wash. 2007) (emphasis added)

14  (internal citations omitted) (granting motion to dismiss).  *See also Mehmet v. Paypal Inc.* 2008

15  U.S. Dist. LEXIS 64018 at * 6 (N.D. Cal. Aug. 12, 2008) (taking judicial notice of Paypal user

16  agreement where plaintiff referenced the user agreement and relied on it in support of

17  substantive allegations, but did not attach it to his complaint); *Druyan v. Jagger*, 508 F. Supp.

18  2d 228, 236 (S.D. N.Y. 2007) (considering Ticketmaster website content where plaintiff

19  alleged to have viewed and relied on the information to her detriment).

20      Plaintiffs neither dispute that Thunen Decl. Exhibits A and B comprise the offers that

21  were presented to them in June 2008 and April 2009, respectively, nor provide the Court with

22

23  [2] At footnote 8 in their Opposition to Intelius' Motion to Dismiss, Plaintiffs state that they "have had no
    opportunity to confirm-through discovery- that the screen shots proffered by Intelius were viewed by Plaintiffs on
24  the days of their Intelius transactions." But Plaintiffs do not explain how they can sustain their claim without
    alleging any underlying facts to support their conclusory allegations, nor do they contend that the Thunen exhibits
25  are not in fact the offers.

DEFENDANTS' REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE - 5

Cause No.: C09-1485-RSL

1  any basis for questioning the authenticity of the proffered web page printouts.  Intelius

2  respectfully requests that the Court consider the web pages in connection with Intelius' motion

3  to dismiss.

4          DATED this 8th day of March, 2010.

5                                    DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

6

7                          By_____

8                              Arthur W. Harrigan, Jr., WSBA #1751
                               Tyler Farmer, WSBA #39912
9                              Attorneys for Defendants Intelius Inc.
                               and Intelius Sales, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANTS' REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE - 6

Cause No.:  C09-1485-RSL

1

## CERTIFICATE OF SERVICE

2     I hereby certify that on this 8th day of March, 2010, I served a true and correct copy

3  of the foregoing DEFENDANTS' REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL

4  NOTICE on the following individuals:

5

6  **Attorney for Plaintiffs**

7  Mark A. Griffin, WSBA #16296                    _____ Messenger
   Karin B. Swope, WSBA #24015                     _____ Email
8  Keller Rohrback L.L.P.                          ___X___ ECF
   1201 Third Avenue, Suite 3200                   _____ Facsimile
9  Seattle, WA  98101                              _____ US Mail
   Telephone:  (206) 623-1900
10 Fax:  (206) 623-3384
11 Email:  mgriffin@kellerrohrback.com
           kswope@kellerrohrback.com
12

13 Andrew N. Friedman                              _____ Messenger
   Victoria S. Nugent                              _____ Email
14 Whitney R. Case                                 ___X___ ECF
   Coehn Milstein Sellers & Toll P.L.L.C.          _____ Facsimile
15 1100 New York Avenue, NW, Suite 500 West        _____ US Mail
   Washington, DC  20005-3964
16 Telephone:  (202) 408-4600
17 Fax:  (202) 408-4699
   Email:  afriedman@cohenmilstein.com
18         vnugent@cohenmilstein.com
           wcase@cohenmilstein.com
19

20

21                                          Yvette Chambers

22

23

24

25

DEFENDANTS' REPLY IN SUPPORT OF ITS
REQUEST FOR JUDICIAL NOTICE - 7

Cause No.:  C09-1485-RSL

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717