UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 14, 2010

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: INTELIUS, INC., POST-TRANSACTION
SALES AND MARKETING LITIGATION

| | |
|---|---|
| Denise Baxter, et al. v. Intelius, Inc., et al., C.D. California, C.A. No. 8:09-1031 ) ) | |
| Bruce Keithly, et al. v. Intelius, Inc., et al., W.D. Washington, C.A. No. 2:09-1485 ) ) | MDL No. 2140 |

ORDER DENYING TRANSFER

**Before the entire Panel**[*]  Defendants Intelius, Inc., and Intelius Sales Co., LLC (collectively Intelius) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Western District of Washington. This litigation currently consists of two actions pending, respectively, in the Central District of California and the Western District of Washington.[1]

Plaintiffs in the Western District of Washington *Keithly* action support centralization in the Western District of Washington. Plaintiffs in the Central District of California *Baxter* action oppose centralization and, alternatively, support selection of the Central District of California as the transferee district. Defendant Adaptive Marketing LLC (Adaptive) opposes centralization and, alternatively, supports centralization in either the Northern or Southern District of Ohio.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. This litigation consists of at most three actions pending in two districts and involves relatively straightforward consumer misrepresentation claims. While we have centralized litigation in the past concerning Adaptive's business practices, that litigation involved seven actions pending in six different districts. *See In re Vistaprint Corp. Marketing and Sales Practices Litigation*, 589 F.Supp.2d 1377 (J.P.M.L. 2008). Although some factual overlap may exist in the present actions regarding the business practices of Intelius and Adaptive, movants have failed to convince us that any common factual questions presented by these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. We encourage the parties to employ various alternatives to transfer which can minimize the risk of duplicative discovery and/or inconsistent

---

[*] Judges Heyburn, Miller, and Trager took no part in the decision of this matter.

[1] At oral argument, the parties informed the Panel of an additional related action filed by counsel in *Keithly* in the Western District of Washington.

- 2 -

pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr.[*] |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager[*] |