THE HONORABLE ROBERT S. LASNIK
THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY, DONOVAN LEE, and EDITH ANNA CRAMER, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company,<br><br>Defendants. | Case No. C09-1485 RSL<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL<br><br>Noted for Consideration: April 16, 2010 |
| MATTHEW BEBBINGTON, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company,<br><br>Defendants. | Case No. C10-500 RAJ |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL – Page 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs Bruce Keithly, Donovan Lee, Edith Anna Cramer, and Matthew Bebbington, through their counsel, submit this reply in support of their motion to consolidate the above-captioned cases, appoint each named Plaintiff as interim lead plaintiffs, and appoint the law firms Cohen Milstein and Keller Rohrback as interim class co-counsel.

**ARGUMENT**

In Defendants Intelius, Inc. and Intelius Sales, L.L.C.'s (collectively "Defendants" or "Intelius") response to Plaintiffs' motion, Defendants indicate that they do not oppose Plaintiffs' request to transfer *Bebbington v. Intelius, Inc. et al.*, Case No. C10-500 RAJ (the "*Bebbington* action") for consolidation with *Keithly v. Intelius, Inc. et al.*, Case No. C09-1485 RSL (the "*Keithly* action"). Thus, the Court should consolidate those actions for the reasons stated in Plaintiffs' underlying motion pursuant to Fed. R. Civ. P. 42(a).

With respect to Defendants' contention that the request should not delay or otherwise impact the Court's consideration of Defendants' motion to dismiss currently pending before the Honorable Robert S. Lasnik, Plaintiffs submit that the instant motion to consolidate should be determined *before* the motion to dismiss. Federal district courts routinely consolidate cases in similar circumstances. For example, one district court faced with two related actions and a pending motion to dismiss *sua sponte* determined that consolidation was appropriate before determining the motion to dismiss. *See Ashcroft v. New York State Dept. of Corr. Servs.*, No. 07-721, 2009 WL 1161480, at *2 (W.D.N.Y. April 29, 2009). The court specifically held that "[c]onsolidation will not cause confusion or prejudice in the management of the case; rather, the pending motion to dismiss as to the claims now to be consolidated into the first action … may refine these issues while not delaying progress in either case." *Id.* (citing 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2383 (Civil 2d ed.)); *see also Apostolou v.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
CONSOLIDATE CASES AND APPOINT INTERIM CLASS
COUNSEL – Page 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Gelderman, Inc.*, 919 F. Supp. 289, 292 (N.D. Ill. 1996) (finding that the consolidation of eleven cases was appropriate prior to resolution of a motion to dismiss).

After the cases are consolidated, the transferee judge has the discretion to consider the allegations made in the transferred case. *See*, *e.g.*, 9 Wright & Miller, § 2383 (Civil 3d ed.) ("[O]nce cases have been consolidated, if the focused issues they address are common to all of the actions, the district judge on his or her own initiative may consider motions directed at one of the cases as if they were directed at all of the consolidated cases."). The wisdom of this approach is plainly evident: it would be a waste of judicial resources and contrary to the spirit and policy of Fed. R. Civ. P. 42(a) if the parties were exposed to inconsistent adjudications of common legal issues. Here, there are additional allegations in the *Bebbington* action which warrant their inclusion into the Court's consideration when ruling on Defendants' motion to dismiss the *Keithly* action. For instance, the *Bebbington* action alleges that Defendants hired "psychologists and behavioral specialists to carefully design the [webpages] to hit human psychological cues and obfuscate any purported disclosures, in an effort to cause Plaintiff and the Class to inadvertently enroll in the Negative Option Programs." *See Bebbington* Compl., ¶ 22. These allegations are centrally related to whether Defendants have engaged in deception in violation of the Washington Consumer Protection Act, RCW Ch. 19.86 *et. seq.* As a result, the Court should consider the claims raised by the *Bebbington* complaint when ruling on the pending motion to dismiss. Alternatively, the Court in its discretion may certainly direct Plaintiffs to file an amended consolidated class complaint.

Defendants also suggest that Plaintiffs' request for appointment of interim class counsel is both unnecessary and premature, claiming that Defendants intend to oppose Plaintiffs' request for class certification. However, Defendants do not cite any authority or case law for this

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL – Page 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

proposition, nor do they otherwise assert any facts which would preclude the Court from making a determination on whether to appoint interim class counsel at this time. The Federal Rules of Civil Procedure explicitly provide that interim class counsel may be appointed *prior* to any request for class certification, thereby undermining any objection raised by Defendants that they will somehow be prejudiced by the Court's ruling on this issue before class certification. *See* Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class *before* determining whether to certify the action as a class action.") (emphasis added).

Finally, Plaintiffs note that on April 14, 2010, the Multidistrict Judicial Panel on Litigation ("JPML") denied Defendants' motion for centralization pursuant to 28 U.S.C. § 1407 of a related action pending in the Central District of California. *See* Dkt. #42 in the *Keithly* action. The JPML's order means that both the *Keithly* and *Bebbington* actions will be litigated in this district and that the California action will not be transferred here. With the JPML motion no longer pending, there is no reason to postpone consideration of Plaintiffs' motion to consolidate for appointment of interim class counsel. Plaintiffs therefore request that the Court grant their motion in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to enter the proposed order submitted by Plaintiffs with their original motion for consolidation.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
CONSOLIDATE CASES AND APPOINT INTERIM CLASS
COUNSEL – Page 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 | DATED this 16th day of April, 2010.

KELLER ROHRBACK L.L.P.

By s/ Mark A. Griffin
   Mark A. Griffin, WSBA #16296
   Karin B. Swope, WSBA #24015
   1201 Third Avenue, Suite 3200
   *Seattle*, WA  98101
   Tel: (206) 623-1900
   Fax: (206) 623-3384

   Andrew N. Friedman
   Victoria S. Nugent
   Whitney R. Case
   COHEN MILSTEIN SELLERS & TOLL P.L.L.C.
   1100 New York Avenue, N.W., Suite 500 West
   Washington, DC  20005-3964
   Tel: (202) 408-4600
   Fax: (202 408-4699

   *Counsel for Plaintiffs Bruce Keithly, Donovan Lee and Edith Anna Cramer and Matthew Bebbington*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL – Page 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, I caused to be served a true and correct copy of the MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL on the following recipients via the method indicated:

Arthur W. Harrigan, Jr., WSBA #1751
Tyler Farmer, WSBA #39912
DANIELSON HARRIGAN LEYH &
TOLLEFSON, LLP
999 Third Avenue, Suite 4400
Seattle, Washington 98104
Telephone: (206) 623-1700

*Attorneys for Intelius, Inc and
    Intelius Sales, LLC*

☒ Via ECF
☐ Via Hand Delivery
☐ Via U.S. First Class Mail
☐ Via facsimile to (206) 623-8717
☐ Via email to:
    arthurw@dhlt.com; and
    tylerf@dhlt.com

DATED this 16th day of April, 2010.

s/Karin B. Swope
Karin B. Swope

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
CONSOLIDATE CASES AND APPOINT INTERIM CLASS
COUNSEL – Page 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384