THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY, DONOVAN LEE, and EDITH ANNA CRAMER, individually and on Behalf of all Other Similarly Situated,, <br><br> Plaintiffs, <br><br> v. <br><br> INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLCS, A Nevada Limited Liability Company,, <br><br> Defendants. | Case No. C09-1485 RSL <br><br> **PLAINTIFFS' MOTION TO CONSOLIDATE CASES PRIOR TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO SUPPLEMENT THE *KEITHLY* COMPLAINT** <br><br> **Noted for Consideration: May 14, 2010** |

## I.   BACKGROUND

Plaintiffs Bruce Keithly, Donovan Lee, and Edith Anna Cramer (collectively "Plaintiffs"), through their counsel, seek additional facts contained in the *Bebbington* Complaint, filed in case number C10-500(RAJ) currently pending before the Honorable Richard A. Jones, to be considered in support of their opposition to Defendants' Motion To Dismiss.  On October 19, 2009, Plaintiffs Keithly, Lee and Cramer filed a class action complaint against Intelius (the "*Keithly* action").  On March 24, 2010, Plaintiff Matthew Bebbington filed a separate class action complaint against Intelius (the "*Bebbington* action").  The complaint in the *Bebbington*

PLAINTIFFS' MOTION TO CONSOLIDATE CASES PRIOR TO
MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION
TO SUPPLEMENT THE COMPLAINT
(C09-1485) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

action contains additional facts that were not available or not known by undersigned counsel at the time of filing the *Keithly* action.

On January 11, 2010, Defendants filed a motion to dismiss in the *Keithly* action. Dkt. #18. That motion was noted for consideration on March 8.

On April 1, 2010, Plaintiffs filed a motion to consolidate the *Keithly* action with the *Bebbington* action. In response, Defendants did not oppose the consolidation motion, but rather asked that it "not delay or otherwise impact" Intelius' pending Motion to Dismiss. Doc. #41 at 2. The motion to consolidate is noted for consideration on April 16, 2010.

On April 20, 2010, Defendants answered the complaint in the *Bebbington* action. *See* Dkt. #10 in the *Bebbington* action, C10-500(RAJ). By asking the Court to rule on the pending motion to dismiss, and then consolidate the actions, Defendants have created the procedural posture whereby the Court may dismiss the *Keithly* action prior to consolidating and considering the facts alleged in the *Bebbington* action. Plaintiffs request that the Court consolidate the actions and merge the complaints such that it consider the facts of: (1) Congressional testimony explaining industry practices, marketplace norms, and consumer expectations in e-commerce; (2) that Intelius hired psychologists and behavioral specialists specifically to design the web pages to hit human psychological cues and to obfuscate any purported disclosures, in an effort to cause Plaintiffs and class members to inadvertently enroll in the Negative Options Programs; and (3) Intelius' October 19, 2009 Form S-1 filed with the SEC. These facts were not known at the time of filing the *Keithly* complaint. Alternatively, in the event the Court decides not to consolidate the two actions, Plaintiffs hereby move to supplement the complaint to add the above referenced facts to the *Keithly* Complaint. A Supplemental Complaint is attached as Exhibit A to the Swope Declaration, filed herewith.

PLAINTIFFS' MOTION TO CONSOLIDATE CASES PRIOR TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SUPPLEMENT THE COMPLAINT
(C09-1485) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Though Plaintiffs made this request to consider these additional facts in its reply brief on a motion to consolidate, procedurally such a request may not be properly before the Court. Accordingly, out of an abundance of caution that the Court incorporate and consider all the relevant alleged facts prior to ruling on the *Keithly* motion to dismiss, Plaintiffs file the instant motion. If the Court were to rule only on the *Keithly* action prior to consolidation, Plaintiffs have a well-founded concern that the Court would not consider all relevant facts prior to possibly dismissing the case. The facts alleged in the *Bebbington* complaint are relevant to the *Keithly* action, and may only be considered on the motion to dismiss if the motion to consolidate is granted. Moreover, Defendants' decision to answer the *Bebbington* complaint casts the *Keithly* motion to dismiss in a suspicious light. If the motion to consolidate is denied, Plaintiffs request the Court grant Plaintiffs' motion to file the attached Supplemental Complaint. In the interests of efficiency, Plaintiffs simply request the Court consider all the relevant facts prior to ruling on a dispositive motion.

## II.    ARGUMENT

It is well-recognized that "a district court possesses the inherent power to control its docket and promote efficient use of judicial resources." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.2007) (citing *Landis v. North Amer. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936)). The ability of the Court to consolidate and merge the two actions prior to ruling on a motion to dismiss is within the sound discretion of the district court's inherent power to control its docket.

In the event that the Court decides to deny Plaintiffs' unopposed motion to consolidate the Complaint, or decides to rule on the Motion to Dismiss prior to the Motion to Consolidate, Plaintiffs request leave to file a supplemental complaint alleging the following facts: (1) the

PLAINTIFFS' MOTION TO CONSOLIDATE CASES PRIOR TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SUPPLEMENT THE COMPLAINT
(C09-1485) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Congressional testimony supporting the deceptiveness of Intelius' post-transaction marketing, *see Bebbington* Complaint at ¶¶ 30-33; (2) the Defendants hiring of behavioral psychologists to encourage consumers to miscue on the Intelius website, *see Bebbington* Complaint at ¶ 22; and (3) Intelius' October 19, 2009 Form S-1 filed with the SEC, in which Intelius acknowledges that its post-transaction marketing is the focus of consumer complaints and the subject of investigations by the Washington State Attorney General. *See Bebbington Complaint* at ¶ 28.

