UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY, DONOVAN LEE, and EDITH ANNA CRAMER, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company, <br><br> Defendant. | No. C09-1485RSL <br><br> **CLASS ACTION AMENDED COMPLAINT FOR VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT AND FOR DECLARATORY RELIEF** <br><br> **<u>JURY TRIAL DEMAND</u>** |

## I. NATURE OF ACTION

Plaintiffs Bruce Keithly, Donovan Lee, and Edith Anna Cramer, individually and on behalf of a class of similarly situated parties, complain and allege the following:

1. Intelius, Inc. and its wholly-owned subsidiary/affiliate, Intelius Sales LLC, (collectively, Intelius, Inc. and Intelius Sales LLC are referred to as "Intelius") market products and services on the Internet. Among the services Intelius offers on the Internet are "reverse" cell phone and land-line directories, "people search" directories and "background check" information. When class members sign up for such services, they provide their credit/debit card information. Through Intelius' misleading "in-cart marketing" and "post-transaction marketing" efforts on its website, when the consumer purchases an Intelius product, the consumer also unknowingly enrolls in a subscription-based service with Intelius

Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

or Adaptive Marketing, LLC.  The details and/or benefits of those subscription services generally are never made known to the consumer, yet the consumer is then later billed a significant monthly fee -- often $19.95/month -- in perpetuity.

2. The situation described above is a result of a July 10, 2007 marketing agreement (the "Marketing Agreement") between Intelius Sales, LLC and Adaptive Marketing that provides for Intelius to transmit to Adaptive all the credit card and customer information it receives from selling Intelius products.  For its part, Adaptive pays Intelius -- an undisclosed fee for each customer.  In this way, Adaptive is able to foist unwanted services (and the related monthly charges) on unsuspecting consumers without full or adequate disclosure.  Upon information and belief, this alliance between Intelius and Adaptive has caused consumers to unknowingly pay Adaptive (and thus, indirectly, Intelius) millions of dollars in non-existent and/or unwanted services.

3. Plaintiffs, on behalf of themselves and all others similarly situated, bring claims against Defendants based on Defendants' practice of collecting money from consumers through the deceptive practice involving the promotion and delivery of unordered subscriptions by Intelius and Adaptive.  Defendants' conduct constitutes a violation of the Washington Consumer Protection Act.

## II.    JURISDICTION AND VENUE

4. This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332. In the aggregate, the claims of Plaintiffs and the members of the Class exceed the jurisdictional minimum amount in controversy of $5,000,000.00, exclusive of costs and interests, 28 U.S.C. § 1332(d)(2)(A) and § 1332(6).  Additionally, this is a class action in which some of the members of the Class are citizens of a different state than the Defendants.

5. This Court has jurisdiction over Defendants because Intelius, Inc. maintains its principal headquarters in Washington.  Both Defendants conduct business in Washington, and otherwise intentionally avail themselves of the markets within Washington, through

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  promotion, marketing and sale of their products in Washington, rendering the exercise of

2  jurisdiction by this Court appropriate.

3        6.      Venue is proper in this District of Washington pursuant to 28 U.S.C. § 1391

4  because Defendants are domiciled in this District and/or because they provide services to

5  Class members located in this District, conduct substantial business in this District, or

6  otherwise have sufficient contacts with this District to justify them being fairly brought into

7  court in this District.

### III.    PARTIES

**A.    Plaintiffs**

10        7.      Plaintiff Bruce Keithly is a resident of Washington state.  In April 2009 Mr.

11  Keithly believed he purchased a background report search from Intelius for $39.95 using a

12  credit card.  Unbeknownst to him, at the time he purchased the Intelius report, Mr. Keithly

13  incurred a $19.95 charge for an "Identity Protect" service that he did not knowingly order.

