THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY, DONOVAN LEE, and EDITH ANNA CRAMER, Individually and on Behalf of all Other Similarly Situated,<br><br>                      Plaintiffs,<br><br>    v.<br><br>INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company,<br><br>                      Defendants. | No. C09-1485 RSL<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY |

## I.   INTRODUCTION AND RELIEF REQUESTED

Plaintiffs submit this memorandum in opposition to Defendants Intelius Inc. and Intelius Sales Company LLC's (collectively "Intelius" or "Defendant") motion for (1) temporary stay of discovery and (2) conditional request for bifurcation of discovery. *See* Dkt. #45. Defendant had ample opportunity to request a stay from Plaintiffs and from the Court in the parties' Joint Status Report submitted to the Court on March 16, 2010. *See* Dkt. #37. Nevertheless, Defendant did not make such a request. Coupled with the fact that the Court has already issued a scheduling order in which firm deadlines have been set with respect to trial dates and when Plaintiffs' motion for class certification is due, Defendant's attempt to now argue that a stay is warranted is

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY
(09-CV-1485) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

completely unjustifiable. Plaintiffs would be prejudiced under the scheduling order to agree to an open-ended stay.

Relatedly, Defendant's request for conditional bifurcation is equally without merit. Bifurcating discovery will result in significant delays and additional expenses without providing any legitimate benefits to the parties. Defendant indisputably has the burden in showing that modifying discovery is necessary in this case, and it falls woefully short in meeting this burden.

For these reasons, as set forth in further detail below, Defendant's motion for a temporary stay of discovery and conditional bifurcation of discovery should be denied.

## II.   ARGUMENT

### A.   A Temporary Stay is Unwarranted Where No Such Request was Made in the Parties' Joint Status Report and Where the Court Has Already Issued a Scheduling Order.

Defendant suggests that a temporary stay is justified because the parties agreed in their Joint Status Report ("JSR") that the parties agreed to defer discovery until after the Court rules on Defendant's pending Motion to Dismiss. However, Defendant's argument reflects a gross mischaracterization of the parties' JSR, as nothing in the JSR indicates that the parties' agreed to defer *all* discovery while Defendant's motion is pending. Instead, the JSR clearly provides: "In the interest of both judicial economy and expense to the parties, *the parties propose deferring class discovery and setting the class certification schedule after the motion to dismiss is adjudicated*." (Dkt. #37 at 5) (emphasis added). As made clear by any plain reading of this sentence, nothing suggests that Plaintiffs ever agreed that *all* discovery should be stayed pending the Court's ruling on Defendant's motion. Indeed, it is both revealing and telling that Defendant omits the second half of this sentence from their motion to somehow suggest that *all* discovery should temporarily be stayed. Plaintiffs never agreed to defer all discovery. Plaintiffs would like to review documents already produced in a related case in the Central District of California and to the Washington Attorney General's office pursuant to an investigation for the very same post-marketing transactions at issue in this case.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Furthermore, Defendant views the JSR as if it were an order from the Court. This paragraph is merely a proposal submitted by the parties for the Court's consideration. The Court considered this pleading, and subsequently issued a scheduling order setting the trial date and related dates. *See* Dkt. #44. Nowhere in this scheduling order did the Court enter a stay while any motion was pending before the Court. Moreover, the JSR was filed *after* the Defendant's Motion to Dismiss was fully briefed. As a result, the Court clearly had an understanding of the various pleadings before it and issued a scheduling order accordingly. Defendant cannot attempt to argue that the parties' JSR—which has been interpreted by the Court—is somehow binding on the parties.

