HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE KEITHLY, DONOVAN LEE, and EDITH ANNA CRAMER, Individually an on Behalf of all Other Similarly Situated,

Plaintiffs,

vs.

INTELIUS INC., A Delaware Corporation; and INTELIUS SALES COMPANY LLC, A Nevada Limited Liability Company,

Defendants.

Case No. C09-1485-RSL

INTELIUS' REPLY RE MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY

**NOTED FOR: Friday, May 14, 2010**

DEFENDANTS' REPLY RE MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

Intelius' request for a temporary stay and bifurcated discovery is intended to avoid needless discovery efforts by matching current discovery to the current stage of the case in ways that will not prejudice Plaintiffs. The Court's April 23 Scheduling Order provides a framework for discovery that takes into account Intelius' pending motion to dismiss and the current absence of any ruling on class certification (and, if certified, class definition).

**A. Intelius Is Entitled to a Temporary Stay**

1. <u>Intelius' Motion to Dismiss</u>

Intelius' motion to dismiss (Dkt. #18), seeks dismissal of Plaintiffs' claims for violation of Washington's Consumer Protection Act on the basis that Plaintiffs cannot establish the "deceptive or unfair practice" element of the claim. As Plaintiffs conceded, where the conduct at issue is not disputed, the Court may determine as a matter of law that there was no CPA violation. Plaintiffs' Opposition to MTD (Dkt. 26), p. 6 (quoting *Indoor Billboard/Washington v. Integra Telecom of Washington*, 162 Wash. 59, 73 (2007)). The test is objective and is not determined by plaintiffs' subjective experience, or defendants' subjective intent. *See, e.g., Panag v. Farmers Ins. Co.*, 166 Wn.2d 27, 50 (2009) ("Deception exists 'if there is a representation, omission or practice that is likely to mislead' a reasonable consumer.") (quoting *Sw. Sunsites, Inc. v. Fed. Trade Comm'n*, 785 F.2d 1431 (9th Cir. 1986)).

On a basis essentially identical to that advanced by Intelius in this case, the *VistaPrint* court dismissed putative class claims based on the Adaptive offer. Even if the Court dismissed only the Keithly claim (based on the repetitive disclosures in the IDP offer), the scope of discovery would be dramatically affected.[1] If broad-based discovery proceeds now, all, or a substantial part, of that discovery will be wasted effort if Intelius' motion to dismiss is granted in whole or in part. Numerous courts have stayed discovery under similar circumstances.

[1] The additional fact allegations included in Plaintiffs' recently filed Amended Complaint should not alter the Court's analysis on Intelius' motion to dismiss, as they do not relate to the objective question of whether the offers at issue are deceptive. If the Court disagrees, Intelius requests an opportunity to re-file its motion to address the new allegations.

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700 FAX. (206) 623-8717

*See* Opening Brief, p. 8 (citing cases).

2. Plaintiffs Raise No Valid Objection to the Requested Temporary Stay

Plaintiffs oppose Intelius' request on three basic grounds: (1) Plaintiffs agreed only to stay "class discovery" in the JSR; (2) Intelius has not shown the Court's Scheduling Order should be modified; and (3) discovery is proceeding in other Intelius matters.

a. Plaintiffs' JSR Statement re Deferred Discovery

The parties agreed in the JSR (¶ 5) that "class discovery" should be deferred until after adjudication of Intelius' motion to dismiss:

> First, the parties have fully briefed a motion to dismiss that is currently pending before the Court. In the interest of both judicial economy and expense to the parties, the parties propose deferring *class discovery* and setting the class certification schedule after the motion to dismiss is adjudicated. (Emphasis added)

The term "class discovery" encompassed both class certification and class merits discovery.[2] Plaintiffs' statement in the JSR deferring all class discovery minimized the need for a stay; Intelius did not delay the current request for a stay for "strategic" reasons. But the key point is that Plaintiffs' argument flips the discovery sequence in a way that promotes inefficiency: i.e., all discovery *but* certification discovery would proceed while the motion to dismiss is pending.

b. Intelius Does Not Seek Modification of the Scheduling Order

Intelius acted promptly in submitting this motion, which does not seek to modify the Scheduling Order. Counsel for Intelius first contacted counsel for Plaintiffs to request a limited stay of discovery on April 19, more than one week before Intelius' discovery responses were originally due. Wion Decl., ¶ 2. Counsel followed up with a detailed letter request on April 21. *Id.*, Ex. 2. Then, on April 23, within hours after issuance of the Scheduling Order,

[2] The parties distinguished "class *certification* discovery" a few lines later: "both parties agree that limited *class certification discovery* is necessary before briefing." *Id.* (emphasis added).



LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

the parties conducted a "meet and confer" as a necessary predicate to filing this motion and in a further effort to avoid Court involvement. *Id.*, ¶ 6.

Contrary to Plaintiffs' contention, Intelius does not seek to modify the Court's April 23 Scheduling Order, which permits the parties to bring a "motion related to discovery" at any time prior to July 8, 2011. The motion does not seek to change the deadline for Plaintiffs' class certification motion (January 11, 2011), the discovery cut-off (July 10, 2011), or any other set date.

However, even if the "good cause" and diligence standards for modifying a scheduling order under Rule 16(b) applied, Intelius has met those standards. Avoiding unnecessary discovery, or deferring it until its scope can be properly defined, is good cause for a stay. The duration of the stay is consistent with meeting the deadlines in the Scheduling Order so plaintiff will not be prejudiced. Both parties will benefit from deferring discovery until its proper scope is determined.

c. Responding to Plaintiffs' Discovery while Intelius' Motion to Dismiss Is Pending Imposes an Unwarranted Burden

Plaintiffs' 23-paragraph RFPs are estimated to cover tens of thousands of documents. Responding to these requests will be very expensive. Adopting Plaintiffs' alternate proposal that Intelius replicate its production to the Washington Attorney General is objectionable, unworkable, and no less costly. Intelius engaged in a highly cooperative effort to work with the Attorney General in its investigation and did not invoke the normal limits of discovery in so doing. Intelius intends to work within the FRCP in addressing Plaintiffs' requests. Obviously, a discovery request seeking material produced in connection with a substantively confidential government investigation would be improper, including for reasons Intelius has already stated:

> the request is improper to the extent that it seeks documents that were produced to third parties with the understanding that such productions would remain

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

> confidential (including pursuant to RCW 19.86.110). Intelius also objects to the request on related policy grounds to the extent that a litigant's unfettered access to documents produced in connection with a governmental or agency inquiry or investigation would tend to chill the open exchange of information and cooperation by the target of any such inquiry or investigation.

Wion Decl., Ex. 4 (Answer to RFP 17). *See also In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1107 (C.D. Cal. 2007) (denying request for all documents provided to state attorney general for failure to specify "specific categories or types of documents sought or how the documents sought will be relevant to the claims Plaintiffs intend to assert"). The job of winnowing from the Attorney General production documents that are non-privileged and responsive to Plaintiffs' requests would not take appreciably less time than extracting such documents from Intelius' files.

As for Plaintiffs' separate request for documents that have been produced in the *Baxter* case, Intelius will produce those documents.

**B. Discovery Should Be Bifurcated**

The Court's April 23 Scheduling Order affords ample time for sequenced discovery, with full discovery on the merits to follow the "limited class certification discovery." That the parties agree is "necessary before briefing" Plaintiffs' certification motion. JSR, ¶ 5.

Under LCR 23(i)(3), certification motions are normally brought within 180 days of case initiation. Typically, this leaves approximately 4 months to conduct necessary discovery on certification issues (due to the Rule 26(d)(1) bar on discovery prior to the parties' Rule 26(f) conference). Here, approximately 8 months remain before the January 11, 2011 deadline for Plaintiffs' class certification motion. There is no reason to expect that Plaintiffs will need until January 11, 2011 to conduct the "limited class certification discovery" they require for the certification motion. JSR, ¶ 5. If the certification motion is successful, sufficient time will remain before the July 10, 2011 discovery cut-off for any additional fact discovery. This is particularly true given Plaintiffs' prior representations that they would be ready to file the

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

certification motion on October 1, 2010 – even after deferring class discovery until after adjudication of the motion to dismiss – (JSR ¶ 5) and that "fact discovery will be completed by December 17, 2010" (assuming no bifurcation). JSR, ¶ 7. Under Intelius' proposal, Plaintiffs will retain at least as great an opportunity to engage in discovery as they sought in the JSR.

Plaintiffs also argue that Intelius must show that "the cost of producing merits discovery will be significantly greater than the cost of producing class discovery." Response, p. 6. Plaintiffs cite no authority for the illogical requirement of a comparative cost analysis.

