1                                                                              The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRUCE KEITHLY; DONOVAN LEE; and EDITH ANNA CRAMER, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>   v.<br><br>INTELIUS, INC. et al.,<br><br>                 Defendants. | Case No: 09-cv-01485-RSL<br><br>**MOTION OF LAURENCE D. PASKOWITZ TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>NOTE ON MOTION CALENDAR: June 18, 2010 |
| MATTHEW BEBINGTON, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>   v.<br><br>INTELIUS, INC. et al.,<br><br>                 Defendants. | Case No: 10-cv-0500-RSL |
| LAURENCE D. PASKOWITZ, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>   v.<br><br>INTELIUS, INC. et al.,<br><br>                 Defendants. | Case No: 10-cv-0909 |

1  Plaintiff Laurence D. Paskowitz ("Paskowitz") respectfully moves for an Order:
2  (a) consolidating the three above-captioned related class action cases involving alleged
3  misconduct by defendant Intelius, Inc. ("Intelius") and others acting in concert with it;
4  (b) appointing Paskowitz as lead plaintiff for these actions; and (c) appointing his counsel
5  as lead counsel (or, alternatively, as one of no more than two co-lead counsel).

## I.  INTRODUCTION

Three cases are presently pending before this Court asserting an unlawful scheme affecting customers of Intelius.com, a website which attracts persons who need services such as "reverse" cell phone directories, identity protection, and "background checks." In a classic bait and switch, customers who buy these basic services often find themselves unknowingly enrolled in an unwanted subscription service provided by Intelius or its marketing partner, Adaptive Marketing LLC ("Adaptive Marketing"), and billed (until they catch on) on a monthly basis through use of surreptitiously obtained credit card information. These wrongful activities have harmed many thousands of consumers, spread across all 50 states.

The Paskowitz action, Case No. 10-cv-909, filed on June 2, 2010, seeks monetary relief for victims of this scheme on behalf of a nationwide class of consumers under the Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C. §§ 2701 *et seq.* (the "Stored Communications Act"), and the common law doctrine of unjust enrichment. The Paskowitz complaint also seeks relief under the consumer protection statutes of New York for class members who reside there. Paskowitz also seeks declaratory relief and an injunction. Before filing this complaint, counsel for Paskowitz researched the facts and the law necessary to assert claims appropriate for nationwide class certification, as defendants' scheme was indeed nationwide in scope. Courts in this District have certified nationwide classes of consumer victims under both the Stored Communications Act and the doctrine of unjust enrichment. *See* Supnick v. Amazon.com, Inc., 2000 U.S. Dist. LEXIS 7073, at *2-7 (W.D. Wash. May 18, 2000)

PASKOWITZ MOT. TO CONSOLIDATE
AND APPOINT LEAD [09-cv-01485-RSL] - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  (certifying nationwide class of consumers who, like Paskowitz, asserted Internet-based
2  violations of the Stored Communications Act); <u>Kelley v. Microsoft Corp.</u>, 251 F.R.D.
3  544, 559 (W.D. Wash. 2008) (nationwide class certified under theory of unjust
4  enrichment).

5      Unlike Paskowitz, the two other pending class actions—the <u>Keithly</u> action, Case
6  No. 09-cv-1485-RSL, filed on October 19, 2009 (and amended on May 10, 2010) and the
7  <u>Bebbington</u> action, Case No. 10-cv-500-RSL—limit themselves to claims asserted under
8  the Washington Consumer Protection Act ("CPA"), 19.86 RCW. Although both Keithly
9  and Bebbington assert a nationwide class under the Washington CPA, counsel in those
10 cases appear to have overlooked that the Washington Supreme Court has held that no
11 claim under the Washington CPA lies in favor of non-Washington residents. <u>Schnall v.
12 AT&T Wireless Servs. Inc.</u>, 168 Wn. 2d 125, 142 (2010) (rejecting the concept of a
13 nationwide class under the Washington CPA against a Washington-based defendant, and
14 holding: "While it is true that Washington has a strong interest in regulating any behavior
15 by Washington businesses which contravenes the CPA, the CPA indicates the
16 legislature's intent to limit its application to deceptive acts that affect the citizens and
17 residents of Washington . . . . It is understood that . . . .actions will be brought on behalf
18 of persons residing in the state.") (internal citations omitted). <u>Schnall</u> was decided prior
19 to the filing of <u>Bebbington</u> and the amended complaint in <u>Keithly</u>

20     While further rulings will test the bounds of the Washington Supreme Court's
21 ruling in <u>Schnall</u>, as it currently stands class counsel seeking nationwide relief would be
22 well-advised to seek out a more amenable federal or state law doctrine, as plaintiff
23 Paskowitz has done. Given that only Paskowitz has pled claims which plainly may be
24 certified on a nationwide basis, he and his counsel should lead this action. (Indeed, there
25 is some question given that the claims alleged in <u>Keithly</u> and <u>Bebbington</u> arise only under
26 the law of one state, Washington, that the jurisdictional requirements of the Class Action
27 Fairness Act, which are asserted therein to provide the Court with subject matter
28 jurisdiction, are satisfied by those pleadings.)

