**Exhibit B**

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY and DONOVAN LEE, Individually and on Behalf of all Others Similarly Situated, | No. C09-1485RSL |
| Interim Lead Plaintiffs, | **SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| v. | |
| INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company, | **JURY TRIAL DEMAND** |
| Defendants | |
| v. | |
| ADAPTIVE MARKETING, LLC, a Delaware Limited Liability Company, | |
| Third Party Defendant. | |

## I.   NATURE OF ACTION

Interim Lead Plaintiffs Bruce Keithly and Donovan Lee ("Plaintiffs") file this amended, consolidated Complaint, individually and on behalf of a class of similarly situated parties.  This Complaint also consolidates *Paskowitz v. Intelius et al*, filed on June 2, 2010, Case No. 10-cv-909RSL.  Plaintiffs complain and allege the following:

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 1

958946.1 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1      1.      Intelius, Inc. and its wholly-owned subsidiary/affiliate, Intelius Sales LLC,

2  (collectively, Intelius, Inc. and Intelius Sales LLC are referred to as "Intelius") market

3  products and services on the Internet.  Among the services Intelius offers on the Internet are

4  "reverse" cell phone and land-line directories, "people search" directories and "background

5  check" information.  When class members sign up for such services, they provide their

6  credit/debit card information.  Through Intelius' misleading "in-cart marketing" and "post-

7  transaction marketing" efforts on its website, when the consumer purchases an Intelius

8  product, the consumer also unknowingly enrolls in a subscription-based service with Intelius

9  or Adaptive Marketing, LLC.  The details and/or benefits of those subscription services

10  generally are never made known to the consumer, yet the consumer is then later billed a

11  significant monthly fee -- often $19.95/month -- in perpetuity.

12      2.      The situation described above is a result of a July 10, 2007 marketing

13  agreement (the "Marketing Agreement") between Intelius Sales, LLC and Adaptive Marketing

14  that provides for Intelius to transmit to Adaptive all the credit card and customer information it

15  receives from selling Intelius products.  For its part, Adaptive pays Intelius -- an undisclosed

16  fee for each customer.  In this way, Adaptive is able to foist unwanted services (and the related

17  monthly charges) on unsuspecting consumers without full or adequate disclosure.  Upon

18  information and belief, this alliance between Intelius and Adaptive has caused consumers to

19  unknowingly pay Adaptive (and thus, indirectly, Intelius) millions of dollars in non-existent

20  and/or unwanted services.

21      3.      Plaintiffs, on behalf of themselves and all others similarly situated, bring claims

22  against Defendants based on Defendants' practice of collecting money from consumers

23  through the deceptive practice involving the promotion and delivery of unordered

24  subscriptions by Intelius and Adaptive.  Defendants' conduct constitutes a violation of the

25  Washington Consumer Protection Act, a breach of contract and, in the alternative, unjust

26  enrichment.

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 2

958946.1 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.   JURISDICTION AND VENUE

4.      This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332. In the aggregate, the claims of Plaintiffs and the members of the Class exceed the jurisdictional minimum amount in controversy of $5,000,000.00, exclusive of costs and interests, 28 U.S.C. § 1332(d)(2)(A) and § 1332(6).  Additionally, this is a class action in which some of the members of the Class are citizens of a different state than the Defendants.

5.      This Court has jurisdiction over Defendants because Intelius, Inc. maintains its principal headquarters in Washington.  Both Defendants conduct business in Washington, and otherwise intentionally avail themselves of the markets within Washington, through promotion, marketing and sale of their products in Washington, rendering the exercise of jurisdiction by this Court appropriate.

6.      Venue is proper in this District of Washington pursuant to 28 U.S.C. § 1391 because Defendants are domiciled in this District and/or because they provide services to Class members located in this District, conduct substantial business in this District, or otherwise have sufficient contacts with this District to justify them being fairly brought into court in this District.

## III.   PARTIES

### A.      Interim Lead Plaintiffs

7.      Plaintiff Bruce Keithly is a resident of Washington state.  In April 2009 Mr. Keithly believed he purchased a background report search from Intelius for $39.95 using a credit card.  Unbeknownst to him, shortly after he purchased the Intelius report, Mr. Keithly incurred a $19.95 charge for an "Identity Protect" service that he did not knowingly order. When Mr. Keithly read his credit card statement he learned that he had been billed $39.95 for the service he thought he had ordered, but he also discovered a $19.95 charge noted only as "Intelius Subscription."  This $19.95 charge was for the "Identity Protect" service. Even after

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

958946.1 1

1    calling to cancel the "Identity Protect" service -- and the Company refused to give him a

2    refund -- he was charged another $19.95 for this "service."

3           8.     Plaintiff Donovan Lee is a resident of Ohio.  In June 2008, Plaintiff Lee paid

4    for a search report from Intelius using a credit card.  Unbeknownst to him, shortly after he

5    purchased the Intelius report, Plaintiff Lee incurred monthly charges for unordered services.

6    The services -- which were each billed to the Plaintiff's credit card at $19.95 per month --

7    appeared on the credit card statements as "Family Protect," "AP9*Family Safety Repo-V" and

8    "Intelius Subscription."  As a result, Plaintiff Lee was wrongfully charged hundreds of dollars

9    for a service that he did not knowingly order and which provided him no benefits.

10           9.     By order of the Court, Plaintiffs Keithly and Lee are acting as Interim Lead

11    Plaintiffs on behalf of the Class.

**B.**    **Defendants**

13           10.    Defendant Intelius, Inc. is a Delaware Corporation with its principal place of

14    business at 500 108th Avenue, NE, 25th Floor, Bellevue, WA 98004.  Intelius provides

15    intelligence services to consumers over the Internet.  At all times relevant to this complaint,

16    Intelius controlled Intelius Sales, LLC on a day-to-day basis.  Upon information and belief,

17    Intelius, Inc. owns and operates the Intelius.com website and receives a substantial portion of

18    the monies obtained by Intelius Sales from Adaptive as the result of the Marketing Agreement

19    described above.

20           11.    Defendant Intelius Sales, LLC ("Intelius Sales") is a Nevada limited liability

21    company with its principal place of business at 500 108th Avenue, NE, 25th Floor, Bellevue,

22    WA 98004.  Intelius Sales is a wholly-owned subsidiary/affiliate of Intelius, Inc. and was

23    party to the Marketing Agreement with Adaptive Marketing described above.

24

25

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## IV.   SUBSTANTIVE ALLEGATIONS

**A.    Intelius Improperly Enrolls Class Members for Monthly "Subscriptions," Netting Defendants Millions of Dollars**

12.    Describing itself as an "information commerce company," Intelius provides on-line intelligence services and search and marketing services to consumers and enterprises. Among other things, Intelius generates revenue from consumers who purchase its intelligence services on a pay-per-use basis.

