THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY and DONOVAN LEE, Individually and on Behalf of all Others Similarly Situated, <br><br> Interim Lead Plaintiffs, <br><br> v. <br><br> INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company, <br><br> Defendants <br><br> v. <br><br> ADAPTIVE MARKETING, LLC, a Delaware Limited Liability Company, <br><br> Third Party Defendant. | No. C09-1485RSL <br><br> PLAINTIFFS' MOTION FOR RECONSIDERATION <br><br> **Noted for Consideration:** <br> February 22, 2011 |

## I.   INTRODUCTION

Pursuant to Local Rule CR 7(h), Plaintiffs respectfully ask the Court to reconsider one part of its holding in its Order Granting in Part Intelius' Motion for Judgment on the Pleadings ("Order") (Dkt. # 110). Specifically, Plaintiffs request the Court reconsider its dismissal of Plaintiff Donavan Lee's Washington Consumer Protection Act ("CPA") claim because he lacks standing under the CPA as an Ohio resident. (Order, p. 20). (Plaintiffs on this motion for reconsideration solely request the Court to allow Mr. Lee's CPA claim to proceed. Plaintiffs are

Plaintiffs' Motion for Reconsideration
(No. 09-cv-00045 RAJ) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

not requesting the Court rule on class certification, which will be raised separately in their class certification motion.)  In dismissing Mr. Lee's CPA claim, the Court relied on *Schnall v. AT&T Wireless Servs., Inc.*, 168 Wn.2d 125 (2010) ("*Schnall*") to hold that Mr. Lee, as a nonresident of Washington state, is barred from bringing a claim under the CPA.  However, on February 17, 2011, in an unprecedented act, the Washington Supreme Court granted a motion for reconsideration and withdrew *Schnall v. AT&T Wireless Servs., Inc.*, 168 Wn.2d 125 (2010).  See, *Schnall v. AT&T Wireless Servs., Inc.,* No. 80572-5, (Wash. Feb. 17, 2011).

## II.   ARGUMENT

A court may reconsider a ruling under Local Rule CR 7(h)(1) if a party establishes "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule CR 7(h)(1). Plaintiffs' Motion for Reconsideration meets the very high standard set forth in Local Rule CR 7(h).[1]  Plaintiffs bring to the Court's attention new legal authority that could not have been brought to the Court's attention earlier because the Washington Supreme Court just recently issued its opinion granting Respondents' Motion for Reconsideration and Withdrawing its January 21, 2010 Opinion. *Id.*  A copy of the Court's brief opinion vacating and withdrawing *Schnall v. AT&T Wireless Servs., Inc.*, 168 Wn.2d 125 (2010), is attached as Attachment A.

The Supreme Court's controversial ruling in *Schnall* limiting standing to Washington residents to bring a CPA claim was a new rule not found in the statute or prior case law. Plaintiffs could find *no* precedent for the proposition that a non-resident of Washington state, *qua* non-resident, was barred from bringing a CPA claim prior to the issuance of the Supreme Court's January 21, 2010 *Schnall* opinion.  In fact, prior to *Schnall,* numerous Washington state and federal courts allowed non-residents to bring CPA claims against Washington corporations, or where the requisite "trade or commerce" element was met. *See, e.g., Curtis v. Northern Life*

---

[1] Local Rule CR 7(h)(2) also indicates that a motion must be filed "within fourteen days after the order to which it relates is filed."  The Court's Order dismissing Mr. Lee's CPA claim was issued on February 8, 2011, and the instant motion has been filed on February 22, 2011.  Thus, Plaintiffs' motion is timely.

Plaintiffs' Motion for Reconsideration
(No. 09-cv-00045 RAJ) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Ins. Co.,* 2008 WL 4927365 at *10 (Wash.App. 2008)("[T]he Washington CPA applied to nonresident plaintiffs who sought class certification in a lawsuit against a Washington business."); *Schnall v. AT&T Wireless Servs., Inc.,* 139 Wn.App. 280 (2007)(affirming trial court's holding that "the legislature intended that the CPA regulate Washington businesses whether their conduct affects Washington or non-Washington consumers"); *Kelley v. Microsoft,* 251 F.R.D. 554, 552 (W.D. Wash. 2008) (non-resident and resident Plaintiffs permitted to bring Washington CPA claim against Microsoft because Microsoft "resides and created the unfair or deceptive marketing scheme" in Washington) (Pechman, J.).

There is no territorial or jurisdictional requirement of standing beyond the five elements of a CPA claim. The five elements of the CPA are: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531 (1986). In *Hangman Ridge,* the Supreme Court described a "successful plaintiff" as "one who establishes all five elements of a private CPA action." *Id.* at 795. The Supreme Court has additionally noted that "*any person*" who establishes the five elements of a CPA claim may bring such a claim. *Id.* (emphasis added). The private person enforcement provision of the CPA, RCW 19.86.090, allows a civil action for "any person" who is injured, and does not require the injured party to be a Washington resident. Washington Courts have held that "[t]he concerns that typically underlie the issue of "standing" are already addressed by the [] elements, particularly the limitations imposed by the need to prove injury and public interest impact." *Stephens v. Omni Ins. Co.,* 138 Wn.App. 151, 159 P.3d 10 (2007) (holding that the "trade or commerce" element did not have to contain a consumer transaction). Thus, there is no additional residential standing requirement under the statute.

