THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY and DONOVAN LEE, Individually and on Behalf of all Others Similarly Situated,<br><br>　　　　　Interim Lead Plaintiffs,<br><br>　v.<br><br>INTELIUS, INC., A Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company,<br><br>　　　　　Defendants<br><br>　v.<br><br>ADAPTIVE MARKETING, LLC, a Delaware Limited Liability Company,<br><br>　　　　　Third Party Defendant. | No. C09-1485RSL<br><br>**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ADAPTIVE MARKETING, LLC**<br><br>**Noted for Consideration:**<br>March 18, 2011 |

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## I. INTRODUCTION

Despite having served their First Set of Requests for Production ("RFPs") containing 28 requests nearly four months ago upon Third Party Defendant Adaptive Marketing, LLC ("Adaptive"), Interim Lead Plaintiffs Bruce Keithly and Donovan Lee ("Plaintiffs") have yet to receive a response to nearly all of Plaintiffs' requests contained in their RFPs. In fact, Adaptive has only produced responsive documents related to four of Plaintiffs' RFPs—two of which are only partial responses—and Adaptive's production thus far is limited almost entirely to reproductions of customer complaints received by Adaptive from various State Attorney Generals relating to the purchase of an Adaptive program through Defendant Intelius, Inc. and Intelius Sales, LLC ("Intelius"). There can be no dispute that the majority of Plaintiffs' requests remain outstanding.

Nevertheless, Adaptive has refused to produce any meaningful discovery by imposing blanket objections that Plaintiffs' RFPs are irrelevant, unduly burdensome and duplicative. Adaptive has also adopted the unilateral view that its discovery obligations are somehow lessened because it is not really a party in this litigation pursuant to Fed. R. Civ. P. 45. However, each and every request contained in Plaintiffs' RFPs are centrally relevant to Plaintiffs' claims in the instant lawsuit. As the Court recognizes, Plaintiffs' claims contemplate surreptitious and "deceptive marketing practices offered by Intelius and/or … Adaptive … between July 7, 2007, and the present." *See* Dkt. #110 at 1. Consequently, Adaptive possesses documents, including relevant correspondence which Adaptive has thus far refused to produce, that will aid in the proof and evaluation of Plaintiffs' claims. Adaptive is also unequivocally a third party defendant that is subject to the same discovery obligations as any other party involved in a lawsuit, and has acted as such throughout this litigation. Combined with the liberal standards governing

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

discovery contemplated by the Federal Rules, there can be no doubt that Adaptive is unjustifiably impeding Plaintiffs from discovering documents they need to develop their case.

While Plaintiffs are cognizant of their duty to meet-and-confer pursuant to the Federal Rules regarding the scope of discovery before bringing their disputes to the Court—and in fact have negotiated in good faith with Adaptive—the parties' multiple conferences have established that there is no longer any fertile ground between the parties and their respective positions. Any suggestion by Adaptive that the parties should continue to negotiate the scope of discovery is pretextual and will only serve to delay discovery further. As a result, Plaintiffs respectfully request that the Court compel Adaptive to respond to the RFPs outlined below, all of which are highly relevant to the claims alleged in Plaintiffs' complaint.

## II.   FACTUAL BACKGROUND

On November 2, 2010, Plaintiffs submitted their RFPs to Adaptive. *See* Declaration of Karin B. Swope, Exhibit 1. The parties proceeded to exchange telephone calls regarding their initial positions, with Plaintiffs offering to narrow their RFPs to documents concerning Intelius only, and also offering to stagger or prioritize their RFPs. *Id.*, Ex. 2. Adaptive generally objected to this proposal and indicated that it would serve its written responses to Plaintiffs, at which point the parties could specifically confer over Plaintiffs' RFPs. *Id.* Adaptive subsequently served written responses to Plaintiffs' RFPs on December 9, 2010. *Id.*, Ex. 3.

