**EXHIBIT 2**

1
2
3
4
5
6
7
8
9        **STATE OF WASHINGTON**
        **KING COUNTY SUPERIOR COURT**
10
11   STATE OF WASHINGTON,

12                   Plaintiff,                NO. 10-2-28955-1SEA

13        v.                                   CONSENT DECREE

14   INTELIUS INC., a Delaware
     Corporation,
15
16                   Defendant.

17
18                    **I.    JUDGMENT SUMMARY**

19        1.1    Judgment Creditor:              State of Washington

20        1.2    Judgment Debtor:                Intelius Inc.

21        1.3    Principal Judgment Amount:      $1.3 million (Sections IV and V)

22        1.4    Total Judgment:                 $1.3 million (Sections IV and V)

23        1.5    Attorney for Judgment Creditor: Shannon E. Smith
                                                 Assistant Attorney General
24
25        1.6    Attorney for Judgment Debtor:   Arthur W. Harrigan, Jr.
                                                 Danielson Harrigan Leyh & Tollefson, LLP
26

CONSENT DECREE - 1

1     Plaintiff, State of Washington, commenced this action pursuant to the Consumer

2   Protection Act (CPA), RCW 19.86;

3     Defendant, Intelius Inc., was served with a Summons and Complaint or waived service;

4     Plaintiff appears by and through its attorneys, Robert M. McKenna, Attorney General, and

5   Shannon E. Smith, Assistant Attorney General;

6     Defendant appears by and through its attorneys, Arthur W. Harrigan, Jr., and Danielson

7   Harrigan Leyh & Tollefson, LLP;

8     Plaintiff and Defendant agree on a basis for the settlement of the matters alleged in the

9   Complaint and to the entry of this Consent Decree against Defendant without the need for trial or

10   adjudication of any issue of law or fact;

11     Plaintiff and Defendant agree that this Consent Decree does not constitute evidence or an

12   admission regarding the existence or non-existence of any issue, fact, or violation of any law

13   alleged by Plaintiff;

14     Defendant recognizes and states that this Consent Decree is entered into voluntarily and

15   that no promises or threats have been made by the Attorney General's Office or any member,

16   officer, agent or representative thereof to induce Defendant to enter into this Consent Decree,

17   except as provided herein;

18     Defendant waives any right it may have to appeal from this Consent Decree;

19     Defendant further agrees that it will not oppose the entry of this Consent Decree on the

20   grounds the Consent Decree fails to comply with Rule 65(d) of the Rules of Civil Procedure, and

21   hereby waives any objections based thereon;

22     The parties agree that this Court shall retain jurisdiction of this action for the purpose of

23   implementing and enforcing the terms and conditions of the Consent Decree and for all other

24   purposes; and

25     The Court finds no just reason for delay.

26

CONSENT DECREE - 2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

1    NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as

2   follows:

3                               II.    GENERAL

4       2.1    Jurisdiction.  This Court has jurisdiction over the subject matter of this action

5   and over the parties.  Plaintiff's Complaint in this matter states claims upon which relief may

6   be granted under the provisions of the CPA.

7       2.2    Defendant.  For purposes of this Consent Decree, the term "Defendant" where

8   not otherwise specified shall mean Intelius Inc.

9       2.3    Definitions.  For the purposes of this Consent Decree, the following definitions

10   apply:

11              a.     "Account information" means any information that would enable

12                     Defendant or a third party to cause a charge to be placed against a

13                     customer's account, whether credit, debit, or any other kind of account

14                     or method of billing.

15              b.     "Clear and conspicuous" or "clearly and conspicuously," when referring

16                     to a statement, disclosure, or any other information, means that such

17                     statement, disclosure, or other information by whatever medium

18                     communicated is readily understandable and presented in such size,

19                     color, contrast, location, and audibility compared to other information

20                     with which it is presented that is readily apparent to the person to whom

21                     it is disclosed.  If such statement, disclosure, or other information is

22                     necessary as a modification, explanation or clarification to other

23                     information with which it is presented, it must be presented in close

24                     proximity to the information it modifies in a manner that is readily

25                     noticeable and understandable.  Further, a disclosure of information is

26                     not clear and conspicuous if, among other things, it is obscured by the

CONSENT DECREE - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

background against which it appears or there are other distracting elements.  Statements of limitation must be set out in close conjunction with the benefits described or with appropriate captions of such prominence that statements of limitation are not minimized, rendered obscure, presented in an ambiguous fashion, or intermingled with the context of the statement so as to be confusing or misleading.  Nothing contrary to, inconsistent with, or in mitigation of any disclosure shall be permitted.

c.     "Express verifiable acceptance" means a written or electronic signature indicating acceptance of the specific terms of an offer.

