**EXHIBIT 11**

# FILED
KING COUNTY, WASHINGTON

APR 0 5 2006

SUPERIOR COURT CLERK
EILEEN L. MCLEOD
DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| RICHARD BARON, a sole proprietorship doing business as RESPONSIVE MANAGEMENT SYSTEMS, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCHANT SERVCIE OF SEATTLE, INC., F.K.A. MERCHANT SERVICE GROUP, INC.,<br><br>Defendant. | CLASS ACTION<br><br>No. 05-2-04738-1SEA<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO CR 23(B)(2). |

Plaintiff has moved for an order, pursuant to CR 23(c)(1), that the court certify this lawsuit as a class action under CR23(b)(2) on behalf of businesses with a claim under the Telephone Consumer Protection Act of 1991 ("TCPA"). The proposed class is:

All persons who received a facsimile on or about April of 2002, titled "Merchant Service Group, the eCash Experts, Specializing in Merchant Profitability," via facsimile from Merchant Service of Seattle, Inc., f.k.a. Merchant Service Group, Inc., because the recipient was, or had recently been, a member of the Washington Restaurant Association.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW AND
ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS
CERTIFICATION PURSUANT TO
CR 23(B)(2).

Page 1

Judge Palmer Robinson
King County Superior Court
516 Third Avenue
Seattle, WA  98104
(206) 296-9103

Plaintiff also asks the court to certify a subclass of all members of the class residing in Washington State who would also have claims under RCW 80.36.540 and RCW 19.86.020.

The court heard argument of counsel and considered the following:

1.  Plaintiff's Motion for Class Certification;
2.  Declaration of Richard Baron in Support of Motion for Class Certification;
3.  Declaration of Ray J. Farrow in Support of Motion for Class Certification;
4.  Appendix of Non-Washington Authorities Relied Upon in Plaintiff's Motion for Class Certification;
5.  Declaration of Eugene Kauzlarich in Opposition to Certification;
6.  Declaration of Counsel in Opposition to Certification;
7.  Supplemental Declaration Re: Washington Restaurant Association;
8.  Supplemental Declaration of Eugene Kauzlarich in Opposition to Certification;
9.  Plaintiff's Objection to Declaration of Eugene Kauzlarich in Opposition to Certification;
10. Plaintiff's Objection to Supplemental Declaration of Eugene Kauzlarich in Opposition to Certification;
11. Plaintiff's Objection to Supplemental Declaration Re: Washington Restaurant Association and Portions of Motion for Summary Judgment;
12. Plaintiff's Reply in Support of Motion for Class Certification and Opposition to Motion to Postpone and for Oral Argument;
13. Motion to Postpone and for Oral Argument;
14. Plaintiff's Objection to Defendant's Motion to Postpone and for Oral Argument;
15. Declaration of Raymond J. Farrow in Opposition to Defendant's Motion to Postpone;
16. Reply Declaration of Counsel in Response to Opposition to Postponement;
17. Plaintiff's Objection to Reply Declaration of Counsel;
18. Reply to Objection;

And makes the following findings of fact, conclusions of law, and order:

## FINDINGS OF FACT

1.  On or about April 4, 2002, defendant sent a fax to 2,691 fax numbers, all of whom belonged to members of the Washington Restaurant Association, one of whom was the plaintiff

| | |
|---|---|
| FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO CR 23(B)(2). | Judge Palmer Robinson King County Superior Court 516 Third Avenue Seattle, WA  98104 (206) 296-9103 |

Page 2

in this lawsuit.  A substantial number, but not all, of the members of the Washington Restaurant

Association live in Washington.

2.      Plaintiff and defendant were both "Allied" Members of the Washington

Restaurant Association.  There were approximately 300 Allied members in 2002.

3.      Allied members were listed in, and received copies of, the Buyer's Guide

published by the Washington Restaurant Association.

