**EXHIBIT 17**

**MDL** 2 1 4 0

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 19 2010

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re Intelius Inc. Post-Transaction
Marketing and Sales Litigation

MDL Docket No. 2140

PLEADING NO. 10

**REPLY IN SUPPORT OF INTELIUS INC.'S MOTION FOR
TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407**



OFFICIAL FILE COPY

ORIGINAL

IMAGED JAN 19 2010

Defendants Intelius Inc. and Intelius Sales Company LLC (collectively, "Intelius") respectfully submit this reply in support of their Motion For Transfer. As set forth below, common questions of complex facts predominate and justify transfer of these cases. These questions include (as to each of different forms of ads used in the period):

- Whether the terms of the Adaptive Marketing LLC ("Adaptive") offers are adequately disclosed on the Intelius websites. Keithly ¶¶ 2, 19, 27A; Baxter Amended Complaint ("A.C.") ¶¶ 14-17, 23.

- Whether Intelius unknowingly enrolls its customers in Adaptive programs through misleading sign-up messages on the Intelius websites. Keithly ¶¶ 1, 8, 19; Baxter A.C. ¶¶ 2, 7, 23 -24.

- Whether the relationship between Intelius and its customers who enrolled in the Adaptive programs (i.e. the putative class members) is governed by Washington law. Cf. Keithly ¶¶ 13, 32 with Baxter A.C. ¶ 62 *et seq*.

- Whether the enrollment process on the Intelius website results in a valid contract between the users and Adaptive. Keithly ¶¶ 1, 15-19; Baxter A.C. ¶¶ 5-7, 10-11, 14-17, 30-31, 66, 69-72.

- Whether display of Adaptive offers and methods of obtaining users' consent to transfer their information to Adaptive are misleading. Keithly ¶¶ 2, 8, 18, 20; Baxter A.C. ¶¶ 14-17, 31.

- Whether the July 2007 Marketing Agreement between Intelius and Adaptive is structured to prevent customers from canceling their Adaptive memberships. Keithly ¶ 18; Baxter A.C. ¶ 48.

- How resolution of the foregoing questions affects the respective rights and duties of Adaptive and Intelius under their July 2007 Marketing Agreement.

These issues exist as to each of several forms of ad used since July, 2007. They are identical and are at the core of both cases. Absent centralization, there will be duplicate motion practice on the above issues and on how they bear on class certification with potentially different results regarding, e.g., whether there is a valid contract between the user and Adaptive, whether the ads materially differ during the period, whether any class can be certified and if so how it is

1

defined. The case is rife with such potentially conflicting rulings—as to *each* of the several forms of Adaptive offers used on the Intelius website since July 2007.[1]

The Western District of Washington is the home of most of the witnesses, including non-parties; of Intelius; and of all of Intelius' records relating to the plaintiffs' (and class members') use of the Intelius website. These two actions and any subsequently filed putative class actions should be centralized in the Western District of Washington.[2]

## ARGUMENT

### A. The Common Questions of Complex Fact Predominate and Strongly Weigh in Favor of Centralization.

In nearly thirty pages, neither Adaptive nor the Baxter plaintiffs cites authority holding that overlapping class actions concerning the identical website practices and the same parties should proceed simultaneously in separate forums. Instead, both parties argue that the absence of a third action is dispositive. The benefits of centralization are all present here, as is the waste of judicial and party resources entailed in trying essentially the same case at least twice. The only difference—were a third case filed—is the level of waste. In any event, centralization is appropriate. *In re U.S. Postal Service Privacy Act Litig.*, 545 F. Supp. 2d. 1367 (J.P.M.L. 2008) (centralizing two putative class actions alleging that target solicitation arrangements violated employees' privacy rights).

#### 1. Resolution of the *Keithly* and *Baxter* Complaints Will Require Adjudication of Adaptive's Rights *vis a vis* Both its Program Members and Intelius.

Plaintiffs' claims cannot be resolved without deciding whether the plaintiffs have a valid contract with Adaptive: they claim they do not and seek restitution on that basis. Keithly ¶ 15,

---

[1] The courts will be requested to make these determinations at nearly every pre-trial stage, including class certification.