Rule 15(d) permits a party to move to supplement a pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." This District Court recognizes that "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Dominguez v. Isip*, No. 08-1581, 2009 WL 1175317, at *1 (W.D. Wash. May 1, 2009) (quoting *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir.1981)). Generally, a motion to supplement may be presented at any time before trial, so long as it is reasonably prompt so as to provide notice to the opposing party. *See* 6A WRIGHT, MILLER & KANE, *Federal Practice and Procedure* § 1509 (2d ed. 1990). Granting of motion to file supplemental pleading is within the broad discretion of the trial court, but the Rule has been liberally construed and "[m]otions to amend pursuant to Rule 15(d) should be granted unless undue prejudice to the opposing party will result." *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986).

Plaintiffs' motion to file a Supplemental Complaint falls squarely within the accepted parameters for supplementation contained in Rule 15(d) and, therefore, should be granted. Specifically, and although possibly known by Intelius, all of the new facts occurred or became known to Plaintiffs after the October 22, 2009 filing of the *Keithly* action. Thus, the new facts

PLAINTIFFS' MOTION TO CONSOLIDATE CASES PRIOR TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SUPPLEMENT THE COMPLAINT
(C09-1485) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

were not known or discoverable to Plaintiffs before filing the *Keithly* action. Furthermore, there has been no meaningful delay on the part of Plaintiffs to make these facts known to the Court or seek leave to supplement the Consolidated Amended Complaint, and supplementation of the Consolidated Amended Complaint will not prejudice Defendants in any way. This case is in the early stages of litigation. Indeed, Plaintiffs have not yet received any discovery due to Defendants' refusal to produce documents requested by Plaintiffs. *See* Defs' Motion for Stay, Dkt #45. Defendants have already had the opportunity to respond to most of the new factual allegations, as they were included in Plaintiffs' opposition to the motions to dismiss.[1]

Finally, leave to file the Supplemental Complaint will not delay or inconvenience trial. There is very little chance that the new factual allegations in the Supplemental Consolidated Complaint could meaningfully or adversely inconvenience the trial, given the early stage of this litigation.

### III.   CONCLUSION

In sum, Plaintiffs request the Court consider the motion to consolidate, though noted six weeks later, prior to adjudicating the pending Motion to Dismiss. Alternatively, if the Court denies Plaintiffs' motion to consolidate, Plaintiffs request leave to file a supplemental complaint in the *Keithly* action in order to incorporate the additional facts alleged in the *Bebbington* Complaint into the *Keithly* action.

---

[1] Plaintiffs raised the Congressional testimony facts in its Opposition to Defendants' Motion to Dismiss, and asked the court to take judicial notice of it. Pls Opp. to Defs' Mtd to Dismiss, Dkt #26 at p. 12-14 and fn 4. Plaintiffs did not raise the allegation of Intelius hiring behavioral psychologists in its opposition brief to the motion to dismiss.

PLAINTIFFS' MOTION TO CONSOLIDATE CASES PRIOR TO
MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION
TO SUPPLEMENT THE COMPLAINT
(C09-1485) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 | DATED this 29th day of April, 2010.

By /s/ Karin B. Swope
Mark A. Griffin, WSBA #16296
Karin B. Swope, WSBA #24015
1201 Third Avenue, Suite 3200
KELLER ROHRBACK L.L.P.
Seattle, WA  98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Andrew N. Friedman
Victoria S. Nugent
Whitney R. Case
COHEN MILSTEIN SELLERS & TOLL P.L.L.C.
1100 New York Avenue, N.W., Suite 500 West
Washington, DC  20005-3964
Tel: (202) 408-4600
Fax: (202 408-4699

*Counsel for Plaintiffs Bruce Keithly, Donovan Lee and Edith Anna Cramer*

PLAINTIFFS' MOTION TO CONSOLIDATE CASES PRIOR TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SUPPLEMENT THE COMPLAINT
(C09-1485) Page - 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2010, I caused to be served a true and correct copy of the PLAINTIFFS' MOTION TO CONSOLIDATE CASES PRIOR TO MOTION TO DISMISS OR, IN THE ALTERNATIVE TO SUPPLEMENT THE *KEITHLY* COMPLAINT on the following recipients via the method indicated:

Arthur W. Harrigan, Jr., WSBA #1751
Tyler Farmer, WSBA #39912
DANIELSON HARRIGAN LEYH & TOLLEFSON, LLP
999 Third Avenue, Suite 4400
Seattle, Washington 98104
Telephone: (206) 623-1700

*Attorneys for Intelius, Inc and
   Intelius Sales, LLC*

☒ Via ECF
☐ Via Hand Delivery
☐ Via U.S. First Class Mail
☐ Via facsimile to (206) 623-8717
☐ Via email to:
      arthurw@dhlt.com; and
      tylerf@dhlt.com

DATED this 29th day of April, 2010.

/s/Karin B. Swope
Karin B. Swope

PLAINTIFFS' MOTION TO CONSOLIDATE CASES PRIOR TO MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO SUPPLEMENT THE COMPLAINT
(C09-1485) Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384