14  When Mr. Keithly read his credit card statement he learned that he had been billed $39.95 for

15  the service he thought he had ordered, but he also discovered a $19.95 charge noted only as

16  "Intelius Subscription."  This $19.95 charge was for the "Identity Protect" service. Even after

17  calling to cancel the "Identity Protect" service -- and the Company refused to give him a

18  refund -- he was charged another $19.95 for this "service."

19        8.      Plaintiffs Donovan Lee and Edith Anna Cramer (collectively referred to as

20  "Lee/Cramer") are domestic partners and residents of Ohio.  In June 2008, Plaintiffs

21  Lee/Cramer paid for a search report from Intelius using a credit card.  Unbeknownst to them,

22  at the time they purchased the Intelius report, Plaintiffs Lee/Cramer incurred monthly charges

23  for unordered services.  The services -- which were each billed to the Plaintiffs' credit card at

24  $19.95 per month -- appeared on the credit card statements as "Family Protect," "AP9*Family

25  Safety Repo-V" and "Intelius Subscription."  As a result, Plaintiffs Lee/Cramer were

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

wrongfully charged hundreds of dollars for a service that they did not knowingly order and which provided them no benefits.

## B.    Defendants

9.    Defendant Intelius, Inc. is a Delaware Corporation with its principal place of business at 500 108th Avenue, NE, 25th Floor, Bellevue, WA 98004.  Intelius provides intelligence services to consumers over the Internet.  At all times relevant to this complaint, Intelius controlled Intelius Sales, LLC on a day-to-day basis.  Upon information and belief, Intelius, Inc. owns and operates the Intelius.com website and receives a substantial portion of the monies obtained by Intelius Sales from Adaptive as the result of the Marketing Agreement described above.

10.    Defendant Intelius Sales, LLC ("Intelius Sales") is a Nevada limited liability company with its principal place of business at 500 108th Avenue, NE, 25th Floor, Bellevue, WA 98004.  Intelius Sales is a wholly-owned subsidiary/affiliate of Intelius, Inc. and was party to the Marketing Agreement with Adaptive Marketing described above.

### IV.    SUBSTANTIVE ALLEGATIONS

## A.    Intelius Improperly Enrolls Class Members for Monthly "Subscriptions," Netting Defendants Millions of Dollars

11.    Describing itself as an "information commerce company," Intelius provides on-line intelligence services and search and marketing services to consumers and enterprises.  Among other things, Intelius generates revenue from consumers who purchase its intelligence services on a pay-per-use basis.

12.    Among other products, Intelius offers such services as "reverse" cell phone directories, identity protection services and "background checks."  Intelius sells its services through its network of websites, which Intelius claims was one of the top 100 most visited web properties in the U.S. for April 2008.  According to Intelius, it has established relationships with leading online portals and directories, including Idea, Microsoft, Yahoo! and YELLOWPAGES.COM, that market its services on their websites and direct visitors to

Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Intelius websites. According to Intelius, since its inception in January 2003, it has processed more than 16 million orders and over four million customer accounts have purchased its services.

14. Although Intelius derives revenue by directly offering services to customers, it also derives substantial revenue from "in-cart marketing" and "post-transaction marketing."

13. When a consumer purchases an Intelius service, Intelius makes available an "Intelius Consumer Site Terms and Conditions" page which purportedly governs the use of the Intelius databases. According to the terms and conditions, the Agreement is governed by Washington law.

15. "In-cart marketing" and "post-transaction marketing" have several deceptive features in common, including (1) an offer made after the customer has selected the product(s) he wants; (2) confusing incentives; (3) disclosures minimized on the screen and buried in the middle of the transaction and not repeated at the end of or in confirmatory emails; (4) negative pricing and/or free-to-pay conversion features; and (5) billing done in amounts and under names that make detection less likely.

16. "In-cart marketing" is a process by which Intelius offers other services to customers, when offering a discount on the purchase price of the previous selected Intelius product, and without an explanation until later webpages that the additional service is "free" only for a set period of time. The consumer's credit or debit card is then later billed, often 7 days later, if the consumer does not actively cancel the service, and is billed thereafter on a monthly basis. This is called "free-to-pay" conversion feature.