In any event, Defendant fails to justify why the Court should depart from the scheduling order it has already issued in this case. Rule 16(b) governs the inquiry into whether a scheduling order may be modified. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings, that rule's standards controlled."). The rule specifically provides, in part, that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard in Rule 16(b)(4) "primarily considers the diligence of the party seeking the amendment." *See Schultz v. Wal-Mart Stores, Inc.*, 68 Fed. Appx. 130, 132 (9th Cir. 2003). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification … If that party was not diligent, the inquiry should end." *Id.*; *see also* Advisory Committee Note to 1983 Amendment to FRCP 16(b)(4) (indicating that good cause to modify a scheduling order is present if a deadline "cannot reasonably be met despite the diligence of the party seeking the extension").

Here, Defendant wholly fails to show good cause for modifying the scheduling order, and fails to explain why it would suffer prejudice from producing the discovery Plaintiffs seek. Indeed, Defendant's entire argument with respect to a temporary stay is limited to approximately

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 one page, *see* Dkt. #45 at 8-9, and Defendant unilaterally contends that because some courts have
2 stayed discovery while a dispositive motion is pending, this Court should somehow do the same.
3 However, this conclusory argument finds no support from the facts and circumstances of this
4 case. Specifically, and as set forth in further detail below in response to Defendant's request for
5 conditional bifurcation, Defendant has already begun producing discovery in a related case in the
6 Central District of California and to the Washington Attorney General's office pursuant to an
7 investigation for the very same post-marketing transactions at issue in this case. In the civil
8 litigation, Defendant's motion for a temporary stay was denied. *See Baxter v. Intelius Inc., et al.*,
9 Case No. 09-01031-AG-MLG (C.D. Cal.) (Dkt. #70). Additionally, Defendant acknowledges
10 that it has already produced discovery in a formal investigation by the Washington State
11 Attorney General's office. *See* Compl., ¶ 28 in *Bebbington v. Intelius, Inc. et al.*, Case No. C10-
12 500 RAJ (W.D. Wash). There is no justifiable reason pursuant to Rule 16 why Plaintiffs in this
13 case should not be afforded the same level of discovery, as it would be no burden to Defendant
14 to produce discovery already produced in other civil and governmental actions.

15 In addition, Defendant had ample opportunity during the parties' Rule 26(f) conference
16 and in the Rule 26(f) Report to ask Plaintiffs and the Court for a temporary stay on issues related
17 to discovery. However, no such request was made during that time. During the parties Rule 37
18 discovery conference on April 23, 2010, Plaintiffs' counsel asked Intelius's counsel why they
19 had not requested a stay either from Plaintiffs or from the Court when drafting the JSR, which
20 would have been an obvious time to make such a request. Intelius's counsel had no reason, other
21 than stating that it was not "strategic." *See* Griffin Decl. at ¶ 2. Plaintiffs' counsel can only
22 speculate that it was exactly strategic because defense counsel had filed a request to send the
23 California case to Washington through the Multi-District Litigation Panel, and, prior to the
24 denial of that request, sought to advance the Washington litigation. Respectfully, Plaintiffs ask
25 the Court not to condone this gamesmanship. Plaintiffs also ask for the opportunity to prove
26 liability in this case by allowing discovery to go forward within the established scheduling order.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
(1) TEMPORARY STAY OF DISCOVERY AND (2)
CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY
(09-CV-1485) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs can only speculate that Defendants' about-face on producing discovery must be the result of possessing highly incriminating documents to which Plaintiffs are entitled.

Accordingly, Defendant's request for a temporary stay is unwarranted, and the Court should direct Defendant to proceed with discovery in a manner consistent with the Court's well-considered scheduling order.

**B. Intelius's Request for Bifurcated Discovery Will Result in Delays and Additional Expense for the Parties without Providing Any Legitimate Benefits and Should Therefore be Denied.**

Under the Federal Rules, parties are permitted to begin discovery, using the methods and timing of their own choosing, as soon as they have conferred under Rule 26(f). Rule 26(d) gives the Court the discretion to sequence discovery, but only where the Court determines that a particular sequence will both accommodate the parties' convenience and further the interests of justice. *See* Fed. R. Civ. P. 26(d). This rule, additionally, must be construed to secure the just, speedy and inexpensive determination of the action. *See* Fed. R. Civ. P. 1.