Under the recent Ninth Circuit case cited by Plaintiffs, "district courts retain wide discretion in class certification decisions, including the ability to cut off discovery to avoid a mini-trial on the merits at the certification stage." *Dukes v. Wal-Mart*, 2010 WL 1644259, at *56 (9th Cir., April 26, 2010). District courts "may not analyze any portion of the merits of a claim that do not overlap with the Rule 23 requirements." *Id.* Consideration of the merits is precluded "when a merits issue is unrelated to a Rule 23 requirement." *In re IPO Securities Litigation*, 471 F.3d 24, 41 (2d Cir. 2006) (citing *Eisen v. Carlisle*, 417 U.S. 156 (1974)); *Eisen*, at 177 ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.").

Plaintiffs must establish the requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy) and Rule 23(b)(3) (predominance of questions of law or fact common to class members over questions affecting only individual members). The "commonality inquiry under Rule 23(a)(2) is that plaintiffs establish common questions of law and fact, and *answering those questions is the purpose of the merits inquiry, which can be addressed at trial and at summary judgment*." *Id.*, at *56 (emphasis added). Plaintiffs are not entitled to an "opportunity to prove liability in this case by allowing discovery to go forward within the established scheduling order." Response, p. 4.

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700 FAX. (206) 623-8717

Analysis of whether those same questions predominate (under Rule 23(b)(3)) – the extent to which there is an overlap with merits issues--depends largely on the type of case. *Dukes*, at *47-48. Here, the main issue is whether the offers are objectively deceptive. *Panag v. Farmers Ins. Co.*, 166 Wn.2d 27, 50 (2009); *Sw. Sunsites, Inc. v. Fed. Trade Comm'n*, 785 F.2d 1431, 1435 (9th Cir. 1986)). Relevant facts are the form of the offers, the numbers of putative class members,[3] and other communications between the class members and Intelius. The offers accepted by Plaintiffs are in evidence. Intelius will produce other documents relevant to certification issues (RFPs 1, 2, and 8). The other RFPs (Intelius' internal operations, subjective intent, and class members' communications with third parties) are not directed at certification issues. Plaintiffs provide no specific explanation of how the documents sought in these RFPs would "demonstrate the existence of common issues of law and fact and the predominance of common issues…." Response, pp. 10-11. Simply stating that there is some overlap between merits and certification issues does not support discovery at this time that does not relate to certification. *See e.g., Embry v. Acer America Corp.*, 2010 U.S. Dist. LEXIS 6866, at *4 (N.D. Cal., Jan. 28, 2010) ("the distinction between class and merits discovery in this case is not as clear-cut as Acer suggests that it is – but that does not mean that there is no distinction at all").[4] Any disagreement about the line of demarcation can be addressed by the parties' good faith efforts to avoid further Court involvement. That process should run its course.

---

[3] But see *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978) (barring discovery of class members' names and addresses, where information necessary only for purposes of post-certification notice).

[4] Denying motion to compel production of "specific software differences and marketing contacts" "contracts and agreements concerning OEM Windows" "threatened or actual lawsuits against Acer, or investigations into software differences." *Embry*, at *6.

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

DATED this 14th day of May, 2010.

DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

By [signature]
Arthur W. Harrigan, Jr., WSBA #1751
Christopher T. Wion, WSBA #33207
Tyler L. Farmer, WSBA #39912
Attorneys for Defendants Intelius Inc. and Intelius Sales Company LLC

DEFENDANTS' REPLY RE MOTION FOR (1) TEMPORARY STAY OF DISCOVERY AND (2) CONDITIONAL REQUEST FOR BIFURCATION OF DISCOVERY - 7

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700 FAX, (206) 623-8717

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2010, I served a true and correct copy of the foregoing on the following individuals:

**Attorney for Plaintiffs**

| | |
|---|---|
| Mark A. Griffin, WSBA #16296<br>Karin B. Swope, WSBA #24015<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Telephone: (206) 623-1900<br>Fax: (206) 623-3384<br>Email: mgriffin@kellerrohrback.com<br>kswope@kellerrohrback.com | ______ Messenger<br>______ Email<br>__X__ ECF<br>______ Facsimile<br>______ US Mail |
| Andrew N. Friedman<br>Victoria S. Nugent<br>Whitney R. Case<br>Cohen Milstein Sellers & Toll P.L.L.C.<br>1100 New York Avenue, NW, Suite 500 West<br>Washington, DC 20005-3964<br>Telephone: (202) 408-4600<br>Fax: (202) 408-4699<br>Email: afriedman@cohenmilstein.com<br>vnugent@cohenmilstein.com<br>wcase@cohenmilstein.com | ______ Messenger<br>______ Email<br>__X__ ECF<br>______ Facsimile<br>______ US Mail |

[signature]

LINDA BLEDSOE

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700 FAX. (206) 623-8717