PASKOWITZ MOT. TO CONSOLIDATE
AND APPOINT LEAD [09-cv-01485-RSL] - 3

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Under FED. R. CIV. P. 23(g), the criteria for selecting lead counsel that must be considered by the Court are:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources counsel will commit to representing the class.

Counsel for Paskowitz easily meet these criteria as they have kept on top of pertinent legal developments, and have identified and asserted viable theories under which a nationwide class of the victims of the instant scheme may recover. They are experienced class action counsel, with decades of experience in this subject matter. They know the applicable law, and will devote the resources needed to litigating these claims to a fair conclusion.

## II.   PROCEDURAL HISTORY

The first of the existing actions, Keithly, was filed on October 19, 2009. Keithly, as amended, asserts that Intelius Inc. and Intelius Sales LLC ("Defendants") engaged in a scheme in which Intelius consumers are unknowingly enrolled in a subscription service provided by Intelius or marketing partner Adaptive Marketing LLC ("Adaptive Marketing"), and that these consumers are thereafter charged for these unwanted services on a monthly basis. The Keithly plaintiffs seek to certify a national class. They allege, however, only that Defendants violated the Washington CPA. On January 11, 2010, defendants filed a motion to dismiss the Keithly complaint. The Keithly plaintiffs filed a response on February 26, 2010, and defendants filed a reply on March 8, 2010. Thereafter, this Motion was apparently mooted by the filing of an Amended Complaint in Keithly on May 10, 2010.

The Bebbington action, an action almost identical to Keithly and brought by one of Keithly's co-counsel, was filed on March 24, 2010. Like Keithly, the Bebbington

PASKOWITZ MOT. TO CONSOLIDATE
AND APPOINT LEAD [09-cv-01485-RSL] - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

plaintiff does not join Adaptive Marketing as a defendant and is limited to a claim under the Washington CPA as the basis of the asserted nationwide class he seeks to represent (Keithly and Bebbington will be referred to hereinafter as the "Initial Plaintiffs"). On April 1, 2010, the Initial Plaintiffs moved in Keithly to consolidate their actions, to have their counsel, Cohen Milstein and Keller Rohrback, L.L.P., appointed as Co-Lead Counsel, and to have certain plaintiffs appointed as lead plaintiffs. To date, no lead plaintiff or lead counsel have been appointed by this Court.

On April 29, 2010, the Keithly plaintiffs filed a Motion to Consolidate Prior to the Motion to Dismiss, or in the Alternative, to supplement the Keithly Complaint, in which they indicated their intention, if the Court declined to consolidate the Initial Plaintiffs' Action, to supplement the Keithly Complaint with the additional information in the Bebbington Complaint. This Motion was withdrawn on May 10, 2010 in conjunction with the filing of the Amended Complaint in Keithly. By Order dated May 12, 2010 (and amended May 21, 2010), the Hon. Richard A. Jones reassigned Bebbington to the Hon. Robert S. Lasnik.

### III. DISCUSSION

**A.   Consolidation of These Actions is Appropriate**

Movant agrees with and adopts the arguments previously made by plaintiffs in Keithly and Bebbington in support of the general proposition that similar actions should be consolidated. District courts have broad discretion to consolidate cases. FED. R. CIV. P. 42(a). Consolidation is appropriate where the actions involve common questions of law or fact and consolidation will increase the likelihood of efficient and consistent proceedings. *See, e.g.*, Investors Research Co. v. U. S. Dist. Court, 877 F.2d 777 (9th Cir. 1989); Kemper Sports Mgmt., Inc. v. Westport Investment, LLC, Case No. 07-5468 BHS, 2007 WL 4219355, at *2 (W.D. Wash. Nov. 28, 2007).

The claims in all three actions are very similar as they arise from the same operative facts, cover the same time period, and involve essentially the same defendants, though the Paskowitz Complaint contains additional causes of action, and adds Adaptive

PASKOWITZ MOT. TO CONSOLIDATE
AND APPOINT LEAD [09-cv-01485-RSL] - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Marketing, LLC as an additional defendant. All cases are at the early stages of litigation. Thus, consolidation of the actions is appropriate under FED. R. CIV. P. 42(a). Consolidation will also not prejudice Defendants. Rather, consolidation will allow Defendants to defend a single suit involving the same facts and witnesses instead of three separate suits. Accordingly, consolidation is in the interests of judicial economy and will promote the efficient resolution of these matters. Movant respectfully suggests, moreover, that merging these cases into a single action will achieve the greatest judicial economy without changing or compromising any of the parties' rights and thus is appropriate here. *See* Kemper, 2007 WL 4219355, at *2; Travelers Indemnity Co. v. Longview Fibre Paper & Packaging, Inc., Case No. 07-1009 BHS, 2007 WL 2916541, at *3 (W.D. Wash. Oct. 5, 2007).