13.    Among other products, Intelius offers such services as "reverse" cell phone directories, identity protection services and "background checks."  Intelius sells its services through its network of websites, which Intelius claims was one of the top 100 most visited web properties in the U.S. for April 2008.  According to Intelius, it has established relationships with leading online portals and directories, including Idea, Microsoft, Yahoo! and YELLOWPAGES.COM, that market its services on their websites and direct visitors to Intelius websites.  According to Intelius, since its inception in January 2003, it has processed more than 16 million orders and over four million customer accounts have purchased its services.

14.    When a consumer purchases an Intelius service, Intelius makes available an "Intelius Consumer Site Terms and Conditions" page which purportedly governs the use of the Intelius databases.  Under the Terms and Conditions, the provision and use of Intelius's databases are governed by Washington law.  The Terms and Conditions also require that all customers use a valid credit card for the purchase of any good or service on the Intelius site.

15.    The Terms and Conditions are supplemented by a privacy policy that is also posted on Intelius's site ("Privacy Policy"), attached hereto as Exhibit 1.  The Privacy Policy provides that:

a.   Intelius will only share a customer's payment information with third parties for the purpose of fulfilling a transaction request when the customer requests a product or service from the Intelius website;

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 5

958946.1 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

b.  Intelius will offer a customer the opportunity to choose whether or not to have his information used for marketing purposes before sharing the customer's information with third parties for marketing purposes.

16.     Although Intelius derives revenue by directly offering services to customers, it also derives substantial revenue from "in-cart marketing" and "post-transaction marketing."

17.     "In-cart marketing" and "post-transaction marketing" have several deceptive features in common, including (1) an offer made after the customer has selected the product(s) he wants; (2) confusing incentives; (3) disclosures minimized on the screen and buried in the middle of the transaction and not repeated at the end of or in confirmatory emails; (4) negative pricing and/or free-to-pay conversion features; and (5) billing done in amounts and under names that make detection less likely.

18.     "In-cart marketing" is a process by which Intelius offers other services to customers, when offering a discount on the purchase price of the previous selected Intelius product, and without an explanation until later webpages that the additional service is "free" only for a set period of time.   The consumer's credit or debit card is then later billed, often 7 days later, if the consumer does not actively cancel the service, and is billed thereafter on a monthly basis.  This is called "free-to-pay" conversion.

19.     "Post-transaction marketing" is the process by which Intelius offers at least one third party, Adaptive Marketing ("Adaptive"), the opportunity to use Intelius's website for marketing after the consumer has completed his or her transaction of purchasing an Intelius product. Adaptive offers a variety of membership programs (the "Adaptive Programs") on the Internet.  Among the Adaptive Programs are: "24 Protect Plus," "Privacy Matters," "ValueMax," and "Family Safety."

20.     Pursuant to the July 10, 2007 Marketing Agreement, when Plaintiffs and any member of the Class pay for one of the Intelius services, Intelius then transfers the consumers' credit/debit card and other billing information to Adaptive.  Plaintiffs and Class members are

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

then surreptitiously enrolled in one or more of the Adaptive programs, and are billed for these unwanted services on a monthly basis.

21.     While Adaptive may be a separate entity purportedly providing these services to consumers, the consumers end up with these unwanted services through the direct actions of Intelius via the Intelius websites, and the language on the Intelius website has the tendency to mislead customers into unknowingly signing up for these Adaptive Programs.  As explained in a March 2009 "Seattle Weekly" article:

> [M]any users apparently failed to realize they are giving such consent, and it's easy to see why.  Say you do a "people search" through Intelius, a service that costs $1.95 and provides an individual's phone numbers, addresses, birthday, relatives, and other information.  After you enter your credit-card number, a page comes up thanking you for your order in big, bold type.  In somewhat smaller and less-bold type, it also says you can get $10 back as a member of ValueMax (an Adaptive program offering discounts at stores like Kmart and Bed Bath & Beyond).  In really small, regular type, it tells you that membership will entail your credit card being charged $19.95 a month after a "7-day FREE trial period."
>
> Remember, you still haven't gotten access to the information you paid for.  To get it, you have two choices:  Click on the big orange rectangle, off to the side of all these instructions that says "YES, and show my report," or click on the small black one-line link that says "No, show my report."  The YES button is what gets you monthly ValueMax fees.

22.     A May 2008 "TechCrunch" article describes an equally deceptive manner by which Intelius causes consumers to unknowingly "order" Adaptive products:

> Every time a customer buys a product at Intelius, they are shown a page telling them "Take our 2008 consumer Credit Survey and claim $10.00 CASH BACK with Privacy Matters Identity."  The user is then shown two survey questions and asked to enter their email and click a large orange button.  They can choose to skip the survey by clicking on a small link at the bottom of the page.
>
> Undoubtedly a lot of consumers do the survey and move forward to the next page -- it only takes a second.  But what most people don't do is read the fine print, which gives no real details on the $10 cash back (in fact, it is never mentioned again, anywhere).  Instead, in light gray small text, users are told that by taking the survey they are really signing up to a $20/month subscription.  Intelius forwards your personal information, including your credit card, to Adaptive marketing.  The next day a $20 charge appears on your credit card, and each month afterwards.

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 7

958946.1 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

* * *

2    Of course you never hear from Adaptive Marketing again (why take a chance that
3    you'll wonder who they are).  Instead, the credit card charges keep coming, and
     the company obviously hopes you never notice.

4    This survey is quite literally a complete and total scam.  And since users continue
5    to pay forever (or until they try to stop it), the contribution to Intelius' revenue
     grows significantly over time.

6         23.      Defendants' process of "post-transaction marketing" of the Negative Option

7    Programs uniformly proceed as follows:

8         (a)      Consumers select from a menu of Requested Information from Intelius.com and

9    add them to their online shopping cart;

10        (b)      Customers enter their credit/debit card and billing information on an order

11   confirmation page and purchase the Requested Information by clicking a button that states

12   "Complete the Purchase and Show My Report;"

13        (c)      Before the Intelius.com website provides customers their report containing the

14   Requested Information, the Intelius.com website takes them to an "interstitial" page --a web page

15   that is displayed before or after an expected content page -- containing the post-transaction up

16   sell marketing for the Negative Option Programs.  The interstitial page for the Programs requires

17   customers of www.intelius.com to affirmatively decline the Negative Option Program offer in

18   order to avoid being enrolled and charged, and to confirm their prior purchase of the Requested

19   Information;

20        (d)      If the consumer enters their email address and clicks a large, prominent red button

21   on the interstitial page stating: "YES, And show my report" (the "Confirmation Button"), they

22   are taken to another page containing their Requested Information.  Defendants do not further

23   mention the Negative Option Program(s) on the Intelius.com website, or provide any kind of

24   confirmation of the purported enrollment or transcription receipt.