The CPA's "trade or commerce" element provides a territorial and jurisdictional limit by requiring a nexus with Washington state. *See* RCW 19.86.020. ("[U]nfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."). RCW

Plaintiffs' Motion for Reconsideration
(No. 09-cv-00045 RAJ) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

19.86.010(2) provides: "'[t]rade' and 'commerce' shall include the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." The Legislature intended the terms "trade" or "commerce" to be construed broadly. *Hangman Ridge*, 105 Wn.2d at 785; RCW 19.86.920 ("It is [] the intent of the legislature that this act shall be liberally construed that its beneficial purpose may be served."). *Id.* at 788. It is a long-standing principle that the Washington Supreme Court has interpreted the CPA liberally to serve its beneficial purposes. *See, e.g., Hockley v. Hargitt,* 82 Wn.2d 337, 350-51 (1973).

Prior to *Schnall,* it was equally well-established by the Washington Supreme Court that the CPA's reach within the term "commerce" in RCW 19.86.020 extended beyond Washington State's borders. For instance, in *State v. Reader's Digest Ass'n, Inc.,* 81 Wn.2d 259, 501 P.2d 290 (1972), the Supreme Court ruled that the CPA's term "commerce" extended interstate. The Court specifically stated:

> Furthermore, respondent's interpretation of RCW 19.86.170 would limit the application of RCW 19.86.020 strictly to intrastate commerce since the FTC has authority to monitor all interstate business. Such a result would require us to ignore RCW 19.86.920 which provides that in determining the relative market or effective area of competition we should not be limited to the boundaries of this state.

*Id.* at 279-280; *see also, Nordstrom, Inc. v. Tampourlos,* 107 Wn.2d 735, 733 P.2d 208 (1987) ("Prior rulings by this court have broadly interpreted this [trade or commerce] provision to include *every* person conducting unfair acts in *any* trade or commerce")(emphasis added); *Short v. Demopolis,* 103 Wn.2d 52, 61, 691 P.2d 163 (1984)("The CPA, on its face, shows a carefully drafted attempt to bring within its reaches *every* person who conducts unfair or deceptive acts or practices in *any* trade or commerce.")(emphasis in original). Thus, under the plain terms of the statute, and as interpreted by the Washington Supreme Court, "any person," includes a non-Washington resident who is injured by another person[2] if that person's acts or practices occur in "trade or commerce."

---

[2] RCW 19.86.010(1) provides: "Person" shall include, where applicable, natural persons, corporations, trusts, unincorporated associations and partnerships.

Plaintiffs' Motion for Reconsideration
(No. 09-cv-00045 RAJ) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Here, Intelius' unfair and deceptive acts alleged by Plaintiffs occurred in trade and commerce, both directly and indirectly affecting the people of the state of Washington.  First, the practices at the heart of the Complaint, Intelius' Internet practices, are nationwide in scope, and affect Washington residents directly as consumers.

Second, the statute's terms "indirectly affect" also clearly expresses intent to cover transactions even where the people of Washington are not direct purchasers or consumers (or sellers).  Intelius' deceptive Internet sales are "indirectly affecting the people of Washington," and, if unchecked, will lower standards for straightforward dealing on the Internet, which will ultimately hurt Washington consumers and businesses.

Third, Intelius is a Washington corporation.  It is headquartered in Bellevue, Washington.  The deceptive acts alleged in Plaintiffs' complaint originated in Washington.  Intelius' deceptive and unfair acts relating to the operation of its website, and its enrollment of unsuspecting consumers occurred in Washington.  The website, software code and marketing materials were designed in Washington.  All of the billing and disclosure decisions were made by Intelius employees in Washington.  Intelius' business activities, including its unfair and deceptive acts, affect the people of Washington.  Washington has a strong interest in regulating the activities of Washington business, and as a Washington business, Intelius is subject to Washington law.  (Indeed, Intelius's Terms of Use provides that Washington law governs.)  Thus Intelius' deceptive or unfair acts are alleged to take place in Washington, and are "in commerce" that "directly or indirectly" affect the people of the state of Washington.  The fact that Plaintiffs allege that Intelius' unfair and deceptive acts occurred and originated in Washington is sufficient to satisfy the "trade or commerce" requirement of the CPA.  *Cf. Kelley v. Microsoft,* 251 F.R.D. 544, 553 (W.D. Wash. 2008) ("[T]he Court gives greater weight to the fact that the allegedly and unfair acts originated in Washington given that the location of the injury is fortuitous… Defendant [is] one of Washington's largest corporate citizens, and the acts complained of by Plaintiffs took place in Washington.").