These responses revealed that Adaptive was willing to produce minimal responsive documents to Plaintiffs. For instance, Adaptive only agreed to produce documents concerning Adaptive's document retention policy and documents concerning Adaptive's professional liability insurance policy. These documents were responsive to Plaintiffs' RFPs Nos. 18 and 19, respectively. Decl. of Swope, Ex. 3 at 22-23. In addition, Adaptive also agreed to produce a

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

copy of the July 2007 Marketing Agreement it entered into with Intelius, which was partially responsive to Plaintiffs' RFP No. 2. *Id.* at 13-14. This document production, totaling 105 pages, was provided to Plaintiffs on January 6, 2011. *See* Decl. of Swope, Ex. 4. Adaptive objected to *all other RFPs* on the grounds that the requests were overly broad, unduly burdensome, vague, ambiguous, irrelevant, or contained confidential or commercially sensitive proprietary and trade secret information.[1] Adaptive also indicated that it was refusing to produce discovery on the grounds that it could not locate any responsive documents related to the named plaintiffs. *Id.*

Plaintiffs' counsel responded through a letter on December 23, 2010 by outlining the deficiencies in Adaptive's responses. *See* Decl. of Swope, Ex. 5. Plaintiffs also proposed a meet-and-confer to resolve the discovery disputes, and two telephonic conferences occurred on Friday, January 7, 2011, and Thursday, January 13, 2011. *Id.*, ¶ 7. During these conferences, Adaptive's counsel stated that Plaintiffs' RFPs were irrelevant and overly broad, and also indicated that as a third party defendant, it did not have the same obligations as a true party in litigation to provide relevant discovery. While Plaintiffs disagreed with Adaptive's positions, Plaintiffs negotiated in good faith with Adaptive in an attempt to narrow the scope of discovery. To this end, Plaintiffs suggested as a starting point that Adaptive simply reproduce documents that may have been produced in connection with two other related lawsuits, as well as documents that were undoubtedly produced by Adaptive to a U.S. Senate Committee as part of a governmental investigation. Plaintiffs also outlined four general categories it believed were the most important aspects of their RFPs, including (1) customer complaints received by Adaptive relating to the purchase of an Adaptive program through Intelius, (2) communications between

---

[1] Adaptive's objections based on the confidential or commercially sensitive proprietary and trade secret information contained in the requested documents are fully addressed by the Stipulated Protective Order signed by the Court on October 21, 2010. *See* Dkt. # 102, ¶ 2.

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 3

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Intelius and Adaptive, (3) any documents related to the design and layout of Adaptive programs on Intelius' website, and (4) customer lists who purchased Adaptive programs through Intelius. Adaptive's counsel indicated they would communicate Plaintiffs' proposals to their client.

On January 19, 2011, Adaptive's counsel notified Plaintiffs in a letter that essentially no documents relating to Plaintiffs' proposal would be produced. *See* Decl. of Swope, Ex. 6. In fact, Adaptive only agreed to produce customer complaints received from a state Attorney General, and a few additional documents related to Plaintiff Donavan Lee.[2] All other offers made by Plaintiffs were rejected on the grounds of irrelevance or undue burden, and on the grounds that Intelius was in a better position to provide the requested discovery. Adaptive also reiterated its stance that it was a third party to the litigation pursuant to Fed. R. Civ. P. 45, and that Plaintiffs should take reasonable steps to avoid undue burden and expense upon Adaptive.

Plaintiffs responded to Adaptive's letter on February 14, 2011. *See* Decl. of Swope, Ex. 7. In this correspondence, Plaintiffs expressly identified which RFPs they believed they were entitled to, as well as the unjustifiable legal positions of Adaptive with respect to its third party objections pursuant to Rule 45, and its assertion that any production would be duplicative of documents already produced or capable of being produced by Intelius. *Id.* at 2-3. A subsequent telephonic meet-and-confer occurred on Friday, February 18, 2011. *Id.*, ¶ 10. During this conference, it became abundantly clear that despite Plaintiffs' multiple offers to compromise on its original requests, Adaptive was unwilling to produce any meaningful discovery because it did not believe it was obligated to as a third party defendant in this litigation. Indeed, Adaptive emphasized that it was still adhering to its general blanket objection that Plaintiffs' remaining RFPs were irrelevant or unduly burdensome. As a result, Plaintiffs bring this motion to compel.

---

[2] Adaptive produced these documents on February 23, 2011, bringing the total number of documents produced by Adaptive to 1,962 pages. *See* Decl. of Swope, Ex. 8.