d.     "Free-to-pay conversion offer" means an offer or agreement to sell or provide any goods or services, a provision under which a consumer receives a product or service for free or for a nominal amount for an initial period and will incur an obligation to pay for the product or service if the consumer does not take affirmative action to cancel before the end of the initial period.

e.     "Marketing partner" means any person or company that has authorized Defendants or that Defendants have authorized to promote, market, advertise, offer, and/or sell a membership program.

f.     "Membership program" means any program, product, or service that includes recurring charges, whether or not the program is offered on a free-to-pay conversion basis.

g.     "Interstitial advertisement" means an advertisement that is inserted between two content pages of a website that interrupts the flow of a consumer's transaction with the website, including but not limited to an advertisement that is displayed prior to the completion of the consumer's

CONSENT DECREE - 4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA. 98104-3188
(206) 464-7745

transaction <u>and</u> that appears to or actually requires the consumer to take an affirmative step with the advertisement to proceed to the end of the transaction or an advertisement that is displayed at the end of the consumer's transaction prior to or instead of the display of a screen indicating completion of the transaction, e.g., a "thank you for your order" or "your order has been processed" message screen.

h.   "Premium" means something offered as an inducement to try or purchase something else.

## III.   INJUNCTIONS

3.1   <u>Application of Injunctions.</u>  The injunctive provisions of this Consent Decree shall apply to Defendant and Defendant's successors, assigns, officers, agents, servants, employees, representatives, and all other persons or entities in active concert or participation with Defendant.

3.2   <u>Notice.</u>  Within five (5) business days of entry of this Decree, Defendant shall inform and give actual notice to all successors, assigns, transferees, officers, agents, servants, employees, representatives, attorneys and all other persons or entities in active concert or participation with Defendant in the Complaint, including but not limited to its marketing partners and third parties authorized to market, promote, advertise, offer for sale, and/or sell any of Defendant's products or services, of the terms and conditions of this Consent Decree.

3.3   <u>Injunctions.</u>  Defendant and its successors, assigns, transferees, officers, agents, servants, employees, representatives, and all other persons or entities in active concert or participation with Defendant are hereby permanently enjoined and restrained from directly or indirectly engaging in the following acts or practices:

a.   Displaying on any website that is owned, operated, and/or controlled by Defendants ("Defendants' websites") or on any third-party website any

CONSENT DECREE - 5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

offer for a membership program involving a free-to-pay conversion that does not comply with the following requirements:

1.  In order for a consumer to accept the offer, the consumer must be required to provide the complete account information for the account the consumer wishes to be charged for the membership program at the time the consumer accepts the offer, unless the offer is made by Defendant and is for Defendant's own membership program and Defendant has directly obtained the consumer's account information from the consumer for the purpose of paying for one of Defendant's products, provided in such cases that all other requirements of this Section A are met and it is disclosed clearly and conspicuously how the consumer will be charged for the membership program and the offer is not in the form of an interstitial advertisement.

2.  For third-party offers, the offer must disclose clearly and conspicuously the full true name of the entity offering and servicing the program; the cost of the membership program; the frequency of billing for the membership program; the date and amount of the first payment due; the fact that the consumer will be charged the amount listed if the consumer does not cancel the membership program prior to the end of the trial period; and a toll-free number and an email address or another convenient and easily accessible online method that the consumer can use to cancel the membership program.

3.  The offer must disclose clearly and conspicuously all material terms to the offer.

CONSENT DECREE - 6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

4.  The offer's material disclosures may not be made in fine print nor be in text accessible only through a hyperlink.

5.  The offer must require the consumer's express verifiable acceptance.

6.  The offer must clearly and conspicuously disclose a mechanism for declining the offer in a font and size as prominent as the mechanism for accepting the offer.

7.  The mechanism for accepting the offer shall not misrepresent the nature of the action the consumer is taking.

8.  Any offer using the term "free" or similar language must disclose any condition to the "free" offer clearly and conspicuously and in close proximity to the offer.

9.  If the offer includes a premium, there must be a disclosure in close proximity to the offer of the premium that the consumer must accept the free-to-pay conversion offer in order to obtain the premium.

10.  The offer must state clearly and conspicuously that by accepting it, the consumer is enrolling in a paid membership program that will be automatically charged to his or her account at the end of the trial period if the consumer does not cancel during the trial period.

b.  Accepting advertising for membership or subscription products from Vertrue, Inc., WebLoyalty, Inc., or Affinion, or from any of their successors, subsidiaries, or affiliates to the extent that the successor, subsidiary, or affiliate engages in marketing practices similar to those described in the State's Complaint.