4.      Plaintiff alleges that the defendant violated RCW 80.36.540, 19.86.020 and 47

U.S.C. §227 by sending unsolicited faxes to the members of the Washington Restaurant

Association.[I]

5.      Whether the class is viewed as being the entire membership of the WRA, or the

allied members, the class is so numerous that joinder of all members is impracticable.  The pages

of the Buyer's Guide which were attached to the declaration of Gene Vosberg show that the

overwhelming number of Allied Members live in Washington State.  However, the court has no

information about the number of allied members who live outside Washington and cannot find,

based on this record, that a subclass of Allied Members who live outside Washington is so

numerous that joinder of all members is impractical.

6.      There are questions of law and fact common to the proposed class.  However,

there are different questions of law and fact common to the allied members from those which are

common to the membership as a whole.  For instance, defendant claims that faxing the allied

FINDINGS OF FACT AND
CONCLUSIONS OF LAW AND
ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS
CERTIFICATION PURSUANT TO
CR 23(B)(2).

Page 3

Judge Palmer Robinson
King County Superior Court
516 Third Avenue
Seattle, WA  98104
(206) 296-9103

members does not violate any statute because they had a prior contractual or business relationship.

7. The claims and defenses of the plaintiff are typical of the claims or defenses of other allied members. They are not typical of the claims or defenses of the general membership, since the allied members provide their names, addresses, phone and fax numbers to be provided to other allied members in the "Buyer's Guide."

8. The plaintiff will fairly and adequately protect the interests of the other allied members. He cannot protect the interests of the regular members since defendant has raised a defense to his claim which may not be available to claims of regular members.

9. Plaintiff's counsel are very experienced in class action litigation and can represent the interests of the class fairly and adequately.

10. The defendant has acted on grounds generally applicable to the class. The same fax was sent to every allied member. The plaintiff has asked for injunctive and declaratory relief which would, if granted, apply to the class as a whole.

## CONCLUSIONS OF LAW

1. The following class is certified under CR 23 (b)(2) to have a claim under RCW 80.36.540:

> All Washington residents who received a facsimile in April 2002 titled "Merchant Service Group, the eCash Experts, Specializing in Merchant Profitability," via facsimile from Merchant Service of Seattle, Inc., fka Merchant Service Group,

---

[1] Defendant denies the fax was unsolicited. Plaintiff's factual allegations are taken as true for purposed of determining whether or not the requirements of CR 23(b)(2) have been satisfied. *Washington Education Ass'n. v. Shelton School Dist.*, 93 Wn.2d 783 (1980).

FINDINGS OF FACT AND
CONCLUSIONS OF LAW AND
ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS
CERTIFICATION PURSUANT TO
CR 23(B)(2).

Page 4

Judge Palmer Robinson
King County Superior Court
516 Third Avenue
Seattle, WA 98104
(206) 296-9103

Inc., because the recipient was, or had recently been, an allied member of the Washington Restaurant Association.

2.     Plaintiff, Richard L. Baron d/b/a Responsive Management Systems, is appointed Class Representative of the class.

3.     Keller Rohrback, L.L.P. and Williamson & Williams are herby appointed and designated as counsel for the above-mentioned class and are authorized to act on behalf of the members of the class.

4.     The parties are granted thirty days to provide additional material to the court on the subject of the number of Allied members who live outside Washington so the court can determine whether the numerosity requirement of CR 23(a)(1) is met with respect to the proposed class of Allied members who live outside Washington and who might have a claim under 47 USC §227.

DATED this 4th day of April, 2006.

Judge Palmer Robinson
KING COUNTY SUPERIOR COURT

FINDINGS OF FACT AND
CONCLUSIONS OF LAW AND
ORDER GRANTING PLAINTIFF'S
MOTION FOR CLASS
CERTIFICATION PURSUANT TO
CR 23(B)(2).

Page 5

Judge Palmer Robinson
King County Superior Court
516 Third Avenue
Seattle, WA  98104
(206) 296-9103