[2] On January 15, 2010, the *Keithly* case was reassigned to Hon. Robert S. Lasnik, Chief Judge of the U.S. District Court for the Western District of Washington. Intelius respectfully requests that the Judicial Panel order the cases centralized to the Western District of Washington and, with the Court's permission, assigned to Judge Lasnik.

Prayer ¶ 9; Baxter A.C. ¶ 31, Prayer ¶ B. For that issue to be decided, Adaptive must be a party to the Washington case.[3] Adaptive, not Intelius, collected the payments by plaintiffs. Absent transfer, two courts will be deciding whether the design and operation of the Intelius websites, the form and content of the Adaptive offers, and the adequacy of disclosures require invalidation of the subscription agreement. There is a significant risk of conflicting decisions on a range of matters—including whether Washington law governs the Intelius' customers' use of the Intelius website.

Adaptive and Intelius' rights under the 2007 Marketing Agreement are also at stake. On December 22 and 23, 2009 Adaptive and Intelius each demanded that the other indemnify it in connection with the Baxter class action, the Keithly class action and a third matter. Adaptive's counsel wrote (referring to *Keithly*):

> These allegations plainly implicate Intelius' responsibilities under the parties' Agreement, and if Adaptive becomes involved or otherwise implicated, Intelius has an obligation to defend and indemnify Adaptive in this matter as well.[4]

## 2. The *Baxter* Amended Complaint Does not Change Commonality.

When Intelius filed this motion, the operative Keithly and Baxter class action complaints were <u>virtually identical</u>.[5] (See Baxter Opp. p. 2, line 2 referring to *Keithly* as a "copy-cat filing"). Both the Keithly plaintiffs and Baxter purported to represent Internet consumers of Intelius products who enrolled in Adaptive programs after making purchases on the Intelius website. Keithly ¶ 15; Baxter A.C. ¶ 15. Ms. Baxter generally alleged that she was enrolled in an Adaptive program, but also included allegations concerning an Intelius subscription product,

---

[3] Intelius' Motion to Dismiss the Keithly action is based in part on the absence of Adaptive, a necessary party. *See* Ex. A to concurrently filed Declaration of Tyler L. Farmer.

[4] Robert Herrington to William Beaver, Dec. 22, 2009. Ex. B to Declaration of Tyler L. Farmer. In the event that any of the alleged marketing practices is determined to be unlawful, Intelius will enforce its full indemnity rights against Adaptive under the 2007 Marketing Agreement.

[5] *See* Dec. 16, 2009 Intelius Brief in Support, p. 4-6. *See* Baxter Opp. p. 4. "…the Keithly [sic] complaint appears to duplicate substantive portions of the Baxter complaint…."

3

Identity Protect. Baxter ¶ 8. One plaintiff in Keithly also alleged purchase of an Intelius subscription program, Identity Protect. Keithly ¶ 7.[6]

In an effort to differentiate the claims, on January 8, Baxter dropped (for now) her allegations relating to Identity Protect. Baxter now argues that its claims differ from Keithly, which includes the Identity Protect claim (which can be readily added by amendment after this motion is decided). Baxter Opp. p. 2.[7] In any event, both complaints center on Intelius' promotion of Adaptive programs. Keithly ¶¶ 1-2; 14-15. The Baxter Amended Complaint includes additional background allegations, but the essential complaint remains that Intelius and Adaptive dupe Intelius customers into enrolling in Adaptive programs.[8] The core question is whether the ads are misleading, an issue that is common regardless of which state's law applies. *In re Ameriquest Mortg. Co. Lending Practices Litig.*, 408 F. Supp. 2d 1354 (J.P.M.L. 2005) (centralizing putative class actions over objections that plaintiffs were "seek[ing] redress under different legal theories and purport[ing] to represent varying putative classes").[9]

## B. The Western District of Washington is the Best Forum for Litigating Plaintiffs' Claims.

Most of the evidence and witnesses related to all plaintiffs' claims are in the Western District of Washington, where Intelius is based and where it operates the websites at issue in the

---

[6] Even if only one of the *Keithly* or *Baxter* plaintiffs intend to include an Intelius-only subscription program (such as Identity Protect) as part of their overall suit challenging the Adaptive – Intelius marketing practices, that single difference between the suits does not militate against transfer. *See, e.g., In re: Vonage Marketing and Sales Practices Litig.*, 505 F. Supp. 2d 1375 (J.P.M.L. 2007) (centralization before single judge will allow discovery of any non-common issues to proceed concurrently with common discovery issues).