17. "Post-market marketing" is the process by which Intelius offers at least one third party, Adaptive Marketing ("Adaptive"), the opportunity to use Intelius' website for purchase after the consumer has completed his or her transaction of purchasing an Intelius product. Adaptive offers a variety of membership programs (the "Adaptive Programs") on the

Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Internet. Among the Adaptive Programs are: "24 Protect Plus," "Privacy Matters," "ValueMax," and "Family Safety."

18. Pursuant to the July 10, 2007 Marketing Agreement, when Plaintiffs and any member of the Class pay for one of the Intelius services, Intelius then transfers the consumers' credit/debit card and other billing information to Adaptive. Plaintiffs and Class members are then surreptitiously enrolled in one or more of the Adaptive programs, and are billed for these unwanted services on a monthly basis.

19. While Adaptive may be a separate entity purportedly providing these services to consumers, the consumers end up with these unwanted services through the direct actions of Intelius via the Intelius websites, and the language on the Intelius website has the tendency to mislead customers into unknowingly signing up for these Adaptive Programs. As explained in a March 2009 "Seattle Weekly" article:

> [M]any users apparently failed to realize they are giving such consent, and it's easy to see why. Say you do a "people search" through Intelius, a service that costs $1.95 and provides an individual's phone numbers, addresses, birthday, relatives, and other information. After you enter your credit-card number, a page comes up thanking you for your order in big, bold type. In somewhat smaller and less-bold type, it also says you can get $10 back as a member of ValueMax (an Adaptive program offering discounts at stores like Kmart and Bed Bath & Beyond). In really small, regular type, it tells you that membership will entail your credit card being charged $19.95 a month after a "7-day FREE trial period."
>
> Remember, you still haven't gotten access to the information you paid for. To get it, you have two choices: Click on the big orange rectangle, off to the side of all these instructions that says "YES, and show my report," or click on the small black one-line link that says "No, show my report." The YES button is what gets you monthly ValueMax fees.

20. A May 2008 "TechCrunch" article describes an equally deceptive manner by which Intelius causes consumers to unknowingly "order" Adaptive products:

> Every time a customer buys a product at Intelius, they are shown a page telling them "Take our 2008 consumer Credit Survey and claim $10.00 CASH BACK with Privacy Matters Identity." The user is then shown two survey questions and asked to enter their email and click a large orange button. They can choose to skip the survey by clicking on a small link at the bottom of the page.
>
> Undoubtedly a lot of consumers do the survey and move forward to the next page -- it only takes a second. But what most people don't do is read the fine print,

Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

which gives no real details on the $10 cash back (in fact, it is never mentioned again, anywhere). Instead, in light gray small text, users are told that by taking the survey they are really signing up to a $20/month subscription. Intelius forwards your personal information, including your credit card, to Adaptive marketing. The next day a $20 charge appears on your credit card, and each month afterwards.

\* \* \*

Of course you never hear from Adaptive Marketing again (why take a chance that you'll wonder who they are). Instead, the credit card charges keep coming, and the company obviously hopes you never notice.

This survey is quite literally a complete and total scam. And since users continue to pay forever (or until they try to stop it), the contribution to Intelius' revenue grows significantly over time.

21.   Defendants' process of "post-transaction marketing" of the Negative Option Programs uniformly proceed as follows:

(a)   Consumers select from a menu of Requested Information from Intelius.com and add them to their online shopping cart;

(b)   Customers enter their credit/debit card and billing information on an order confirmation page and purchase the Requested Information by clicking a button that states "Complete the Purchase and Show My Report.";

(c)   Before the Intelius.com website provides customers their report containing the Requested Information, the Intelius.com website takes them to an "interstitial" page—a web page that is displayed before or after an expected content page—containing the post-transaction upsell marketing for the Negative Option Programs. The interstitial page for the Programs requires customers of www.intelius.com to affirmatively decline the Negative Option Program offer in order to avoid being enrolled and charged, and to confirm their prior purchase of the Requested Information;

(d)   If the consumer enters their email address and clicks a large, prominent red button on the interstitial page stating: "YES, And show my report" (the "Confirmation Button"), they are taken to another page containing their Requested Information. Defendants do not further

Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

mention the Negative Option Program(s) on the Intelius.com website, or provide any kind of confirmation of the purported enrollment or transcription receipt.