The question of bifurcation was presented in the JSR submitted by the parties on March 16, 2010. In that report, the parties set forth their differing views about the sequencing of discovery. Plaintiffs asked the Court to allow approximately 13 months for all discovery with no limits or distinctions between class and merits discovery. Meanwhile, Defendant asked the Court to bifurcate discovery into two phases: class, followed by merits. (Dkt # 37, Status Report at 8-9.) The Court considered the parties' views and ordered discovery to proceed without substantive restrictions, setting one deadline, July 10, 2011, as the end of the discovery period. (Dkt # 44, Minute Order Setting Trial Date and Related Dates at 1-2.) Thus, Defendant's request is in reality a motion for reconsideration. Under Local Rule CR 7(h)(1), it should be denied as, again, Defendants have not shown any manifest error or a new showing of fact or law that could not be brought to the Court's attention in the JSR.

In the event the Court chooses to consider the bifurcation request as a new motion, it still should be denied. In the present case, class and merits discovery should proceed concurrently.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

As noted by the Advisory Committee to the Federal Rules of Civil Procedure, courts should not "forc[e] an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" *See* Fed. R. Civ. P. Rule 23 advisory committee's note. Given the significant overlap between class and merits evidence, bifurcated discovery will only create inefficiencies, cause delay, and require otherwise unnecessary Court intervention – all while prejudicing Plaintiffs.

### 1. Intelius Fails To Carry Its Burden in Requesting a Departure from the Rules of Civil Procedure and the Court's Scheduling Order.

"The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cunningham v. Bank One*, No. 05-210, 2006 WL 3361773 at *1 (W.D. Wash. Nov. 20, 2006) (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)). Thus, Intelius bears the burden of demonstrating that its request will serve the convenience of the parties *and* further the interests of justice – which include the public interest and judicial economy, as well as the just, speedy and inexpensive determination of the action.

#### a. Intelius Makes No Showing of Inconvenience that Would Warrant Bifurcation.

Defendant asks this Court to defer merits discovery because "Intelius estimates that Plaintiffs' request [for production of documents] covers tens of thousands of documents." (Dkt # 45, Def. Mot. at 2.) Defendant makes no evidentiary showing that it will face significant costs in producing discovery or that the cost of producing merits discovery will be significantly greater than the cost of producing class discovery. Defendant has failed, moreover, to explain what significant costs would attach to providing Plaintiffs with a copy of the materials already produced in *Baxter v. Intelius Inc.*, *et al.*, Case No. 09-01031-AG-RSM (C.D. Cal.) (where discovery is underway), and produced to the Washington Attorney General (who is conducting a formal investigation against Intelius and has already deposed Intelius executives). Intelius cannot plausibly claim that the scope of discovery sought by Plaintiffs is materially greater than

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the discovery sought in the *Baxter* case or the Washington Attorney General's investigation. In asking the Judicial Panel on Multidistrict Litigation to consolidate *Keithly* and *Baxter*, Intelius asserted that the cases raise "identical questions arising from complex facts regarding Defendants' conduct" over "nearly identical class periods." (Dkt# 13-5, Br. ISO Intelius Inc.'s Mot. For Transfer of Actions Pursuant to 28 U.S.C. § 1407 at 2.) Similarly, in a recent SEC filing, Intelius described the Washington Attorney General's investigation as relating to "third-party subscription services advertised on our websites and our own Identity Protect subscription services"[1] – the same practices and products presented in the complaint in this action. The fact that Intelius has produced merits discovery in other actions undermines its request to defer merits discovery in this action.