### B. Paskowitz Should be Appointed Lead Plaintiff and His Counsel Should be Appointed Lead Counsel or Co-Lead Counsel

Plaintiff Paskowitz and his counsel have shown themselves to be the parties who have the greatest ability to identify the claims in this action that may be successfully litigated on behalf of a nationwide class. The litigative activities of the Initial Plaintiffs have, in important respects, been deficient. They have focused all of their efforts on asserting nationwide claims under the Washington CPA, despite the ruling in Schnall. This approach appears to reflect serious legal error, which could have had (absent the filing of the Paskowitz action and the careful research of his attorneys) serious repercussions for the Class.

In addition, the Initial Plaintiffs have failed to bring any claims against Adaptive Marketing, despite the fact that this alleged wrongful actor is mentioned no fewer than 44 times in the Keithly Amended Complaint. *See e.g.*, Keithly Cplt. ¶ 1 (wrongfully obtained subscription is with Intelius or Adaptive); ¶ 2 ("In this way, Adaptive is able to foist unwanted services (and the related monthly charges) on unsuspecting consumers without full or adequate disclosure . . . Adaptive has caused consumers to unknowingly pay Adaptive (and thus, indirectly, Intelius) millions of dollars in non-existent and/or

PASKOWITZ MOT. TO CONSOLIDATE
AND APPOINT LEAD [09-cv-01485-RSL] - 6

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

unwanted services."); ¶31 ("The Rockefeller Report focused on, inter alia, Adaptive and its parent company, Vertrue, Inc., and concluded that 'It is clear at this point that [Adaptive] use[s] highly aggressive sales tactics to charge millions of American consumers for services the consumers do not want and do not understand they have purchased.'"); ¶36 (defining class as including those who were wrongfully charged fees "for the benefit of Intelius and/or Adaptive Marketing LLC without the consumers' prior informed authorization or consent."). As Adaptive appears to be a prosperous company, it may be an important additional source of recovery for Plaintiffs and the Class. The validity of a claim against Adaptive Marketing is underscored by the fact that Intelius filed a third-party Complaint against Adaptive as part of its Answer filed on May 24, 2010. Of course, such a third-party claim is not substitute for a direct claim on behalf of the class.

Finally, while almost nothing at all is known about qualifications of the individuals proposed in Keithly and Bebbington to serve as lead plaintiffs who will oversee this litigation, plaintiff Paskowitz is a nationally-known attorney who has many years of experience leading or overseeing consumer class litigation. The experience and guidance Paskowitz can bring to this case as a lead plaintiff no doubt exceeds that of the other proposed lead plaintiffs, who likely have had little exposure to litigation of any type, let alone litigation in the highly-specialized arena of class-wide consumer cases. *Cf.* Berger v. Compaq Computer Corp., 279 F.3d 313 (5th Cir. 2002) (noting Congressional preference in complex securities cases for the lead plaintiff to be "the most sophisticated investor available and willing so to serve in a putative securities class action. Insofar as possible . . . the lead plaintiff should be an investor capable of understanding and controlling the litigation . . .").

Plaintiff has chosen the Felgoise Law Firm to act as lead counsel. The skill and the ability of the Felgoise Law Firm are set forth in its curriculum vita attached as Exhibit A.

PASKOWITZ MOT. TO CONSOLIDATE
AND APPOINT LEAD [09-cv-01485-RSL] - 7

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## IV. CONCLUSION

For the foregoing reasons, Paskowitz respectfully requests that the Court grant his Motion.

Dated this 3nd day of June, 2010.

Respectfully Submitted,

By: _____
Derek Linke, WSBA No. 38314
John Du Wors, WSBA No. 33987
**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**
505 Fifth Avenue South, Suite 610
Seattle, WA  98104
Telephone:  (206) 274-2800
Facsimile:  (206) 274-2801
Email: linke@newmanlaw.com
Email: duwors@newmanlaw.com

Brian M. Felgoise (*pro hac vice* to be filed)
**FELGOISE LAW FIRM**
261 Old York Rd. Suite 518
Jenkintown, PA  19046
Telephone:  (215) 886-1900
Facsimile:  (215) 886-1909
Email: felgoiselaw@verizon.net

Roy Jacobs (*pro hac vice* to be filed)
**ROY JACOBS & ASSOCIATES**
One Grand Central Place
60 East 42nd Street 46th Floor
New York, NY  10165
Telephone:  (212) 867-1156
Facsimile:  (212) 504-8343
Email: rjacobs@jacobsclasslaw.com

PASKOWITZ MOT. TO CONSOLIDATE AND APPOINT LEAD [09-cv-01485-RSL] - 8

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800