25

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

24.     Defendants' interstitial page for the Negative Option Programs uses the following (non-exhaustive) tactics, which, taken together or separately, make the page likely to deceive a reasonable consumer;

(a)     Prominently featuring and highlighting certain language on the interstitial page in large font size, and color highlights, including (1) "Thank You your order has been successfully completed" above "$10.00 CASH BACK," or (2) "FREE CREDIT REPORT" above "Please type in your email address below" above a large button stating "YES, And show my report." These highlighted statements distract attention away from any purported disclosures concerning the Negative Option Programs;

(b)     Using a confirmation button that misleadingly states "YES, And show my report" instead of the button Intelius uses for the Requested Information order confirmation page: "Complete the Purchase and Show My Report" that creates the impression that the interstitial page is part of consumers' prior purchase of the Requested Information;

(c)     Failing to format the "No, show my report" link on the interstitial page to appear as a button or the appearance of an internet link, and using small grey lettering that blends in with the page background;

(d)     Obfuscating any purported disclosures in gray lettering no larger than approximately half the size of other highlighted information;

(e)     Burying key language concerning the cost, charge to the credit/debit card used to purchase Requested Information, the "free-to-pay" conversion feature, and phone number to cancel the Negative Option Program below unrelated text, in the middle of a block paragraph with extremely low readability scores that require high levels of sophistication and/or education to understand;

(f)     Using "preacquired account information" and the entry of an email address as a proxy for re-entering payment information to confirm acceptance of the Programs; and

(g)     Offering the Programs on a "free-to-pay" basis.

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 9

958946.1 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

25.     On information and belief, and as alleged in another action against Intelius, Intelius hires psychologists and behavioral specialists to carefully design the interstitial page to hit human psychological cues and obfuscate any purported disclosures, in an effort to cause Plaintiffs and the Class to inadvertently enroll in the Negative Opinion Programs.

26.     The language contained on the Intelius websites has the capacity to deceive a substantial portion of the public to initially purchase Adaptive products.  Moreover, pursuant to the terms of the Marketing Agreement, Intelius makes it difficult for the reasonable consumer to inquire about or cancel the Adaptive Program even when the consumer discovers that he/she is being charged for the Adaptive Program.  For example, the Marketing Agreement specially prohibits Intelius from communicating with any customer with respect to an Adaptive Program, without Adaptive's prior written consent.  Moreover, the Adaptive Programs are sometimes also listed on the consumer's charge card bill as an "Intelius Subscription" or "Intelius.com" charge, thereby further obfuscating what the charge constitutes.

27.     Intelius thus enrolls Plaintiffs and the Class members into Adaptive Programs without adequately disclosing, among other things:  (1) that the consumers are being enrolled in the Adaptive Programs without their authorization or consent; (2) the amount of the recurring charges by Adaptive and/or Intelius; (3) the terms and conditions involved in the Adaptive Programs; and (4) the manner by which the consumer may cancel those services.

28.     The fact that Intelius website marketing of Adaptive Programs is plainly deceptive to a substantial portion of the public is borne out in, among other things, the hundreds -- if not thousands -- of complaints received by the Washington State Attorney General office and the Better Business Bureau.  The Washington State AG is actively investigating Intelius for the unfair and deceptive practices alleged herein.

29.     The Intelius site is so deceptive, that even "sophisticated" consumers are being misled.  As reported in the "Seattle Weekly" article:

> Stephen Kropp of Renton says he inadvertently signed up for an Intelius identity-theft subscription last summer after purchasing a phone number from the

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 10

958946.1 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

company.  Sometime later, he says, he noticed a $19.95 charge on his debit card.  Looking through past statements, he realized the company had been charging him for six months, collecting a total of $120.  "I just wanted a phone number," says Kropp.  "The service they were offering was completely unrelated to what I was asking for" and hadn't provided him any benefits that he could see.  He says Intelius initially refused to refund all but one month of the fees, but agreed to return the rest after he wrote to [the Attorney General's] office.

Like many of those complaining, Kropp is not a computer neophyte.  A civil engineer, he works for an environmental consulting firm called Entrix, where he designs salmon habitat restoration projects, among other things -- all using software, of course.  "I'm pretty much a computer nerd," he says.

That's the thing that bothers Brenda Piampiano, a Maine attorney who was hit with $40 worth of charges for an Adaptive service she says she never intentionally signed up for.  The service is called "Family Safety," and promises to allow consumers the ability to monitor sex offenders in their neighborhoods.  "I'm a relatively savvy person with a law degree, and I use the computer absolutely all the time," she says.  "I feel like if I can get taken into these things, anybody can."

30.     Intelius derives substantial revenue as the result of its deceptive sale of Adaptive Programs.  According to its SEC data, by the end of first quarter 2008, 38.9% of Intelius' revenue was the result of its agreement with Adaptive.

31.     Intelius' October 19, 2009 Form S-1 filed with the SEC (the "Form S-1"), states that:

Sales of ... post-transaction advertising of other subscription services, appear to be the focus of many customer complaints, and our efforts to reduce the incidence of complaints may also reduce our revenues from ... our advertising.

* * *

[W]e are currently on probation with one of our payment card associations as a result of elevated levels of chargebacks.

* *

The office of the Washington State Attorney General has started a formal inquiry, including depositions of some of our executives, about some of our business practices, particularly those involving our business relationship with Adaptive Marketing and associated with our sales of subscription services.

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 11

958946.1 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

32.     Defendants recognize that the misleading manner in which the Negative Option Programs are disclosed, and by which customers are enrolled therein is the primary reason for the revenue resulting from these Negative Option Programs.  Intelius' Form S-1 states that: "if the manner in which [Adaptive] advertises its services on our websites is changed so that fewer customers accept the offers, our financial results could be harmed."

**B.     Congressional Testimony and Findings Demonstrate the Deception Inherent in Intelius's In-Cart and Post-Transaction Marketing**

33.     On November 16, 2009, the Senate Committee on Commerce, Science and Transportation, Office of Oversight and Investigations issued a Staff Report for Chairman John D. Rockefeller on post-transaction marketing titled Aggressive Sales Tactics on the Internet and Their Impact on American Consumers (the "Rockefeller Report" by the "Senate Committee").  The Rockefeller Report was followed by a hearing on the matter before the entire Senate Committee.

34.     The Rockefeller Report focused on, *inter alia*, Intelius's partner, Adaptive, and its parent company, Vertrue, Inc., and concluded that "It is clear at this point that [Adaptive] use[s] highly aggressive sales tactics to charge millions of American consumers for services the consumers do not want and do not understand they have purchased."  The Staff Report states that Intelius has received over $10 million in income from post-transaction marketing.