Plaintiffs' Motion for Reconsideration
(No. 09-cv-00045 RAJ) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Nothing in the CPA suggests that acts and practices are only illegal where they exclusively affect the people of Washington.  Interpreting the CPA to allow nonresidents to sue a Washington company that is engaged in unfair or deceptive practices makes sense.  It makes little sense for courts to narrow the scope of the CPA to the protection of Washington only residents, especially when a nonresident may bring a lawsuit in Washington that will benefit – and include – Washington consumers.  It would be unfair to allow a Washington business to be able to scam the residents of 49 other states, so long is it does not directly scam Washington residents.  As the Washington Attorney General's Amicus Brief Requesting Reconsideration of the Washington Supreme Court's *Schnall* opinion provides,

> If the Court intended to hold that the Attorney General is not authorized to bring CPA actions against Washington entities that direct unfair and deceptive practices only to out-of-state residents, then it has created an opportunity for unscrupulous entities to easily avoid liability under the CPA.  For example, a Washington business that engages in unfair or deceptive direct mail marketing practices could escape liability under the CPA by sending its materials only to consumers with out-of-state zip codes.  Further, under the Court's new rule, *a private litigant from Idaho who was injured by the deceptive conduct of a Spokane business would not be able to bring a private CPA action, even if the Idaho resident sought injunctive relief that would benefit Washington consumers.*
>
> This result is contrary to RCW 19.86.920, which provides that the purpose of the CPA is to protect the public and foster fair and honest competition.  Allowing Washington businesses to engage in unfair and deceptive practices, so long as Washington residents are not directly injured, does not foster fair and honest competition.

Memorandum of Amicus Curiae Att'y Gen. of Wash. on Reconsideration, *Schnall v. AT&T Wireless Servs., Inc.,* No. 80572-5, p. 5 (Wash. Feb. 16, 2010) (emphasis added) (attached as Attachment B).

Setting aside these policy implications, *Schnall* has been withdrawn and thus is neither persuasive nor binding authority.[3]  Therefore Plaintiffs request the Court reconsider its Order in light of the Washington Supreme Court's withdrawal of *Schnall,* and hold, based on the statute

---

[3] The Order provides that a new opinion will be issued in due course.  One of the bases for Respondents' motion for reconsideration was mootness: at the time of the Court's decision, the parties had settled the case.  *See,* Brief for Respondent at 1, *Schnall v. AT&T Wireless Servs., Inc.*, No. 80572-5, (Wash. February 10, 2010), attached as Attachment C.

Plaintiffs' Motion for Reconsideration
(No. 09-cv-00045 RAJ) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and applicable case law, that Mr. Lee as a non-Washington resident may bring a CPA claim against Intelius based on his allegations that Intelius' deceptive acts and practice occurred in "commerce," as that term is defined by the CPA and interpreted by case law.

### III.   CONCLUSION

Plaintiffs respectfully request the Court to reconsider its holding, and based on the statute and 30 years of case law prior to *Schnall*, hold that Plaintiff Donovan Lee has standing to bring a Washington Consumer Protection Act claim against Intelius.

DATED this 22nd day of February, 2011.

By /s/ Karin B. Swope
Mark A. Griffin, WSBA #16296
Karin B. Swope, WSBA #24015
David J. Ko, WSBA #38299
1201 Third Avenue, Suite 3200
KELLER ROHRBACK L.L.P.
Seattle, WA  98101
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384

*Interim Co-Lead Counsel for Interim Lead Plaintiffs*

Andrew N. Friedman
Victoria S. Nugent
Whitney R. Case
COHEN MILSTEIN SELLERS & TOLL P.L.L.C.
1100 New York Avenue, N.W., Suite 500 West
Washington, DC  20005-3964
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

*Interim Co-Lead Counsel for Interim Lead Plaintiffs*

Plaintiffs' Motion for Reconsideration
(No. 09-cv-00045 RAJ) Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2011, I caused to be served a true and correct copy of PLAINTIFFS' MOTION FOR RECONSIDERATION on the following recipients via the method indicated:

| | |
|---|---|
| Arthur W. Harrigan, Jr., WSBA #1751<br>Tyler Farmer, WSBA #39912<br>DANIELSON HARRIGAN LEYH &<br>TOLLEFSON, LLP<br>999 Third Avenue, Suite 4400<br>Seattle, Washington 98104<br>Telephone:  (206) 623-1700<br><br>*Attorneys for Intelius, Inc and*<br>   *Intelius Sales, LLC* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via U.S. First Class Mail<br>☐ Via facsimile to (206) 623-8717<br>☐ Via email to:<br>        arthurw@dhlt.com; and<br>        tylerf@dhlt.com |
| Cori Gordon Moore, WSBA #28649<br>Thomas L. Boeder, WSBA #408<br>PERKINS COIE LLP<br>1201 Third Avenue, 40th Floor<br>Seattle, Washington  98101<br><br>*Attorneys for Adaptive Marketing LLC* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via U.S. First Class Mail<br>☐ Via facsimile to (206) 359-3849<br>☐ Via email to:<br>     cgmoore@perkinscoie.com<br>     tboeder@perkinscoie.com |

DATED this 22nd day of February, 2011.

s/Karin B. Swope
Karin B. Swope

Plaintiffs' Motion for Reconsideration
(No. 09-cv-00045 RAJ) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384