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### III.  ARGUMENT

As an initial matter, there is no doubt that the Federal Rules of Civil Procedure provide for broad, liberal discovery of any information which may be relevant to a suit. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim[.]").  It is equally well-settled that in applying discovery rules, "relevance" should be broadly construed.  *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").  Indeed, this Court expressly recognizes that Rule 26(b)(1) "is liberally construed so that parties may conduct the wide-ranging discovery necessary to avoid surprise at trial and properly evaluate and resolve their dispute." *Wilkerson v. Vollans Auto., Inc.*, No. 08-1501, 2009 WL 1373678, at *1 (W.D. Wash. May 15, 2009) (Lasnik, J.) (citation omitted).

It is likewise undisputable that under Rule 34, a third party defendant is subject to the same standards of relevance as any other party in a lawsuit.  *See* Fed. R. Civ. P. 34(a)(1) (stating that "[a] party may serve *on any other party* a request within the scope of Rule 26(b)") (emphasis added).  Thus, Adaptive's assertion that Rule 45 applies to Plaintiffs' RFPs is misguided.  Rule 34 applies to parties, while Rule 45 applies to non-parties.  *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").[3]  In any event, Adaptive has very clearly acted as a party in this

---

[3] Relatedly, Adaptive has also suggested during the parties' meet-and-confers that Plaintiffs should share the costs of producing discovery with Adaptive. However, Plaintiffs have no such obligation because the discovery sought is undoubtedly accessible by Adaptive, and cost-shifting is only appropriate where electronically stored information is not reasonably accessible. *See Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07-1201, 2008 WL 2522087, at *3 (E.D. La. June 20, 2008) ("[W]here electronic discovery is reasonably accessible, the responding party must foot the costs of searching for and producing electronic discovery.") (citing *Zubulake v. U.B.S. Warburg LLC*, 217 F.R.D. 309, 324 (S.D.N.Y. 2003)).  Furthermore, "[m]achine-readable data, such as active, online, near-line, or offline data in storage or archives *are accessible*[.]" *Canon*, 2008 WL 2522087, at *3 (emphasis added).

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

litigation, including *inter alia*, negotiating and signing a protective order entered in this case (*see* Dkt. #99), demanding to be a signatory to a voluntary dismissal order (*see* Dkt. #105), attending all depositions to date and questioning some deponents, demanding copies of all documents exchanged between Plaintiffs and Intelius, and recently filing a motion to dismiss on Monday, February 28, 2011. This conduct significantly undermines any notion that they are an uninterested third party to this litigation subject to a Rule 45 subpoena.[4] Thus, whether the documents at-issue should be produced is governed by the relevancy standards of Rule 26. And as set forth below, each of Plaintiffs' RFPs—which Plaintiffs have categorized into eight different categories for the Court's convenience—are centrally relevant to their claims and should be produced immediately.

**A.   Documents Related to July 2007 Marketing Agreement**

Plaintiffs' RFPs Nos. 2 and 6 seek all documents related to the July 2007 Marketing Agreement ("Marketing Agreement") between Adaptive and Intelius. *See* Decl. of Swope, Ex. 1 at 10-11. In connection with RFP No. 2, Adaptive produced the Marketing Agreement itself, but nothing further. Adaptive has not produced any correspondence between the parties related to this agreement, nor has it produced any internal documents surrounding the creation and termination of the agreement. There can be no doubt that such documents are highly relevant to Plaintiffs' claims, as the Marketing Agreement is the controlling agreement that formed the basis of Adaptive's relationship with Intelius. Indeed, as Intelius specifies in its third party complaint, the Marketing Agreement indicates that Adaptive "represented and warranted that all Adaptive

---

[4] Indeed, if Adaptive believed it was subject to Rule 45 and was a true third party in this litigation, it certainly had the opportunity to object to Plaintiffs' RFPs pursuant to Fed. R. Civ. P. 45(c)(3), or seek a protective order from the Court that it was not obliged to respond to such discovery requests. Instead, Adaptive served written responses to Plaintiffs on December 9, 2010. Therefore Adaptive waived its opportunity to move for a protective order, or to argue that their discovery obligations should be viewed under the umbrella of Rule 45, as they would have had to object to Plaintiffs' RFPs within 14 days after Plaintiffs served their requests. *See* Fed. R. Civ. P. 45(c)(2)(B).