CONSENT DECREE - 7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

c.  Advertising, marketing, offering, and/or selling, directly or indirectly, a membership program involving a free-to-pay conversion, including a third-party membership program where the advertisement for such program explicitly or implicitly misrepresents Defendant's affiliation with the membership program.

d.  Transmitting, directly or indirectly, any consumer's financial account information to any marketing partner or other third party to enable such marketing partner or other third party to charge the consumer for any membership program, product, or service including, but not limited to a free-to-pay conversion.

e.  Advertising, marketing, offering, and/or selling, directly or indirectly, any membership program by means of an advertisement that misrepresents the nature of a survey.

f.  Failing to provide a clearly and conspicuously displayed and labeled mechanism on Defendants' websites for consumers to cancel and/or request refunds for any membership program owned and/or administered by Defendants.

g.  Failing to honor any stated or published refund policy.

h.  Where the requirements of this Consent Decree are not met, failing to provide a full refund to any consumer who claims not to have knowingly enrolled in one of Defendant's membership programs that is marketed on a free-to-pay conversion basis and who has not used any user-enabled or requested benefits or services of the program.

i.  Failing to provide accessible, prompt, live or automated customer service to consumers for cancellation and refund requests relating to membership programs.

CONSENT DECREE - 8

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

j.    Failing to cancel a consumer's membership in a program within five (5) days of the consumer's request for such cancellation with no additional charges accruing following the date of the request.   Cancellation requires only suspension of payment within five (5) days, not of service, which may be cancelled within a convenient time.

k.    Failing to honor any stated or published Privacy Policy.

l.    Failing to employ a transaction descriptor that alerts a reasonable consumer to the nature and source of the charge subject to the limitations of space imposed by credit card companies.

m.    In connection with contracts entered into after the date of this Consent Decree, failing to contractually require all marketing partners to comply with the terms of this Decree, where applicable.

n.    Failing to satisfy in full the judgment amount of $1.3 million as set forth in this Consent Decree.

## IV.   RESTITUTION

4.1   Within thirty (30) days of the entry of this Consent Decree, Defendant shall send a postcard by U.S. Mail and an electronic mail message to all Washington consumers who were or are enrolled in Identity Protect <u>before</u> August 12, 2009, <u>and</u> (1) have not previously received full refunds, <u>and</u> (2) have not used any Identity Protect benefit that is member-enabled for the service.   The postcard and text of the electronic mail shall contain the following language:

"Dear Consumer:

Intelius Inc. ("Intelius") and the Washington State Attorney General ("Attorney General") have settled a lawsuit regarding charges for an Intelius service called Identity Protect.  According to our records, you were enrolled in and charged for Identity Protect.  If you did not knowingly enroll in the service

CONSENT DECREE - 9

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

and authorize the charges, you may be entitled to a refund of the amount you have paid for the service, less any amount you may have already been refunded. The service was charged automatically to a credit or debit card that you used to make a purchase of another Intelius product or service.  If you wish to cancel the service and obtain a refund, please visit the following website and fill out the claim form:  www.inteliusrefundprogram.com [tentative website address]. By claiming a refund, your membership in Identity Protect will be canceled and you will no longer have access to its benefits.  To learn more about the refund program, you may call the Washington State Attorney General's Office toll-free at 1-800-551-4636 or visit the Attorney General's website at www.atg.wa.gov."

**You must file your claim by _____ [90 days from the date of entry] in order to be eligible for a refund."**

4.2     Within thirty (30) days of the entry of this Consent Decree, Defendant shall create a website that can be accessed by consumers at the web address www.inteliusrefundprogram.com [tentative address].  Intelius shall create a simple web form for consumers to fill out and submit on the website to make a claim for a refund.  The website and web form shall be approved by the Office of the Attorney General prior to the beginning of the claims process.  The web form shall not ask for any personal information from the consumer other than the consumer's name and current address.

4.3     Within fifteen (15) days of the end of the 90-day restitution claims period, Defendant shall submit to the Office of the Attorney General a list of all eligible claimants, along with their addresses and amounts each one is due under the refund program.

4.4     Within fifteen (15) days of the end of the 90-day restitution period, Defendant shall send refund checks to all listed claimants.

4.5     Defendant shall use its best efforts to locate any consumers whose checks were returned in the mail and resend the checks if another location is found.

CONSENT DECREE - 10

4.6     Within sixty (60) days of sending the refund checks, Defendant shall provide to the Office of the Attorney General a report identifying (1) the names, addresses, amounts and dates of refunds made to all consumers; (2) all claimants who did not cash their checks; (3) all claimants to whom Defendant sent a second check after the first check was returned in the mail; (4) all claimants whose checks were returned in the mail and for whom Defendant could not find an alternate address; and (5) the total amount Intelius paid to consumers (*i.e.* the amount reflected by refund checks that were cashed by the claimants).

4.7     In the event that payments to eligible consumers pursuant to this Section exceed $1 million, Defendant shall distribute restitution to claimants on a pro rata basis.  Defendant shall notify Plaintiff if claims exceed $1 million and the Defendant shall execute the pro rata distribution of $1 million as directed by Plaintiff.