[7] Despite its deletion of allegations about Identity Protect, the Baxter Amended Complaint contains allegations regarding customer service issues (including refunds) that appear to apply to Intelius' own products. Cf. Baxter A.C. ¶ 48 (alleging that Intelius is prohibited from communicating with customers about Adaptive programs) with A.C.¶ 25, fn 6 (alleging that Intelius customer feedback is used to "tweak" Adaptive ads).

[8] *See* Baxter A.C. ¶¶ 2-4; *see also* Baxter A.C. ¶¶ 45- 51; Keithly ¶ 18 (describing the Marketing Agreement's terms ); Baxter A.C. ¶ 58(a) to Keithly ¶ 27 A (identical common question of law and fact: whether defendants made misstatements of material fact, or concealed material facts regarding the Adaptive offers.)

[9] On this issue, Adaptive now takes the opposite legal position than it advanced in connection with its own §1407 motion to centralize the putative class actions concerning Adaptive offers (essentially identical to those here) on the VistaPrint website. *See In re: VistaPrint Marketing and Sales Practices Litig.*, MDL No. 1994, Brief in Support of Adaptive Defendants' Motion for Transfer, pp. 9-10, submitted to the J.P.M.L. on Sept. 23, 2008.

4

complaints. Baxter's Amended Complaint <u>adds</u> Washington connections, relying on three non-party witnesses (former Intelius customer service reps) for allegations about Intelius' web design and customer service in connection with the Adaptive offers. Baxter A.C. ¶¶ 23(d); 25, fn 5 and 6, 28-29, 32-33.[10]

Neither party opposing this motion has presented evidence that the Western District of Washington is unnecessarily inconvenient. Adaptive will be defending the Keithly claim as a necessary party regardless of the Panel's decision. Coordination between Adaptive's west coast counsel is more efficient than proceeding with two separate district court proceedings.[11] There is no reason that Baxter's San Diego counsel cannot coordinate with the Seattle (and Washington, D.C.) law firms representing Keithly/Lee/Cramer who purport to represent the nationwide class that subsumes the California class.

## CONCLUSION

For the reasons stated herein, Defendants Intelius Inc. and Intelius Sales Company LLC respectfully request that the Panel order the cases transferred to the Western District of Washington for centralized proceedings before the Hon. Robert S. Lasnik.

/ / /

/ / /

/ / /

/ / /

---

[10] Two of the three witnesses are identified in the Amended Complaint. Intelius is informed that in December Baxter's counsel flew three former short term customer services representatives to California for interviews. All three witnesses are residents of Washington.

[11] Adaptive's complaint of inconvenience due to Skadden Arps' not having a Seattle office rings particularly hollow in light of its suggestion that S.D. Ohio or N.D. Ohio are suitable transferee forums despite the fact that neither Skadden nor its Seattle counsel, Perkins Coie, maintains offices in Ohio.

DATED this 18th day of January, 2010.

          DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

          By _____
          Arthur W. Harrigan, Jr., WSBA #1751
          Tyler L. Farmer, WSBA #39912
          Christopher T. Wion, #33207
          Attorneys Defendants
          Intelius Inc. and Intelius Sales Company LLC

          Danielson Harrigan Leyh & Tollefson LLP
          999 Third Avenue, Suite 4400
          Seattle, WA 98104
          Telephone: (206) 623-1700

Case 2:09-cv-01485-RSL   Document 169-17   Filed 06/02/11   Page 9 of 13

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 14, 2010

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: INTELIUS, INC., POST-TRANSACTION
SALES AND MARKETING LITIGATION

| | |
|---|---|
| Denise Baxter, et al. v. Intelius, Inc., et al., C.D. California, C.A. No. 8:09-1031 ) ) | |
| Bruce Keithly, et al. v. Intelius, Inc., et al., W.D. Washington, C.A. No. 2:09-1485 ) ) | MDL No. 2140 |

## ORDER DENYING TRANSFER

**Before the entire Panel**[*] Defendants Intelius, Inc., and Intelius Sales Co., LLC (collectively Intelius) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Western District of Washington. This litigation currently consists of two actions pending, respectively, in the Central District of California and the Western District of Washington.[1]

Plaintiffs in the Western District of Washington *Keithly* action support centralization in the Western District of Washington. Plaintiffs in the Central District of California *Baxter* action oppose centralization and, alternatively, support selection of the Central District of California as the transferee district. Defendant Adaptive Marketing LLC (Adaptive) opposes centralization and, alternatively, supports centralization in either the Northern or Southern District of Ohio.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. This litigation consists of at most three actions pending in two districts and involves relatively straightforward consumer misrepresentation claims. While we have centralized litigation in the past concerning Adaptive's business practices, that litigation involved seven actions pending in six different districts. *See In re Vistaprint Corp. Marketing and Sales Practices Litigation*, 589 F.Supp.2d 1377 (J.P.M.L. 2008). Although some factual overlap may exist in the present actions regarding the business practices of Intelius and Adaptive, movants have failed to convince us that any common factual questions presented by these actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. We encourage the parties to employ various alternatives to transfer which can minimize the risk of duplicative discovery and/or inconsistent

---

[*] Judges Heyburn, Miller, and Trager took no part in the decision of this matter.

[1] At oral argument, the parties informed the Panel of an additional related action filed by counsel in *Keithly* in the Western District of Washington.

- 2 -

pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr.[*] |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager[*] |

# Kristi Peterson

**From:** ECF@wawd.uscourts.gov
**Sent:** Wednesday, April 14, 2010 12:45 PM
**To:** ECF@wawd.uscourts.gov
**Subject:** Activity in Case 2:09-cv-01485-RSL Keithly et al v. Intelius Inc et al Notice-Other

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### United States District Court for the Western District of Washington

## Notice of Electronic Filing

The following transaction was entered on 4/14/2010 at 12:44 PM PDT and filed on 4/14/2010
**Case Name:** Keithly et al v. Intelius Inc et al
**Case Number:** 2:09-cv-1485
**Filer:**
**Document Number:** 42

**Docket Text:**
**NOTICE FROM MDL PANEL with Order Denying Transfer; the panel has denied centralization of actions as an MDL matter (RS)**


**2:09-cv-1485 Notice has been electronically mailed to:**

Arthur W. Harrigan, Jr   arthurh@dhlt.com, lindab@dhlt.com, vickyc@dhlt.com

Mark Adam Griffin   mgriffin@kellerrohrback.com, bspangler@kellerrohrback.com, czea@kellerrohrback.com

Karin Bornstein Swope   kswope@kellerrohrback.com, kpeterson@kellerrohrback.com, rrousseau@kellerrohrback.com

Christopher T Wion   chrisw@dhlt.com, lindab@dhlt.com

Victoria S Nugent   vnugent@cohenmilstein.com, efilings@cohenmilstein.com

Tyler Lawrence Farmer   tylerf@dhlt.com, susiec@dhlt.com

Whitney R Case   wcase@cohenmilstein.com, efilings@cohenmilstein.com

4/14/2010


Andrew N. Friedman afriedman@cohenmilstein.com, efilings@cohenmilstein.com

**2:09-cv-1485 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=4/14/2010] [FileNumber=3296874-0
] [5af048cecd13c531718f95b6ae81ae31500b58759f8ca98135aa9ba0ed3f68ee823
f262f5d0c0cd0674d2df09653e0320756090db3eb20dfe3d8ca7a4ac39db3]]

4/14/2010