22.    Defendants' interstitial page for the Negative Option Programs uses the following (non-exhaustive) tactics, which, taken together or separately, make the page likely to deceive a reasonable consumer;

(a)    Prominently featuring, and highlighting certain language on the interstitial page in large font size, and color highlights, including (1) "Thank You your order has been successfully completed" above "$10.00 CASH BACK," or (2) "FREE CREDIT REPORT" above "Please type in your email address below" above a large button stating "YES, And show my report." These highlighted statements distract attention away from any purported disclosures concerning the Negative Option Programs;

(b)    Using a confirmation button that misleadingly states "YES, And show my report" instead of the button Intelius uses for the Requested Information order confirmation page: "Complete the Purchase and Show My Report" that creates the impression that the interstitial page is part of consumers' prior purchase of the Requested Information;

(c)    Failing to format the "No, show my report" link on the interstitial page to appear as a button or the appearance of an internet link, and using small grey lettering that blends in with the page background;

(d)    Obfuscating any purported disclosures in gray lettering no larger than approximately half the size of other highlighted information;

(e)    Burying key language concerning the cost, charge to the credit/debit card used to purchase Requested Information, the "free-to-pay" conversion feature, and phone number to cancel the Negative Option Program below unrelated text, in the middle of a block paragraph with extremely low readability scores that require high levels of sophistication and/or education to understand;

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(f) Using "preacquired account information" and the entry of an email address as a proxy for re-entering payment information to confirm acceptance of the Programs; and

(g) Offering the Programs on a "free-to-pay" basis.

23. On information and belief, and as alleged in another action against Intelius, Intelius hires psychologists and behavioral specialists to carefully design the interstitial page to hit human psychological cues and obfuscate any purported disclosures, in an effort to cause Plaintiff and the Class to inadvertently enroll in the Negative Opinion Programs. Testimony before the U.S. Senate similarly discusses how websites such as Intelius' architecture "is effective in achieving deception by exploiting a series of well-known psychological biases that impede consumers' abilities to make fully informed choices in online and offline settings."[1]

24. The language contained on the Intelius websites has the capacity to deceive a substantial portion of the public to initially purchase Adaptive products. Moreover, pursuant to the terms of the Marketing Agreement, Intelius makes it difficult for the reasonable consumer to inquire about or cancel the Adaptive Program even when the consumer discovers that he/she is being charged for the Adaptive Program. For example, the Marketing Agreement specially prohibits Intelius from communicating with any customer with respect to an Adaptive Program, without Adaptive's prior written consent. Moreover, the Adaptive Programs are sometimes also listed on the consumer's charge card bill as an "Intelius Subscription" or "Intelius.com" charge, thereby further obfuscating what the charge constitutes.

25. Intelius thus enrolls Plaintiffs and the Class members into Adaptive Programs without adequately disclosing, among other things: (1) that the consumers are being enrolled in the Adaptive Programs without their authorization or consent; (2) the amount of the recurring charges by Adaptive and/or Intelius; (3) the terms and conditions involved in the Adaptive Programs; and (4) the manner by which the consumer may cancel those services.

---

[1] See Statement of Robert Meyer, presented to the United States Senate Committee on Commerce and Transportation, November 17, 2009.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

26. The fact that Intelius website marketing of Adaptive Programs is plainly deceptive to a substantial portion of the public is borne out in, among other things, the hundreds -- if not thousands -- of complaints received by the Washington State Attorney General office and the Better Business Bureau. The Washington State AG is actively investigating Intelius for the unfair and deceptive practices alleged herein.