Even if Intelius were not currently under obligation to produce materials in other proceedings, it is difficult to believe that bifurcated discovery would, in practice, save time and money here. Rather, it is reasonable to assume that the costs of producing class discovery will subsume the costs of producing merits discovery because all potentially responsive materials will have to be collected by Intelius and reviewed by defense counsel to determine whether they bear on class, class and merits, or merits exclusively. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009). In response to Defendant's claim that "it would be simple, in practice, to isolate the items relevant to class certification and the items that would be relevant to the merits of the case[,]" one court expressed skepticism:

> [T]he creation of means to search large databases is a work in progress and no one has suggested how the search of defendants' data could be refined so that a search engine of some sort could yield ESI that pertained to [class] impact but not ESI pertaining to any thing else. While defendants blithely suggest that the lawyers in this case are skilled at searching and can therefore find what they need, they do not propose exactly how the lawyers will use this claimed expertise and create a search engine so refined and

---

[1] Intelius Inc., Registration Statement (Form S-1/A) at 25 (Oct. 19, 2009) available at http://www.sec.gov/Archives/edgar /data/1255691/000095012309051082/v52058a4sv1za.htm. Intelius further disclosed that the Washington AG's investigation has included depositions of Intelius executives. *Id.*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

> exquisite that it will yield information bearing on the certification question but not the merits.

*Id.* at 173. While Rule 26(d) gives the Court the flexibility to relieve a party, temporarily, from discovery obligations where such relief would legitimately reduce a discovery burden, parties cannot reasonably expect to be relieved of all the burdens inherent in litigation under the Federal Rules.

### b. Intelius's Desultory Assertions Do Not Withstand Scrutiny.

Defendant makes two additional arguments in support of its request. Even if these arguments were relevant under Rule 26(d) (which they are not), they are premised on faulty assumptions and thus cannot withstand scrutiny.

Defendant first argues that Plaintiffs will not be prejudiced by bifurcation because ample time, if used diligently, for phased discovery is provided under the Court's scheduling order.[2] Under Defendant's scenario, assuming that the Court decides the motion for class certification on the day noted on the motion calendar (February 11, 2011), which is not the practice in this district, Plaintiffs would have less than six months for merits – including expert – discovery. Intelius might be correct if all discovery occurred simultaneously, but serving all discovery at one time would eliminate the benefits of the various discovery methods contemplated by the Federal Rules. Litigants generally conduct discovery more efficiently, moving from the general to the specific, using particular discovery methods in sequence: document requests, interrogatories, depositions, and admissions. Expert discovery, moreover, cannot begin until significant fact discovery is complete. Assuming Defendant used all of the response time available under the Federal Rules, and responded fully to all discovery requests (obviating the need for any motions to compel), it would be virtually impossible for Plaintiffs to complete all

---

[2] Dkt # 45, Def. Mot. at 11. Defendant insinuates that Plaintiffs have been dilatory in prosecuting their case, but this simply is not so. Upon receipt of the Court's first scheduling order (dated February 2, 2010), Plaintiffs wrote to Defendant to schedule a Rule 26(f) conference with Defendant on February 19, 2010. The conference took place on February 25, 2010. During the month of February, Plaintiffs were also drafting their opposition to Defendant's motion to dismiss. The parties' joint report was filed on March 16, 2010. Plaintiffs served requests for production of documents on March 26, 2010.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

fact discovery in six months and mathematically impossible to complete all merits discovery (including expert discovery) in that time.

Defendant also argues that bifurcation is more efficient and economical because the Court will no longer have jurisdiction of the case if class certification is denied; thus, Intelius argues, the merits of Plaintiffs' claims will never be reached. (Dkt # 45, Def. Mot. at 12.) Defendant is mistaken. Last month, the Ninth Circuit held that 28 U.S.C. § 1332(d) vests original jurisdiction over class actions involving diverse parties if the amount in controversy exceeds $5,000,000 at the time of filing in, or removal to, federal court. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil*, No. 10-55269, 2010 WL 1571190, at *3-4 (9th Cir. Apr. 21, 2010). The Ninth Circuit explicitly held that "continued jurisdiction [under § 1332(d)] 'does not depend on certification' [of the putative class]" and that denial of a class certification motion would not divest a court of jurisdiction. *Id.* at 4. Thus, even if the Court concludes that this case is not suitable for class treatment, Plaintiffs' claims would remain in federal court. As such, merits discovery produced now will not be wasted.