35.     At the Senate Hearing on November 17, 2009, Florencia Marotta-Wurgler, a professor of business at New York University explained how post-transaction marketing inverts norms of e-commerce and defies consumer expectations:

> Consumers who access the Internet can quickly access the sites of thousands of different vendors.  The reason why consumers can comfortably browse and window shop without having to delve into the fine print governing each vendor's site is that, based on experience, they know that until they follow some well-established steps, they are not financially bound to the vendor.  In almost all consumer transactions online, consumers select a product or service and complete a multi-step checkout process that requires entering a preferred payment method as well as shipping and billing addresses.  When the transaction is completed, consumers are presented with a confirmation page with details of the completed transaction.  This norm of online commerce is what allows consumers to safely

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

explore the web, become informed about advertisement offers and complete transactions online.  The fact that this norm has been widely accepted and in a way standardized has helped drive the explosive and economically beneficial growth of online transactions.

36.     In testimony before the Senate Committee, Robert Meyer, a professor of marketing at the Wharton School, specifically identified the Intelius website as an example of deceptive post-transaction sales tactics, attaching Intelius's webpages and highlighting step by step how Intelius deceives its customers.  Professor Meyer also explained how the architecture of a website like Intelius's "is effective in achieving deception by exploiting a series of well-known psychological biases that impede consumers' abilities to make fully informed choices in online and offline settings."

37.     Robert McKenna, the Washington State Attorney General ("Washington AG"), submitted testimony to the Senate Committee about the state's investigation into certain Internet companies.  The Washington State AG's office is currently conducting an investigation of Intelius, and has conducted depositions of Intelius executives.  Mr. McKenna, describing Intelius's website, testified in a prepared statement that:

> After a consumer places an order for a product or service and enters his or her payment information on an ecommerce site, an offer for $10 cash back for filling out a survey appears on the screen. The impression left on the consumer by the Web page is that he or she should fill in the survey, enter his or her email address (sometimes twice) and click on the button to complete his or her purchase and claim the $10 cash back. In fact, by clicking on the button, the consumer is purportedly agreeing to be enrolled in a free trial for a membership program that will be charged automatically on a recurring monthly (or, in some cases, annual) basis to the account the consumer used to make the purchase of the product or service. The fine print on the Web page discloses that by clicking on the button associated with completing the purchase or submitting the survey, the consumer is purportedly authorizing the e-commerce site to transmit the consumer's financial account information to an undisclosed third party. Despite the disclosures, the offer misleads consumers into believing that the offer is for $10 cash back for taking a survey, not an offer for a trial in a membership program, which is the "true" offer and is disclosed only in the fine print. In general, the offers appear to be coming from the e-commerce site and do not disclose the third party that is actually making the offer.

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 13

958946.1 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

The Washington Attorney General's Office has been able to identify several hundred consumer complaints filed with our office in the last two years alone that involve the consumer having been enrolled in a membership program without his or her knowledge and having been automatically billed for the program without his or her authorization.

Based upon these complaints and extensive investigations, we have observed a number of significant problems with this form of marketing, including:

1. Consumers do not expect that the financial account information that they provide for one transaction will result in ongoing charges placed by a third-party company;

2. Consumers have difficulty identifying and contacting the seller of the membership program to cancel or otherwise terminate any ongoing or recurring obligation because the sellers frequently do not identify themselves in the offers;

3. Sellers use a variety of distractions to obscure the "true" offer, e.g., offering cash back on the consumer's primary purchase and using "consumer surveys"; and

4. The use of words "free" or "trial offer" to market free-to-pay conversions leads consumers to believe that they do not have to take further action in order to avoid ongoing charges.

C.   **Intelius's Practices Are Deceptive and Unfair Under Federal Trade Commission Standards**

38.     The FTC has found that the type of data-passing that Intelius engages in (also referred to as "preacquired account information" marketing) is at odds with consumer expectations and thus deceptive and unfair in the analogous setting of telemarketing.  In issuing a rule that regulates this practice in the context of telemarketing, the FTC concluded:

The record makes clear, in fact, that it is the very act of pulling out a wallet and providing an account number that consumers generally equate with consenting to make a purchase, and that this is the most reliable means of ensuring that a consumer has indeed consented to the transaction…[T]he Commission still believes that whenever preacquired account information enables a seller or telemarketer to cause charges to be billed to a consumer's account without the necessity of persuading the consumer to demonstrate his or her consent by divulging his or her account number, the customary dynamic of offer and acceptance is inverted.

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 14

958946.1 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

39.     On the basis of marketplace norms and consumer expectations, the FTC determined that the use of preacquired account information is fair within the meaning of the Federal Trade Commission Act only if a vendor obtains the consumer's express, informed consent to the use of that billing information:

> [I]n every transaction, the seller or telemarketer must obtain the consumer's express informed consent to be charged for the goods or services or charitable contribution, and to be charged using the identified account. 'Express' consent means that consumers must affirmatively and unambiguously articulate their consent. Silence is not tantamount to consent; nor does an ambiguous response from a consumer equal consent. Consent is 'informed' only when customers or donors have received all required material disclosures under the Rule, and can thereby gain a clear understanding that they will be charged, and of the payment mechanism that will be used to effect the charge. Of course, the best evidence of "consent" is consumers' affirmatively stating that they do agree to purchase the goods or services (or make the donation), identifying the account they have selected to make the purchase, and providing part or all of that account number to the seller or telemarketer for payment purposes (not for purposes of "identification," or to prove "eligibility" for a prize or offer, for example).

40.     Where preacquired account information is used for billing in a free-to-pay conversion, the FTC has required affirmative action on the part of the consumer before consent can be inferred.  Under the FTC's telemarketing sales rule, Intelius's use of preacquired account information in conjunction with its Negative Option Programs on a "free-to-pay" conversion is not based upon express, informed consent; rather, it is an abusive practice.  While Intelius engages in this unfair and deceptive practice on the Internet, and not via telemarketing, final orders of the FTC may provide guidance when interpreting the Washington Consumer Protection Act.  RCW § 19.86.920.

## V.     CLASS ACTION ALLEGATIONS

41.     Plaintiffs and the Class reallege the proceeding paragraphs as if fully set forth herein.

42.     This class action is brought and may be maintained under Fed. R. Civ. P. 23 (b)(2) and (b)(3).  Plaintiffs bring this action on behalf of the following nationwide class:

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 15

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

958946.1 1

1
2
3
4

All persons located within the United States who provided credit or debit card information to an Intelius-owned, -operated, or –controlled website and were subsequently charged for products and/or services offered via post-transaction or in-cart marketing by or for the benefit of Intelius and/or Adaptive Marketing LLC without the consumers' prior informed authorization or consent.

5
6
7

43.    Plaintiffs reserve the right to modify the class definition before moving for class certification, including a reservation of the right to seek to certify subclasses, if discovery reveals that modifying the class definition or seeking subclasses would be appropriate.