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

offers to be presented on Intelius' websites fully comply with all applicable local, state and federal laws[.]" Dkt. #69 at 12-13. Without this discovery, Plaintiffs are denied a means of evaluating the extent to which Intelius manipulated recommendations made by Adaptive about the Adaptive programs. The relevancy of these documents cannot reasonably be denied.

Moreover, to the extent Adaptive objects to these requests on the grounds that Plaintiffs may have received or may receive similar documents from Intelius, such a position is untenable. *See United States v. Three Bank Accounts*, No. 05-4145, 2008 WL 915199, at *5 (D.S.D. Apr. 2, 2008) ("The objection that the documents requested might be duplicative of documents received from [other parties] is not a valid objection."). Furthermore, any objection that such a production would be duplicative is equally unjustifiable. *See id.* ("The claim of duplication protects a person from having to produce documents in his possession *that he has already produced in discovery*. It does not protect a person from having to produce documents in the first instance[.]") (emphasis added). Adaptive may have different record keeping practices, which will result is a different document production. As such, simply claiming that Plaintiffs *may have* received these documents—which in any event they have not—is an improper objection.

**B.   Customer Lists**

Plaintiffs' RFP No. 20 seeks a list of all customers who purchased Adaptive Programs through Intelius. *See* Decl. of Swope, Ex. 1 at 15. Pursuant to the Marketing Agreement, and as alleged in Intelius' third party complaint, these lists are undoubtedly in Adaptive's possession as Adaptive agreed to handle all aspects of the customer relationship for those consumers who enrolled in an Adaptive program presented on Intelius' websites. *See* Dkt. #69 at 12. Adaptive nonetheless objects to any production of such documents on the grounds that Intelius has already produced some customer lists identifying customers who purchased Adaptive programs.

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

However, as mentioned above, merely claiming that another party may have produced similar documents is not a valid objection to relevant discovery. In addition, the customer lists are highly relevant to determine the number of individuals affected by Intelius's post-transaction marketing practices, and are also relevant to determine the scope of damages in this case.

C. **Communications and Documents Exchanged Between Adaptive and Intelius**

Plaintiffs' RFPs Nos. 24 and 25 seek all communications between Adaptive and Intelius regarding the website layout and design offered to customers, as well as any documents and communications between the two entities regarding customer complaints and/or customer confusion. *See* Decl. of Swope, Ex. 1 at 17. In response, Adaptive claims that such a production would be duplicative, unduly burdensome, and not reasonably tailored to lead to the discovery of admissible evidence. This blanket objection, however, ignores Adaptive's own admission that "there may be relevant email or other communication that Adaptive retained in the normal course of business but Intelius did not." *See* Decl. of Swope, Ex. 6 at 2. Furthermore, Adaptive cannot dispute that its relationship with Intelius lasted for three years, and that the only reason the entities entered into a relationship was for the purpose of offering Adaptive's products as part of Intelius' post-transaction marketing. In other words, all communications between the parties with respect to website layout and customer confusion undoubtedly have the potential to be relevant to Plaintiffs' claims, which allege that Plaintiffs were deceived into purchasing Adaptive's post-transaction marketing products. The documents related to the website layout offered by Intelius are particularly relevant to determine whether any recommendations made to Intelius regarding the Adaptive programs were designed to eliminate confusion. Because this lawsuit centrally revolves around the appearance and content of the Intelius website, Adaptive's contributions to such websites are unequivocally relevant to Plaintiffs' claims.

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

D.   **Documents Provided to and Related to Inquiries from Governmental Bodies**

Plaintiffs' RFPs Nos. 15 and 16 seek all documents and responses related to any inquiries from governmental bodies regarding the marketing of Adaptive programs. *See* Decl. of Swope, Ex. 1 at 14, 16. Importantly, Plaintiffs do not limit these requests to Intelius-related documents only, as the investigations were performed as a result of Adaptive's questionable post-transaction marketing techniques and practices. All responsive documents to such investigations are therefore relevant to whether Adaptive employed similar practices when it entered into the Marketing Agreement with Intelius. Such documents are further relevant to the extent to which, if any, Adaptive changed their product following such investigations.