4.8     Within 90 days after Defendant provides notice pursuant to Section 4.5, Plaintiff, at the sole discretion of the Attorney General, may provide restitution to any bona fide claimant whose check was not cashed or who was not located during Defendant's reasonable efforts.  Nothing in this Section shall obligate Defendant pay more than $1.3 million pursuant to this Consent Decree.

## V.     MONETARY PAYMENT

5.1     Pursuant to RCW 19.86.080, Defendant shall pay a total amount of $1.3 million (one million three hundred thousand dollars).  The payments are structured as follows:

    a.     Defendant shall pay the State $300,000 (three hundred thousand dollars) within five (5) calendar days after entry of the Consent Decree.

    b.     No later than five (5) calendar days after Defendant provides Plaintiff with notice of the total amount paid in restitution pursuant to Section 4.6 above, Defendant shall pay the State the balance of the $1.3 million owing under this Consent Decree ($1.3 million *minus* $300,000 paid in

CONSENT DECREE - 11

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

accordance with Section 5.1.A *minus* the amount paid in restitution pursuant to Section IV).

5.2    After full recovery of its costs and reasonable attorneys' fees in investigating this matter and monitoring compliance with this Consent Decree, and restitution is made pursuant to Section IV above, Plaintiff shall cause the remaining payment, if any, to be deposited into the State General Fund.

5.3    Payments owing under this section shall be in the form of a valid check paid to the order of the "Attorney General—State of Washington." Payments shall be sent to the Office of the Attorney General, Attention:   Cynthia Lockridge, Administrative Office Manager, 800 Fifth Avenue, Suite 2000, Seattle, Washington, 98104-3188.

## VI.    ENFORCEMENT

6.1    Violation of any of the injunctions contained in this Consent Decree shall subject Defendant to a civil penalty of up to $25,000 per injunction violated pursuant to RCW 19.86.140.

6.2    In any action to enforce the terms of this Decree, Plaintiff may seek additional remedies, including but not limited to restitution, injunctive relief, and reasonable attorneys' fees and costs in addition to any other remedies permitted by law.

6.3    This Consent Decree is entered pursuant to RCW 19.86.080.   Jurisdiction is retained for the purpose of enabling any party to this Consent Decree with or without the prior consent of the other party to apply to the Court at any time for enforcement of compliance with this Consent Decree, to punish violations thereof, or to modify or clarify this Consent Decree.

6.4    Representatives of the Office of the Attorney General shall be permitted to access, inspect, and/or copy all business records or documents under control of Defendant in order to monitor compliance with this Consent Decree within fourteen (14) days of written request to Defendant, provided that the inspection and copying shall be done in such a way as to avoid disruption of Defendants' business activities.   Failure to comply with this section will be considered a violation of the terms of this Consent Decree.

CONSENT DECREE - 12

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1    6.5    Representatives of the Office of the Attorney General may be permitted to
2  question Defendant or any officer, director, agent, or employee of any business organization
3  affiliated with Defendant in the form of a deposition, pursuant to the provisions and notice
4  requirements of CR 30 and to issue interrogatories and requests for production of documents,
5  pursuant to the provisions and notice requirements of CR 33 and CR 34 in order to monitor
6  compliance with this Consent Decree.

7    6.6    Nothing in this Consent Decree shall be construed as to limit or bar any other
8  governmental entity or consumer from pursuing other available remedies against Defendant.

9    6.7    Under no circumstances shall this Consent Decree or the name of the State of
10 Washington, the Office of the Attorney General, Consumer Protection Division, or any of their
11 employees or representatives be used by Defendants in connection with any selling, advertising,
12 or promotion of products or services or as an endorsement or approval of Defendant's acts,
13 practices, or conduct of business.

14    6.8    This Consent Decree resolves with prejudice all issues raised by the Attorney
15 General under the CPA pertaining to the acts or omissions addressed in the Complaint filed in this
16 matter that may have occurred before the date of the entry of this Consent Decree.

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //

CONSENT DECREE - 13

## VII.   DISMISSAL AND WAIVER OF CLAIMS

7.1    Upon entry of this Consent Decree, all claims in this matter not otherwise addressed by this Consent Decree are dismissed.

DONE IN OPEN COURT this _____ day of _____, 2010.

_____
JUDGE/COURT COMMISSIONER

Presented by:

ROBERT M. MCKENNA
Attorney General

_____
SHANNON E. SMITH
WSBA #19077
Assistant Attorney General
Attorneys for Plaintiff State of Washington

Approved for Entry, Notice of Presentation Waived:

DANIELSON HARRIGAN LEYH & TOLLEFSON, LLP

_____
ARTHUR W. HARRIGAN, JR.
WSBA #1751
Attorneys for Defendant

_____
INTELIUS INC.
Defendant
By:  William H. Beaver, Jr.

CONSENT DECREE - 14

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745