27. The Intelius site is so deceptive, that even "sophisticated" consumers are being misled. As reported in the "Seattle Weekly" article:

> Stephen Kropp of Renton says he inadvertently signed up for an Intelius identity-theft subscription last summer after purchasing a phone number from the company. Sometime later, he says, he noticed a $19.95 charge on his debit card. Looking through past statements, he realized the company had been charging him for six moths, collecting a total of $120. "I just wanted a phone number," says Kropp. "The service they were offering was completely unrelated to what I was asking for" and hadn't provided him any benefits that he could see. He says Intelius initially refused to refund all but one month of the fees, but agreed to return the rest after he wrote to [the Attorney General's] office.
>
> Like many of those complaining, Kropp is not a computer neophyte. A civil engineer, he works for an environmental consulting firm called Entrix, where he designs salmon habitat restoration projects, among other things -- all using software, of course. "I'm pretty much a computer nerd," he says.
>
> That's the thing that bothers Brenda Piampiano, a Maine attorney who was hit with $40 worth of charges for an Adaptive service she says she never intentionally signed up for. The service is called "Family Safety," and promises to allow consumers the ability to monitor sex offenders in their neighborhoods. "I'm a relatively savvy person with a law degree, and I use the computer absolutely all the time," she says. "I feel like if I can get taken into these things, anybody can."

28. Intelius derives substantial revenue as the result of its deceptive sale of Adaptive Programs. According to its SEC data, by the end of first quarter 2008, 38.9% of Intelius' revenue was the result of its agreement with Adaptive.

29. Intelius' October 19, 2009 Form S-1 filed with the SEC (the "Form S-1"), states that:

> Sales of ... post-transaction advertising of other subscription services, appear to be the focus of many customer complaints, and our efforts to reduce the incidence of complaints may also reduce our revenues from ... our advertising.
>
> * * *

Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

> [W]e are currently on probation with one of our payment card associations as a result of elevated levels of chargebacks.
>
> * *
>
> The office of the Washington State Attorney General has started a formal inquiry, including depositions of some of our executives, about some of our business practices, particularly those involving our business relationship with Adaptive Marketing and associated with our sales of subscription services.

30.     Defendants recognize that the misleading manner in which the Negative Option Programs are disclosed, and by which customers are enrolled therein is the primary reason for the revenue resulting from these Negative Option Programs. Intelius' Form S-1 states that: "if the manner in which [Adaptive] advertises its services on our websites is changed so that fewer customers accept the offers, our financial results could be harmed."

**B.     CONGRESSIONAL TESTIMONY AND FINDINGS SUPPORTS THE DECEPTIVENESS OF INTELIUS' POST-TRANSACTION MARKETING**

31.     On November 16, 2009, the Senate Committee on Commerce, Science and Transportation, Office of Oversight and Investigations issued a Staff Report for Chairman John D. Rockefeller on post transaction marketing titled Aggressive Sales Tactics on the Internet and Their Impact on American Consumers (the "Rockefeller Report" by the "Senate Committee"). The Rockefeller Report was followed by a hearing on the matter before the entire Senate Committee. The Rockefeller Report focused on, *inter alia*, Adaptive and its parent company, Vertrue, Inc., and concluded that "It is clear at this point that [Adaptive] use[s] highly aggressive sales tactics to charge millions of American consumers for services the consumers do not want and do not understand they have purchased."