### 2. Bifurcation Would Delay and Complicate the Litigation

Contrary to Defendant's assertions, no clear line divides class and merits discovery. This fact is underscored by instruction from the Ninth Circuit: trial courts must consider evidence going to the merits of a class's claims to ensure that all of the requirements of Rule 23 are met before certifying a class. *Dukes v. Wal-Mart*, No.04-16688, 2010 WL 1644259, at *5 (9th Cir. March 24, 2009). [3] Thus, it is foreseeable, if not certain, that bifurcation will require the ongoing supervision of the Court to police discovery disputes. *See In re Rail Freight Fuel Surcharge*, 258 F.R.D. at 174 ("If bifurcated, this Court would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or

---

[3] In *Dukes*, the Ninth Circuit explained that in deciding a class certification motion, a court may only consider the merits to the extent necessary to ascertain compliance with Rule 23 and not to decide challenges "directed to stand-alone merits issues." *Id.* at *18.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

'certification' discovery.") (citation omitted).  As one district court explained in denying a motion to bifurcate discovery:

> *Bifurcation would be inefficient, unfair, and duplicative* in this case for several reasons.  First, *bifurcation would further delay* the resolution of the litigation in derogation of Rule 1 of the Federal Rules of Civil Procedure. . . .  *Bifurcation would also belie principles of judicial economy*, as the Court may be forced to spend time and resources resolving discovery disputes over what is "merit" discovery as compared to "class" discovery. . .  Second, class certification discovery in this case is not "easily" differentiated from "merits" discovery.  There will be a *substantial overlap* between what is needed to prove plaintiff's price-fixing claims, as well as the information needed to establish class-wide defenses, and what is needed to determine whether the elements of class certification are met. . . .  Due to the intermingling of the facts necessary to evaluate class certification and the merits of plaintiffs' claims, separating the two would duplicate discovery efforts, which, in turn, would force both parties to incur *unnecessary expenses and would further protract the litigation.*

*In re Plastic Additives Antitrust Litig.*, No. 03-2038, 2004 WL 2743591, at *3-4 (E.D. Pa. Nov. 29, 2004) (citations omitted) (emphasis added).  For these reasons, many courts have concluded that concurrent discovery is the more prudent and efficient course in class actions.[4]

Intelius provides evidence of the types of discovery objections it will raise if discovery is bifurcated here.  Intelius characterizes 20 of Plaintiffs' 23 documents requests as "not relevant to certification."  (Dkt # 45, App. A.) These include categories of documents that show: (1) Intelius's uniform course of conduct in dealing with its customers (RFP Nos. 3, 4, 5, 10, 11, 13, 14, 22); (2) how class members were expected to and did respond to cues on the Intelius website (RFP Nos. 5, 9); (3) the number and types of customer complaints received by Intelius (R.F.P. No. 15); (4) class damages (R.F.P. No. 6); and (5) class member identities (R.F.P. 21).  While

---

[4] *See also In re Rail Freight Fuel Surcharge*, 258 F.R.D. at 174-75; *Cason-Merenda v. Detroit Med. Center*, No. 06-15601, 2008 WL 4901095, at *2 n.4 (E.D. Mich. Nov. 12, 2008) (noting denial of defendants' motion for bifurcation); *In re Hamilton Bancorp, Inc. Sec. Litig.,* No. 01-0156, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (when class and merits discovery are tightly intertwined, parties are likely to engage in "endless disputes over what is 'merit' verses 'class' discovery."); *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 41 (N.D. Cal. 1990) (denying a stay of discovery to defendants who alleged that class certification was unlikely because of the impracticalities of distinguishing "merits" and "class" discovery, as they were "closely linked issues").