8
9
10
11

44.    Excluded from the Class are governmental entities, Defendants, Defendants' affiliates, agents, parents, subsidiaries, employees, officers, directors, and immediate family members.  Also excluded from the Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

12
13
14
15
16

45.    Plaintiffs do not know the exact number of Class members, because such information is within the exclusive control of Defendants.  Intelius boasts that it has sold to over four million customer accounts.  The members of the Class include Washington residents and are so numerous and geographically dispersed across the United States that joinder of all Class members is impracticable.

17
18
19
20
21

46.    Defendants have acted with respect to the Class in a manner generally applicable to each Class member.  There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members.  The questions of law or fact common to the Class predominate over any questions affecting only individual members and include, but are not limited to, the following:

22
23
24

A.    Whether Defendants misstated, omitted or concealed material facts concerning the Adaptive Programs, and whether such misstatements, omissions or concealment of material facts deceived, or are likely to mislead and deceive consumers using Intelius websites;

25
26

B.    Whether Defendants' acts and omissions as described above constitute a violation of the Washington Consumer Protection Act (the "CPA");

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   C.   Whether Defendants' unauthorized use and/or transmission of Plaintiffs' and

2   Class members' billing information constitutes a breach of contract;

3   D.   Whether Defendants have been unjustly enriched by this scheme, in which

4   Plaintiffs are promised rebates and billed for products and services that are never delivered

5   and/or utilized;

6   E.   Whether Plaintiffs and the members of the Class have been damaged by

7   Defendants' wrongs complained of herein, and if so, whether Plaintiffs and the Class are entitled

8   to injunctive relief;

9   F.   Whether Plaintiffs and the members of the Class have been damaged by

10   Defendants' wrongs complained of herein, and if so, the measure of those damages and the

11   nature and extent of other relief that should be afforded;

12   G.   Whether treble damages should be awarded to Plaintiffs and the members of the

13   Class for Defendants' violations of the Washington CPA, as alleged herein;

14   H.   Whether Plaintiffs and the members of the Class should be awarded attorneys'

15   fees and the costs of suit for Defendants' violation of the Washington CPA, as alleged herein;

16   and

17   I.   Whether Plaintiffs and the members of the Class are entitled to declaratory relief

18   for Defendants' statutory violations alleged herein.

19   47.   Plaintiffs' claims are typical of the claims of the other members of the Class in

20   that all members of the Class have been harmed in substantially the same way by Defendants'

21   acts and omissions.

22   48.   Plaintiffs are each an adequate representative of the Class.  Plaintiffs are

23   committed to prosecuting this action and have retained competent counsel experienced in

24   litigation of this nature.  Plaintiffs seek no relief that is antagonistic or adverse to other members

25   of the Class.

26

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 17

958946.1 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

49.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class.  Moreover, litigation on an individual basis could be dispositive of the interests of absent Intelius customers, and substantially impair or impede their ability to protect their interests.

50.     In view of the complexity of the issues presented and the expense that an individual Plaintiff would incur if he or she attempted to obtain relief from Intelius, the individual claims of Class members are monetarily insufficient to support separate actions.  Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of in this Complaint.

51.     Plaintiffs do not anticipate any difficulty in managing this action as a class action.  The identities of the Class members are known by Defendants, and the measure of monetary damages can be calculated from Defendants' records.  The claims will be governed under Washington law in accordance with Intelius's Terms and Conditions.  This action poses no unusual difficulties that would impede its management by the Court as a class action.

## VI.   CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### Violation of Chapter 19.86 R.C.W., Washington Consumer Protection Act

52.     Plaintiffs and the Class reallege the preceding paragraphs as if fully set forth herein.

53.     This cause of action is asserted on behalf of Plaintiffs and the Class.

54.     The Washington Consumer Protection Act, RCW 19.86 *et seq.,* provides consumers with a comprehensive procedure for redressing Defendants' unfair or deceptive business practices.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

55.     RCW 19.86.090 provides a private right of action to any person injured in his property by an "unfair or deceptive act or practice."

56.     Defendants' acts and omissions as alleged herein violate the Washington CPA because they: (1) are unfair or deceptive acts or practices; (2) are committed in the course of Defendants' business; (3) have a pervasive public interest impact and have the potential to deceive a substantial portion of the public; and (4) have caused injury to Plaintiffs in their business and/or property and the members of the Class.

57.     As a result of Defendants' deceptive acts and practices as alleged herein, Plaintiffs and the members of the Class paid for unwanted and unused services. Defendants' actions and inactions as alleged herein are the proximate cause of injury to Plaintiffs and the Class in an amount to be proven at trial.

58.     Pursuant to RCW 19.86.090, Plaintiffs seek damages on behalf of themselves and each Class member against all Defendants for Plaintiffs' actual damages sustained as a result of Defendants' actions and inactions alleged herein, in an amount to be determined at trial, but not less than $5,000,000, as well as the costs of this suit and reasonable attorneys' fees.

59.     Further, pursuant to RCW 19.86.090, Plaintiffs seek treble damages on behalf of themselves and each Class member for their actual damages sustained as a result of Defendants' unfair and deceptive acts in the amount to be determined at trial, but not less than $5,000,000.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

60.     Plaintiffs and the Class reallege the preceding paragraphs as if fully set forth herein.

61.     Plaintiffs and members of the Class have provided billing information to Intelius for the express purpose of purchasing Intelius products selected by Plaintiffs and Class members. Intelius used that information for its own benefit in one of two ways:  (1) Intelius transmitted customer billing information to a third-party that paid Intelius for transmitting the data or (2)

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 19

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

958946.1 1

Intelius used customer billing information to bill Plaintiffs and Class members for products and services that were not selected by them.

62.     By Intelius's design, customers do not receive rebates, services, products or other benefits offered in Intelius's post-transaction and in-cart marketing offers.

63.     Intelius's conduct before and after these transactions demonstrates a purposeful plan to enrich itself without providing any benefit to Plaintiffs and Class members.  Intelius designed its website, in consultation with psychologists and behavioral specialists, to lead consumers through on-line transactions that reflect no additional purchases or costs to the customer related to post-transaction and in-cart marketing offers.  Intelius, by agreement with Adapative, refuses to discuss post-transaction advertisements and purchases with its customers, thus depriving Plaintiffs and Class members of any guidance or assistance in canceling unwanted subscription or obtaining refunds for improper charges.

64.     Through this scheme, Defendant has been knowingly and unjustly enriched at the expense of and to the detriment of Plaintiffs and Class members.

65.     Plaintiffs seek disgorgement of all monies received by Intelius as a result of credit and debit card charges to Plaintiffs' and Class members' for products and services offered in-cart and post-transaction as described above.