Highlighting the unjustifiable nature of Adaptive's refusal to produce such documents is the fact that Adaptive—formerly known as Vertrue—indisputably produced documents to a U.S. Senate Committee tasked with examining controversial e-commerce business practices.[5] Plaintiffs have also learned through Intelius' discovery production that the Washington Attorney General issued a Civil Investigatory Demand on Adaptive during its investigation of Intelius. Thus, to the extent any responsive documents exist, there can be no question as to their relevancy. Plaintiffs should not be denied access to the same Adaptive documents that were produced in related investigations against Intelius. Adaptive cannot argue burden in producing documents it has already produced to governmental agencies pursuant to investigations into its post-transaction marketing practices. This simple reproduction should be ordered immediately.

---

[5] The Senate Investigative Report, which was filed in connection with Plaintiffs' Opposition to Intelius's Rule 12(c) motion, provides that "[t]he Committee opened this investigation because thousands of online consumers have complained to state attorneys general, the Better Business Bureau, and other consumer advocates that the enrollment process [] is misleading and deceptive … Since opening this investigation, Committee staff has collected and reviewed thousands of documents produced by Affinion, *Vertrue*, and Webloyalty[.]" *See* Dkt. #82, Declaration of Mark Griffin, Exhibit A at p. ii (emphasis added).

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

E.   **Discovery Produced in *VistaPrint***

Plaintiffs' RFPs Nos. 22 and 23 seek all documents produced to plaintiffs in other lawsuits, as well as any deposition transcripts in connection with those lawsuits to the extent they exist.[6]  *See* Decl. of Swope, Ex. 1 at 16.  Through their meet-and-confers, Plaintiffs have learned that some discovery was produced in the related case, *In re VistaPrint Corp. Mktg. & Sales Practice Litig.*, No. 08-1994, 2009 WL 2884727 (S.D. Tex. Aug. 31, 2009).[7]  Adaptive has nevertheless objected to the relevancy of this simple reproduction because the *VistaPrint* did not involve Intelius.  This argument is meritless, however, as Intelius argued throughout its Rule 12(c) motion and during oral argument that the Court should adhere to *VistaPrint* to dismiss Plaintiffs' claims because the *VistaPrint* claims arose out of the same factual scenario as the instant lawsuit.  The Court certainly recognized the relevancy of *VistaPrint*, but disagreed with its reasoning and findings.  *See* Dkt. #110 at 19, n. 12.  As such, there should be no question as to the relevancy of this discovery, and these documents should be produced immediately.

F.   **Revenue Numbers and Financial Statements**

Plaintiffs' RFP No. 5 seeks all documents concerning revenue, revenue projections, or financial analysis related to each Adaptive program offered on Intelius websites.  *See* Decl. of Swope, Ex. 1 at 11.  Adaptive's objection to this request as irrelevant is wholly unreasonable, as the financial numbers are centrally relevant to the scope of determining damages in this case.  Indeed, Adaptive has been named by Intelius as a defendant in this lawsuit as a result of the financial profits and benefits it received from its relationship with Intelius.

---

[6] These RFPs also seek documents produced to governmental entities, but Plaintiffs acknowledge that such requests are covered by Plaintiffs' RFPs No. 15 and No. 16.

[7] Adaptive has informed Plaintiffs that no discovery was produced in another related case, *Baxter v. Intelius, Inc.*, No. 09-1031, 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010).  However, if discovery was indeed produced, for the reasons discussed above, Plaintiffs would be entitled to it.

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### G. Documents Related to Customer Complaints

Plaintiffs' RFPs Nos. 8-14, and Nos. 25-28 seek documents related to customer complaints regarding their unintentional enrollment into Adaptive programs, as well as any internal documents related to usage and cancellation rates for Adaptive programs that ran on Intelius websites, how Adaptive handled such customer complaints, and whether these customers were given refunds.[8]  *See* Decl. of Swope, Ex. 1 at 12-13; 17-18.  Such requests are relevant because, as mentioned above and asserted in Intelius' third party complaint, "Adaptive agreed to handle *all aspects of the customer relationship* for those consumers who enrolled in an Adaptive program presented on Intelius' websites." Dkt. #69 at 12 (emphasis added).  Therefore the volume of customer complaints and the content of Adaptive's communication with such customers are central to the issue of whether the Intelius website had the capacity to deceive.  Adaptive has also implicitly acknowledged the relevancy of these complaints in this lawsuit by agreeing to produce complaints received from state attorney generals.  Internal documents regarding these same complaints will undoubtedly shed further light on the scope of Plaintiffs' claims.  And to the extent Adaptive suggests Plaintiffs *may* already possess this information, again, such an objection should be soundly rejected for the reasons mentioned previously.  Because documents related to customer experiences with Intelius' post-transaction marketing scheme concern an Adaptive product, and because Adaptive unequivocally agreed to be responsible to handle all aspects of the customer relationship, these documents are relevant and should be produced immediately.