32.     On November 17, 2009, Robert Meyer, a professor of marketing at the Wharton School testified before the United States Senate Committee on Commerce and Transportation. Professor Meyer specifically targeted the Intelius website as an example of deceptive post-transaction sales tactics, attaching Intelius' webpages and highlighting step by step how Intelius deceives its customers.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

33.     Also on November 17, 2009, Robert McKenna, the Washington State Attorney General submitted testimony about the state's investigation into certain Internet companies. The Washington State AG's office is currently conducting an investigation of Intelius, and has conducted depositions of Intelius executives. Mr. McKenna, describing Intelius' website, testified in a prepared statement that:

> After a consumer places an order for a product or service and enters his or her payment information on an ecommerce site, an offer for $10 cash back for filling out a survey appears on the screen. The impression left on the consumer by the Web page is that he or she should fill in the survey, enter his or her email address (sometimes twice) and click on the button to complete his or her purchase and claim the $10 cash back. In fact, by clicking on the button, the consumer is purportedly agreeing to be enrolled in a free trial for a membership program that will be charged automatically on a recurring monthly (or, in some cases, annual) basis to the account the consumer used to make the purchase of the product or service. The fine print on the Web page discloses that by clicking on the button associated with completing the purchase or submitting the survey, the consumer is purportedly authorizing the e-commerce site to transmit the consumer's financial account information to an undisclosed third party. Despite the disclosures, the offer misleads consumers into believing that the offer is for $10 cash back for taking a survey, not an offer for a trial in a membership program, which is the "true" offer and is disclosed only in the fine print. In general, the offers appear to be coming from the e-commerce site and do not disclose the third party that is actually making the offer.
>
> The Washington Attorney General's Office has been able to identify several hundred consumer complaints filed with our office in the last two years alone that involve the consumer having been enrolled in a membership program without his or her knowledge and having been automatically billed for the program without his or her authorization.
>
> Based upon these complaints and extensive investigations, we have observed a number of significant problems with this form of marketing, including:
>
> 1. Consumers do not expect that the financial account information that they provide for one transaction will result in ongoing charges placed by a third-party company;
>
> 2. Consumers have difficulty identifying and contacting the seller of the membership program to cancel or otherwise terminate any ongoing or recurring obligation because the sellers frequently do not identify themselves in the offers;
>
> 3. Sellers use a variety of distractions to obscure the "true" offer, e.g., offering cash back on the consumer's primary purchase and using "consumer surveys"; and

Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4. The use of words "free" or "trial offer" to market free-to-pay conversions leads consumers to believe that they do not have to take further action in order to avoid ongoing charges.

34. The Senate Committee in a 35-page investigative report, "Aggressive Sales Tactics on the Internet and Their Impact on American Consumers" outlines the process by which aggressive online sales tactics, such as those used by Intelius, dupes consumers. The Staff Report states that Intelius has received over $10 million in income from post-transaction marketing.

## V.  CLASS ACTION ALLEGATIONS

35. Plaintiffs and the Class reallege the proceeding paragraphs as if fully set forth herein.

36. This class action is brought and may be maintained under Fed. R. Civ. P. 23 (b)(2) and (b)(3). Plaintiffs bring this action on behalf of the following nationwide class:

> All persons located within the United States who provided credit, or debit card information to an Intelius website from July 17, 2007 to the present and thereafter had charges debited to such card by or for the benefit of Intelius and/or Adaptive Marketing LLC without the consumers' prior informed authorization or consent.

37. Plaintiffs reserve the right to modify the class definition before moving for class certification, including a reservation of the right to seek to certify subclasses, if discovery reveals that modifying the class definition or seeking subclasses would be appropriate.