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

these requests unquestionably relate to the merits of Plaintiffs' claims, documents produced in response to them will also be used to demonstrate the existence of common issues of law and fact and the predominance of common issues over individualized questions.[5] Plaintiffs further request documents that explain Intelius's organizational structure (R.F.P. Nos. 12, 18) and document and data retention policies (R.F.P. No. 19). These requests go to neither class nor merits specifically; rather, they are the type of requests that enable discovery and are used to select deponents and determine the adequacy of a defendant's document production.

### 3. Plaintiffs Will Be Prejudiced by Bifurcation.

A bifurcated approach to discovery would substantially prejudice Plaintiffs by denying them access to materials necessary to prove the allegations of the complaint for some unspecified period of time. As the *Rail Freight Surcharge* court recently noted, "the continued need for supervision and the increased number of disputes would further delay the case proceedings," causing prejudice to Plaintiffs. *In Re Rail Freight Surcharge*, 258 F.R.D. at 174; *see also In Re Plastic Additives,* 2004 WL 2743591 at *3. Moreover, valuable evidence, such as the testimony of witnesses, whose recollection will likely fade, and electronically-stored evidence, which can be deleted, may be lost. *See*, *e.g., Smith v. Hooey,* 393 U.S. 374, 380 (1969) (The "erosive effects of the passage of time" causes "evidence and witnesses [to] disappear, memories [to] fade, and events [to] lose their perspective."). These concerns, in addition to those identified previously, establish that Defendant's conditional request is unjustifiable given the facts and circumstances of this case.

---

[5] The very types of discovery Defendant objects to have been recognized as relevant to class certification by courts in the Ninth Circuit. *See, e.g., Yingling v. eBay, Inc*., No. 09-01733; 2010 WL 373868, at 3-5 (N.D. Cal. Jan. 29, 2010) (denying defendant's motion for protective order from discovery related to customer transaction data, customer complaints and internal company documents relating to eBay's "policies and procedures [for] reviewing, approving and publishing web-page related documents" used or reviewed by customers where defendant argued that plaintiff prematurely sought merits discovery in violation of bifurcated discovery schedule); *Ho v. Ernst & Young, LLP*, No 05-04867 2007 WL 1394007, at *1-2 (N.D. Cal. May 9, 2007) (finding that time and activity records for employees denied overtime pay and a list of all putative class members were class-related discovery).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion for a temporary stay of discovery and conditional request for bifurcation of discovery.

DATED this 10th day of May, 2010.

By /s/ Mark A. Griffin
Mark A. Griffin, WSBA #16296
Karin B. Swope, WSBA #24015
1201 Third Avenue, Suite 3200
KELLER ROHRBACK L.L.P.
Seattle, WA  98101
Tel:(206) 623-1900
Fax: (206) 623-3384

Andrew N. Friedman
Victoria S. Nugent
Whitney R. Case
COHEN MILSTEIN SELLERS & TOLL P.L.L.C.
1100 New York Avenue, N.W., Suite 500 West
Washington, DC  20005-3964
Tel: (202) 408-4600
Fax: (202 408-4699

*Counsel for Plaintiffs Bruce Keithly, Donovan Lee and Edith Anna Cramer*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2010, I caused to be served a true and correct copy of the PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY on the following recipients via the method indicated:

| | |
|---|---|
| Arthur W. Harrigan, Jr., WSBA #1751<br>Tyler Farmer, WSBA #39912<br>DANIELSON HARRIGAN LEYH & TOLLEFSON, LLP<br>999 Third Avenue, Suite 4400<br>Seattle, Washington 98104<br>Telephone: (206) 623-1700<br><br>*Attorneys for Intelius, Inc and Intelius Sales, LLC* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via U.S. First Class Mail<br>☐ Via facsimile to (206) 623-8717<br>☐ Via email to:<br>    arthurw@dhlt.com; and<br>    tylerf@dhlt.com |

DATED this 10th day of May, 2010.

/s/ Mark A. Griffin
Mark A. Griffin

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY (09-CV-1485) Page - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384