### THIRD CAUSE OF ACTION

**Breach of Contract**

66.     Intelius's Privacy Policy provides that Intelius can share Plaintiffs' billing and personal information with third parties only under limited circumstances including when:

     a.  Plaintiffs request a product or service offered by Intelius or a third party;

     b.  Plaintiffs elect to permit Intelius to share their personal information with a third party for marketing purposes.

67.     Intelius breached the Privacy Policy, and the covenant of good faith and fair

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

958946.1 1

dealing implied therein, by transferring Plaintiffs' billing information to third parties in connection with the post-transaction marketing scheme described above when Intelius did not have a request from Plaintiffs to buy a post-transaction product or service or a request from Plaintiffs to transfer their information to third parties or Plaintiffs' informed, affirmative consent to do so.

68.     Intelius breached the Privacy Policy, and the covenant of good faith and fair dealing implied therein, by transferring Plaintiffs' billing information to financial institutions for credit and debit card processing in connection with the in-cart marketing scheme described above when Intelius did not have a request from Plaintiffs to buy an in-cart product or service or a request from Plaintiffs to transfer their information to third parties or Plaintiffs' informed, affirmative consent to do so.

69.     As a direct, foreseeable, and proximate result of Defendants' breach, Plaintiffs and the other Class members sustained damages, in an amount to be determined at trial.

70.     Plaintiffs seek, for themselves and all Class members, an award of actual damages, attorneys' fees and costs as provided by law.

## FOURTH CAUSE OF ACTION

### Breach of Contract

71.     Intelius's Terms and Conditions establish that the provision and use of the databases housed on Intelius's website, and payment for the use of those databases, is governed by Washington law.

72.     Under Washington law (the Washington Consumer Protection Act, Ch. 19.86.020 R.C.W.), unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.  Thus, under the Terms and Conditions, as well as the covenant of good faith and fair dealing implied therein, Intelius is prohibited from engaging in unfair and deceptive acts or practices.

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 21

958946.1 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

73. As described above, Intelius engages in unfair and deceptive practices when it uses post-transaction and in-cart marketing tactics to enroll its customers in subscription services and programs.

74. By engaging in conduct that violates the Washington Consumer Protection Act, Intelius is in breach of its express contractual agreement to be governed by Washington law and the covenant of good faith and fair dealing implied in the Terms and Conditions.

75. As a direct, foreseeable, and proximate result of Defendants' breach, Plaintiffs and the other Class members sustained damages, in an amount to be determined at trial.

76. Plaintiffs seek, for themselves and all Class members, an award of actual damages, treble damages, attorneys' fees and costs as provided by law, including, but not limited to, the Washington Consumer Protection Act.

## FIFTH CAUSE OF ACTION

### Breach of Contract

77. Intelius's Terms and Conditions require its customers to provide a valid credit card to pay the fees associated with their use of the Intelius website.

78. Plaintiffs provided valid credit and credit/debit cards to purchase goods and/or services on Intelius's website.

79. In connection with the post-transaction and in-cart marketing schemes described above, Intelius subsequently:

a. charged Plaintiffs' credit and credit/debit cards for goods and/or services that Plaintiffs did not knowingly select, purchase, and/or use, and/or

b. transferred Plaintiffs' credit and credit/debit cards information to third parties knowing that the third parties would charge Plaintiffs' credit and credit/debit cards for goods and/or services that Plaintiffs did not knowingly select, purchase and/or use.

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 22

958946.1 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

80.     In using Plaintiffs' credit and credit/debit card information for purposes neither requested by Plaintiffs nor approved by Plaintiffs with their informed, affirmative consent, Intelius breached the Terms and Conditions and the covenant of good faith and fair dealing implied therein.

81.     As a direct, foreseeable, and proximate result of Defendants' breach, Plaintiffs and the other Class members sustained damages, in an amount to be determined at trial.

82.     Plaintiffs seek, for themselves and all Class members, an award of actual damages, attorneys' fees and costs as provided by law.

## SIXTH CAUSE OF ACTION

### Declaratory Relief Under the Declaratory Judgments Act, 28 U.S.C. § 2201

83.     Plaintiffs and the Class reallege the preceding paragraphs as if fully set forth herein.

84.     Defendants' post-transaction and in-cart marketing practices and billing practices have a tendency to mislead and deceive members of the Class.

85.     Defendants' post-transaction and in-cart marketing practices and billing practices constitute a breach of contract.

86.     Plaintiffs and all Class members are entitled to have this Court establish by declaration their rights and legal relations under the Washington CPA, the Terms and Conditions of the Intelius website and Intelius's Privacy Policy.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request for themselves and the members of the Class that the Court enter an order and judgment against Defendants as follows:

(1)     Allowing this action to be brought as a Class action pursuant to Fed. R. Civ. P. 23(b)(2) or 23(b)(3);

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 23

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

958946.1 1

(2)     Adjudging and decreeing that Defendants have engaged in the conduct alleged
herein;

(3)     Declaring that Defendants have violated the Washington CPA by their unfair and
deceptive business acts or practices that have caused injury to Plaintiffs and the
members of the Class;

(4)     Declaring that Defendants have breached the Terms and Conditions of their
website by violating Washington law (specifically, the substantive prohibitions set
forth at RCW 19.86.020);

(5)     Declaring that Defendants have breached the Terms and Conditions of their
website and the Privacy Policy by misusing the billing information provided by
Plaintiffs as required under the Terms and Conditions;

(6)     Declaring that Defendants have breached their Privacy Policy by transferring
Plaintiffs' billing information to third parties without a request from, or the
informed, affirmative consent of, Plaintiffs;

(7)     Declaring that Defendants have been unjustly enriched by the post-transaction and
in-cart marketing tactics described above;

(8)     Awarding Plaintiffs and the Class actual damages for Defendants' violations of
the Washington CPA, breach of contract, and unjust enrichment;

(9)     Awarding Plaintiffs and the Class treble damages under the Washington CPA;

(10)    Awarding Plaintiffs and the Class injunctive and declaratory relief against all
Defendants for violation of the Washington CPA, breach of contract, and unjust
enrichment;

(11)    Awarding Plaintiffs and the Class injunctive and declaratory relief against all
Defendants to ensure that Defendants will not continue to market services with
deceptive or materially misleading information;

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 24

958946.1 1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(12)  Awarding Plaintiffs and the Class injunctive and declaratory relief against all Defendants to ensure that Defendants will not continue to engage in unfair or deceptive business acts or practices;

(13)  Awarding Plaintiffs and the Class restitution damages for Defendants' unfair and deceptive acts and practices in violation of the Washington CPA, breach of contract, and unjust enrichment;

(14)  Awarding Plaintiffs and the Class pre- and post-judgment interest at the highest allowable rate;

(15)  Awarding Plaintiffs and the Class their costs and expenses;

(16)  Awarding Attorneys' fees pursuant to the Washington CPA, the Common Fund Doctrine, as set forth by statute, or as otherwise allowed by law; and

(17)  Granting such other and further relief as this Court may deem just and proper, and equitable.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all issues so triable.