---

[8] Plaintiffs' RFP No. 28 specifically seeks correspondence between Adaptive and other third-parties regarding customer complaints or confusion regarding Adaptive programs offered on Intelius websites.  Thus, this request is not limited only to documents exchanged between Intelius and Adaptive.

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**H.    Organizational Charts**

Plaintiffs' RFP No. 22 seeks organizational charts or documents that identify Adaptive's company structure and reporting relationships. *See* Decl. of Swope, Ex. 1 at 14. Adaptive has offered no meaningful objection as to why these documents should not be produced, which undoubtedly will assist Plaintiffs in determining which individuals had knowledge regarding Adaptive's relationship with Intelius. In turn, such information will help Plaintiffs determine which individuals, if any, need to be deposed at Adaptive in connection with this litigation. Requiring Plaintiffs to glean this information from other sources is simply contradictory to the liberal rules governing discovery.

### IV.   CONCLUSION

In sum, Adaptive has fallen significantly short of its discovery obligations under the Federal Rules. Despite having a very clear interest in the outcome of this lawsuit, and despite the Court's recognition that Plaintiffs have sufficiently alleged that Intelius deceptively offered Adaptive products on their website, Adaptive unilaterally believes that it does not have to participate in discovery. And although Adaptive will certainly suggest in its opposition that it has expressed a willingness to work with Plaintiffs to produce discovery, it should be clear to the Court that such suggestions have only served to delay discovery, as Adaptive has ultimately responded to four of Plaintiffs' 28 RFPs, two of which are partial responses. As a result, for the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel and order Adaptive to produce the documents requested herein no later than twenty-one (21) days from the date of this Order.

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL) Page - 12

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  DATED this 3rd day of March, 2011.

2

3

4  By /s/ Karin B. Swope
    Mark A. Griffin, WSBA #16296
    Karin B. Swope, WSBA #24015
5      David J. Ko, WSBA #38299
    1201 Third Avenue, Suite 3200
6      KELLER ROHRBACK L.L.P.
    Seattle, WA  98101
7      Tel: (206) 623-1900
    Fax: (206) 623-3384
8

9      Andrew N. Friedman
    Victoria S. Nugent
10     Whitney R. Case
    COHEN MILSTEIN SELLERS & TOLL
11     P.L.L.C.
    1100 New York Avenue, N.W., Suite 500 West
12     Washington, DC  20005-3964
    Tel: (202) 408-4600
13     Fax: (202 408-4699

14

15 *Counsel for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2011, I caused to be served a true and correct copy of the **PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ADAPTIVE MARKETING, LLC** on the following recipients via the method indicated:

| | |
|---|---|
| Arthur W. Harrigan, Jr., WSBA #1751<br>Tyler Farmer, WSBA #39912<br>DANIELSON HARRIGAN LEYH & TOLLEFSON, LLP<br>999 Third Avenue, Suite 4400<br>Seattle, Washington 98104<br>Telephone: (206) 623-1700<br><br>*Attorneys for Intelius, Inc and Intelius Sales, LLC* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via U.S. First Class Mail<br>☐ Via facsimile to (206) 623-8717<br>☐ Via email to:<br>  arthurw@dhlt.com; and<br>  tylerf@dhlt.com |
| Cori Gordon Moore, WSBA #28649<br>Thomas L. Boeder, WSBA #408<br>PERKINS COIE LLP<br>1201 Third Avenue, 40th Floor<br>Seattle, Washington 98101<br><br>*Attorneys for Adaptive Marketing LLC* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via U.S. First Class Mail<br>☐ Via facsimile to (206) 359-3849<br>☐ Via email to:<br>  cgmoore@perkinscoie.com<br>  tboeder@perkinscoie.com |

DATED this 3rd day of March, 2011.

/s/ Karin B. Swope
Karin B. Swope

PLAINTIFFS' MOTION TO COMPEL
(No. C09-1485RSL)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384