38. Excluded from the Class are governmental entities, Defendants, Defendants' affiliates, agents, parents, subsidiaries, employees, officers, directors, and immediate family members. Also excluded from the Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

39. Plaintiffs do not know the exact number of Class members, because such information is within the exclusive control of Defendants. Intelius boasts that it has sold to over four million customer accounts. The members of the Class include Washington residents and are so numerous and geographically dispersed across the United States that joinder of all Class members is impracticable.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

40.     Defendants have acted with respect to the Class in a manner generally applicable to each Class member. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members. The questions of law or fact common to the Class predominate over any questions affecting only individual members and include, but are not limited to, the following:

A.     Whether Defendants misstated, omitted or concealed material facts concerning the Adaptive Programs, and whether such misstatements, omissions or concealment of material facts deceived, or are likely to mislead and deceive consumers using Intelius websites;

B.     Whether Defendants' acts and omissions as described above constitute a violation of the Washington Consumer Protection Act (the "CPA");

C.     Whether Plaintiffs and the members of the Class have been damaged by Defendants' wrongs complained of herein, and if so, whether Plaintiffs and the Class are entitled to injunctive relief;

D.     Whether Plaintiffs and the members of the Class have been damaged by Defendants' wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

E.     Whether treble damages should be awarded to Plaintiffs and the members of the Class for Defendants' violations of the Washington CPA, as alleged herein;

F.     Whether Plaintiffs and the members of the Class should be awarded attorneys' fees and the costs of suit for Defendants' violation of the Washington CPA, as alleged herein; and

G.     Whether Plaintiffs and the members of the Class are entitled to declaratory relief for Defendants' statutory violations alleged herein.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

41. Plaintiffs' claims are typical of the claims of the other members of the Class in that all members of the Class have been harmed in substantially the same way by Defendants' acts and omissions.

42. Plaintiffs are each an adequate representative of the Class. Plaintiffs are committed to prosecuting this action and have retained competent counsel experienced in litigation of this nature. Plaintiffs seek no relief that is antagonistic or adverse to other members of the Class.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class. Moreover, litigation on an individual basis could be dispositive of the interests of absent Intelius customers, and substantially impair or impede their ability to protect their interests.

44. In view of the complexity of the issues presented and the expense that an individual Plaintiff would incur if he or she attempted to obtain relief from Intelius, the individual claims of Class members are monetarily insufficient to support separate actions. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of in this Complaint.

45. Plaintiffs do not anticipate any difficulty in managing this action as a class action. The identities of the Class members are known by Defendants, and the measure of monetary damages can be calculated from Defendants' records. The claims will be governed under Washington law in accordance with Intelius's Terms and Conditions. This action poses no unusual difficulties that would impede its management by the Court as a class action.

Page - 15

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## VI. CLAIMS FOR RELIEF

### A. FIRST CAUSE OF ACTION

#### 1. Violation of Chapter 19.86 RCW, Washington Consumer Protection Act (Against All Defendants)

46. Plaintiffs and the Class reallege the preceding paragraphs as if fully set forth herein.

47. This cause of action is asserted on behalf of Plaintiffs and the Class.

48. The Washington Consumer Protection Act, RCW 19.86 *et seq.,* provides consumers with a comprehensive procedure for redressing Defendants' unfair or deceptive business practices.

49. RCW 19.86.090 provides a private right of action to any person injured in his property by an "unfair or deceptive act or practice."

50. Defendants' acts and omissions as alleged herein violate the Washington CPA because they: (1) are unfair or deceptive acts or practices; (2) are committed in the course of Defendants' business; (3) have a pervasive public interest impact and have the potential to deceive a substantial portion of the public; and (4) have caused injury to Plaintiffs in their business and/or property and the members of the Class.

51. As a result of Defendants' deceptive acts and practices as alleged herein. Plaintiffs and the members of the Class paid for unwanted and unused services. Defendants' actions and inactions as alleged herein are the proximate cause of injury to Plaintiffs and the Class in an amount to be proven at trial.

52. Pursuant to RCW 19.86.090, Plaintiffs seek damages on behalf of themselves and each Class member against all Defendants for Plaintiffs' actual damages sustained as a result of Defendants' actions and inactions alleged herein, in an amount to be determined at trial, but not less than $5,000,000, as well as the costs of this suit and reasonable attorneys' fees.