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 25

958946.1 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    DATED this 10th day of February, 2011.

2

3
                              By /s/ Mark A. Griffin
4                                Mark A. Griffin, WSBA #16296
                                 Karin B. Swope, WSBA #24015
5                                David J. Ko, WSBA #38299
                                 1201 Third Avenue, Suite 3200
6                                KELLER ROHRBACK L.L.P.
                                 Seattle, WA  98101
7                                Tel:(206) 623-1900
                                 Fax: (206) 623-3384
8

9                                Andrew N. Friedman
                                 Victoria S. Nugent
10                               Whitney R. Case
                                 COHEN MILSTEIN SELLERS & TOLL
11                               P.L.L.C.
                                 1100 New York Avenue, N.W., Suite 500 West
12                               Washington, DC  20005-3964
                                 Tel: (202) 408-4600
13                               Fax: (202 408-4699
14
                                 *Interim Lead Counsel for the Plaintiff Class*
15
                                 Brian M. Felgoise
16                               FELGOISE LAW FIRM
                                 261 Old York Rd., Suite 518
17                               Jenkintown, PA  19046
                                 Telephone:  (215) 886-1900
18                               Facsimile: (215) 886-1909
                                 Email:  felgoiselaw@verizon.net
19

20
                                 Roy Jacobs
21                               ROY JACOBS & ASSOCIATES
                                 One Grand Central Place
22                               60 East 42nd Street, 46th Floor
                                 New York, NY  10165
23                               Telephone:  (212) 867-1156
                                 Facsimile:  (212) 504-8343
24                               Email:  rjacobs@jacobsclasslaw.com

25
                                 *Additional Plaintiffs' Counsel*
26

SECOND AMENDED CONSOLIDATED CLASS ACTION
COMPLAINT - (09-CV-1485) Page - 26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

958946.1 1

1

<u>**CERTIFICATE OF SERVICE**</u>

2        I hereby certify that on February 10, 2011, I caused to be served a true and correct copy

3  of the SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT on the

4  following recipients via the method indicated:

| 5 | Arthur W. Harrigan, Jr., WSBA #1751 | ☒ Via ECF |
|---|---|---|
| | Tyler Farmer, WSBA #39912 | ☐ Via Hand Delivery |
| 6 | DANIELSON HARRIGAN LEYH & | ☐ Via U.S. First Class Mail |
| | TOLLEFSON, LLP | ☐ Via facsimile to (206) 623-8717 |
| 7 | 999 Third Avenue, Suite 4400 | ☐ Via email to: |
| | Seattle, Washington 98104 |         arthurw@dhlt.com; and |
| 8 | Telephone: (206) 623-1700 |         tylerf@dhlt.com |

9  *Attorneys for Intelius, Inc and*
      *Intelius Sales, LLC*

10

| 11 | Cori Gordon Moore, WSBA #28649 | ☒ Via ECF |
|---|---|---|
| | Thomas L. Boeder, WSBA #408 | ☐ Via Hand Delivery |
| | PERKINS COIE LLP | ☐ Via U.S. First Class Mail |
| 12 | 1201 Third Avenue, 40th Floor | ☐ Via facsimile to (206) 359-3849 |
| | Seattle, Washington 98101 | ☐ Via email to: |
| 13 | |     cgmoore@perkinscoie.com |
| | |     tboeder@perkinscoie.com |

14  *Attorneys for Adaptive Marketing LLC*

15

16        DATED this 10th day of February, 2011.

17

                    /s/ Mark A. Griffin

18                    Mark A. Griffin

19

20

21

22

23

24

25

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# Exhibit 1



Sign In | Register

| People Search | Background Check | Public Records | Reverse Lookup |

# Intelius.com Terms & Conditions

Effective December 2009

Intelius respects your right to privacy and we are committed to protecting it. This statement discloses the information practices for the web pages associated with the domain www.intelius.com (the "Website"), including what type of personal information we gather and track, how we use this personal information, and with whom we share the personal information.

Intelius is a licensee of the TRUSTe Privacy Program. TRUSTe is an independent organization whose mission is to build user's trust and confidence in the Internet by promoting the use of fair information practices. Because this website wants to demonstrate its commitment to your privacy, it has agreed to disclose its information practices and have its privacy practices reviewed for compliance by TRUSTe.

If you have questions or concerns regarding this Policy, you should first contact our Chief Privacy Officer, at privacy@intelius.com. If you do not receive acknowledgement of your inquiry or your inquiry has not been satisfactorily addressed, you should contact TRUSTe at http://watchdog.truste.com/pvr.php?page=complaint&url. TRUSTe will then serve as a liaison with us to resolve your concerns. The TRUSTe program only covers information that is collected through this website, and does not cover information that may be collected through any software downloaded from this Web site.

**Personal Information**

In general, you can visit us on the Internet without telling us who you are and without giving any personal information about yourself. However, you may choose to give us personal information in a variety of situations. For example, you may want to give us information such as your name and address, phone number or e-mail address so we may correspond with you, process an order, or provide you with a subscription or service. You may give us your credit card details to buy a product or service from us, or provide us a description of your education and work experience in connection with a job opening at Intelius for which you wish to be considered. The purpose of this Policy is to inform you of how we will use your information, before you provide it. If you tell us that you do not want us to use this information in this manner or to make further contact with you beyond fulfilling your requests, we will respect your wishes. If you give us personal information about somebody else, such as a spouse or associate, we will assume that you have their permission to do so.

**How to Remove your Information from the Intelius Public Records Databases**

Public records are available from the official public records custodian or repository to anyone who requests them. In order for any database of public records to be useful, the databases must contain all of the information in the public records offices. If you have a compelling privacy or security issue, you may wish to contact the official custodians of those public records that contain sensitive information about you, such as your county's land records office, to determine how to remove your information from the public record. (The process of having public records sealed typically requires a court order.) This process will ensure that the information is not available to the public, to us, or to any other public records information provider.

In addition to public records, personal information may be publicly or commercially available. Publicly available information consists of online and offline information that is generally available but is not maintained by a government agency, such as names, addresses and telephone numbers of individuals and businesses, professional licensing and trade organization information, press releases and newspaper articles and content from blogs or social networking sites. Commercial records consist of information that is maintained by enterprises and is available for purchase, such as marketing and telemarketing lists, phone connect and disconnect information, and business profile data.