Page - 16

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

53. Further, pursuant to RCW 19.86.090, Plaintiffs seek treble damages on behalf of themselves and each Class member for their actual damages sustained as a result of Defendants' unfair and deceptive acts in the amount to be determined at trial, but not less than $5,000,000.

**B.    SECOND CAUSE OF ACTION**

**1.    Declaratory Relief Under the Declaratory Judgments Act, 28 U.S.C. § 2201(Against All Defendants)**

54. Plaintiffs and the Class reallege the preceding paragraphs as if fully set forth herein.

55. Defendants' sign-up statements on the Intelius websites have a tendency to mislead and deceive members of the Class.

56. Plaintiffs are entitled to have this Court establish by declaration their rights and legal relations under the Washington CPA.

**VII.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request for themselves and the members of the Class that the Court enter an order and judgment against Defendants as follows:

1. Allowing this action to be brought as a Class action pursuant to Fed. R. Civ. P. 23(b)(2) or 23(b)(3);

2. Adjudging and decreeing that Defendants have engaged in the conduct alleged herein;

3. Declaring that Defendants have violated the Washington CPA by their unfair and deceptive business acts or practices that have caused injury to Plaintiffs and the members of the Class;

4. Awarding Plaintiffs and the Class actual damages for Defendants' violations of the Washington CPA;

5. Awarding Plaintiffs and the Class treble damages under the Washington CPA;

6. Awarding Plaintiffs and the Class injunctive and declaratory relief against all Defendants for violation of the Washington CPA;

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

7. Awarding Plaintiffs and the Class injunctive and declaratory relief against all Defendants to ensure that Defendants will not continue to market services with deceptive or materially misleading information;

8. Awarding Plaintiffs and the Class injunctive and declaratory relief against all Defendants to ensure that Defendants will not continue to engage in unfair or deceptive business acts or practices;

9. Awarding Plaintiffs and the Class restitution damages for Defendants' unfair and deceptive acts and practices in violation of the Washington CPA;

10. Awarding Plaintiffs and the Class pre- and post-judgment interest at the highest allowable rate;

11. Awarding Plaintiffs and the Class their costs and expenses;

12. Awarding Attorneys' fees pursuant to the Washington CPA, the Common Fund Doctrine, as set forth by statute, or as otherwise allowed by law; and

13. Granting such other and further relief as this Court may deem just and proper, and equitable.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 10th day of May, 2010.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

By /s/ Mark A. Griffin
  Mark A. Griffin, WSBA #16296
  Karin B. Swope, WSBA #24015
  1201 Third Avenue, Suite 3200
  KELLER ROHRBACK L.L.P.
  Seattle, WA 98101
  Tel:(206) 623-1900
  Fax: (206) 623-3384

  Andrew N. Friedman
  Victoria S. Nugent
  Whitney R. Case
  COHEN MILSTEIN SELLERS & TOLL
  P.L.L.C.
  1100 New York Avenue, N.W., Suite 500 West
  Washington, DC 20005-3964
  Tel: (202) 408-4600
  Fax: (202 408-4699

  *Counsel for Plaintiffs Bruce Keithly, Donovan Lee and Edith Anna Cramer*

Page - 19

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2010, I caused to be served a true and correct copy of the PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY on the following recipients via the method indicated:

| | |
|---|---|
| Arthur W. Harrigan, Jr., WSBA #1751<br>Tyler Farmer, WSBA #39912<br>DANIELSON HARRIGAN LEYH & TOLLEFSON, LLP<br>999 Third Avenue, Suite 4400<br>Seattle, Washington 98104<br>Telephone: (206) 623-1700<br><br>*Attorneys for Intelius, Inc and Intelius Sales, LLC* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via U.S. First Class Mail<br>☐ Via facsimile to (206) 623-8717<br>☐ Via email to:<br>    arthurw@dhlt.com; and<br>    tylerf@dhlt.com |

DATED this 10th day of May, 2010.

/s/ Mark A. Griffin
Mark A. Griffin

Page - 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384