As a courtesy we allow you to opt out your personal information from our Website. What this means is that your name as it appears in a particular record and the associated identifying information such as your address and phone number will be suppressed if you request this in the manner described below. However, please note that any time your identifying information appears in a public record or in a publicly or commercially available manner, in a way that is different from the particular record you opted out, it will again appear on our Website. For example, if your address or area code changes, your new information – including other associated identifying information – will again appear unless you opt out the new record. Similarly, if the way in which your name or address appears in a record differs from a record you opted out (e.g., "Michael" instead of "Mike," or "1212 Second AVE NE" instead of "1212-2nd Avenue Northeast"), we may include the differing record. In addition to this Website, there are many other companies offering public records search services, and your request that we opt out your information from this Website will not prevent your information from appearing on these other services.

In order for us to suppress or opt out your personal information from appearing on our Website, we need to verify your identity. To do this, we require faxed proof of identity. Proof of identity can be a state issued ID card or driver's license. If you are faxing a copy of your driver's license, we require that you cross out the photo and the driver's license number. We only need to see the name, address and date of birth. We will only use this information to process your opt out request. Please fax to 425-974-6194 and allow 4 to 6 weeks to process your request. We will only process opt out requests received by fax and no request will be processed without complete information (i.e., name, address and date of birth). Requests for opt out will not be processed over the phone or via email.

**How we Use and Share Personal Information**

The following paragraphs describe in more detail how we may use the personal information you provide to us and with whom we may share it.

Fulfilling your Transaction Request. If you request something from this Website, for example, a product or service, a callback, or specific marketing materials, we will use the information you provide to fulfill your request. To help us do this, we will share information with service providers to help us bring you the products and

services we offer, either directly as the provider of such product or service, or indirectly such as financial institutions for credit card processing, email service providers, outsourced customer service providers, survey providers, or postal service providers. These third parties are prohibited from using your personally identifiable information for any other purpose. We also require these third parties to maintain your personal information in the strictest confidence. In addition, we will give the information you provide to our advertisers from whom you have indicated you want to purchase a product or service.

Communications from Us. When you request something from this Website, we will send you transactional emails related to your service request. You cannot opt out of receiving these communications. However, you can opt in to receive promotional and newsletter emails from us. If you later choose to opt out of receiving these emails, you can unsubscribe by clicking on the link included in the email or logging into your account and changing your preferences.

Marketing Use. The information you provide to us on this Website will also be used, with your permission, by us and selected third parties for marketing purposes. Before we use it, we will offer you the opportunity to choose whether or not to have your information used for this purpose. Otherwise, we do not share, sell, rent, or trade your personal information with third parties for their promotional purposes. In addition, like many websites, we gather certain information automatically (including cookies and log files). This information includes internet protocol (IP) addresses, browser type, internet service provider (ISP), referring/exit pages, operating system, date/time stamp and click stream data. We use this information, which does not identify individual users, to analyze trends, to administer this Website, to track users' movements around this Website and to gather demographic information about our user base as a whole.

Third Party Monitoring. In addition, service providers and other third parties such as advertisers may also use information gathering technologies on this Website (including cookies and beacons) in connection with their services to collect anonymous information. Shared and/or collected information, as described above, is controlled by the relevant affiliated company or third party and is not controlled by us; specifically, (i) such information is governed by the privacy policy and terms of use of the relevant other party and (ii) we will in no way be responsible or liable to you for any data breach by such other party that compromises or otherwise affects your information.

**Intelius Human Resources**

In connection with a job application or inquiry, whether advertised on this website or otherwise, you may provide us with information about yourself, such as a resume or curriculum vitae. We use this information throughout Intelius and our affiliates for the purpose of employment consideration or otherwise responding to your inquiry. Unless you request that we don't, we may keep the information for future consideration.

**Cookies and Other Web Technologies**

We collect non-identifiable information from visits to our Web sites to help us provide better customer service. For example, we keep track of the domains from which people visit, and we also measure visitor activity on Intelius Web sites, but we do so in ways that keep our visitors' identities anonymous. Intelius uses this data to analyze trends and statistics and to help us provide better customer service.

We collect the information we mentioned in the previous paragraphs through the use of various technologies, including one called "cookies". A cookie is a piece of data that a Web site can send to your browser, which is then stored on your computer as an anonymous tag that identifies your computer but not you. Some Intelius pages use cookies, sent by Intelius or its third party vendors, or other technologies to better serve you when you return to the Web site. You can set your browser to notify you before you receive a cookie, giving you the chance to decide whether to accept it. You also can set your browser to turn off cookies. If you do so, however, some Web sites may not work properly. Our Intelius cookies are linked to personal information; however our third party vendor cookies only collect data in the aggregate.

**Online Advertising**

Certain companies help us deliver interactive on-line advertising. These companies collect and use information about customers to help us better understand the offers, promotions, and types of advertising that are most appealing to our customers. After the information is collected, it is aggregated so it is not identifiable to a specific individual.

**Other Voluntary Information**

If you use a blog or submit a testimonial on our website, you should be aware that any personally identifiable information you submit there can be read, collected, or used by other users of these forums, and could be used to send you unsolicited messages. We are not responsible for the personally identifiable information you choose to submit in these forums.

**Disclosures Required By Law**

We reserve the right to disclose your personally identifiable information as required by law and when we believe that disclosure is necessary to protect our rights and/or comply with a judicial proceeding, court order or legal process served on our website.

**Links to Non-Intelius Websites**

This website contains links to other third party websites. We are not responsible for the privacy practices or the content of those other websites.

**Access to your Account**

If you would like to update your personal information in your account such as your name, address or email address, you can do so by logging into your account and updating your personal information.

**Intelius Screening Solutions**

In connection with an authorized employment or tenant screening of an applicant, we collect personally identifiable information about the applicant. We use this information only for the purpose of performing the authorized screening, and conduct such screening in accordance with the Fair Credit Reporting Act. We do not

use this information for any other purpose.

**Information Security**

The security of your personal information is important to us. When you enter sensitive information (such as credit card number and/or social security number) on our registration or order forms, we encrypt that information using secure socket layer technology (SSL).

We follow generally accepted industry standards to protect the personal information submitted to us, both during transmission and once we receive it. No method of transmission over the Internet or method of electronic storage is 100% secure, however. Therefore, while we strive to use commercially acceptable means to protect your personal information, we cannot guarantee its absolute security.

**Enforcement**

We regularly review our compliance with this Policy. Please feel free to direct any questions or concerns regarding this Policy to us by sending an email to our Chief Privacy Officer at privacy@intelius.com or by writing us at Privacy c/o Intelius Inc., 500 108th AVE NE, 22nd Floor, Bellevue, WA 98004. It is our policy to contact the complaining user regarding his or her concerns.

**Changes to this Policy**

If we decide to change this Policy, we will post the changes to this Policy, the home page link, and other places we deem appropriate so that you are aware of what information we collect, how we use it, and under what circumstances, if any, we disclose it.

We reserve the right to modify this Policy at any time, so please review it frequently. If we make material changes to this policy, we will notify you here, or by means of a notice on our home page.

Back to top