# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

BRUCE KEITHLY, *et al.*,

    Plaintiffs,

v.

INTELIUS INC., *et al.*,

    Defendants,

v.

ADAPTIVE MARKETING, LLC,

    Third Party Defendant.

No. C09-1485RSL

ORDER DENYING THIRD PARTY DEFENDANT ADAPTIVE MARKETING, LLC'S MOTION TO DISMISS

This matter comes before the Court on the "Motion to Dismiss Intelius' Amended Third Party Complaint Against Adaptive Marketing, LLC." Dkt. # 143. Plaintiff Donovan Lee, on behalf of a class of similarly-situated consumers, alleges that defendants Intelius Inc. and Intelius Sales, LLC (collectively, "Intelius"), used deceptive marketing practices to sell subscription services offered by Adaptive Marketing, LLC, between July 17, 2007, and the present. Plaintiffs also allege that the terms of Intelius Sales, LLC's agreement with Adaptive Marketing make it difficult for consumers to identify, inquire about, and/or cancel the subscription service once they fall victim to the deceptive marketing practices. Intelius filed an amended third party complaint against Adaptive Marketing, alleging that if Lee is able to prove

ORDER DENYING ADAPTIVE MARKETING'S
MOTION TO DISMISS

his deceptive marketing and/or servicing allegations, Adaptive Marketing is responsible for the liability-generating activities, breached its warranty of lawful conduct, and should be required to contribute to or indemnify Intelius for any damages awarded to Lee and the class.

Adaptive Marketing seeks dismissal of the amended third party complaint. In the context of a motion to dismiss on the pleadings, the allegations of the complaint are taken in the light most favorable to plaintiffs. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). A claim will not be dismissed unless the allegations in support thereof, taken as a whole, fail to give rise to a plausible inference of actionable conduct. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Each of the alleged causes of action are discussed below.

**BACKGROUND**

Intelius is an on-line information service. Customers can go to Intelius' website and, among other things, purchase background checks, search for individuals, and identify callers by cell phone number. Since its creation in January 2003, Intelius has processed more than sixteen million orders for over four million different customer accounts. When a customer purchases an Intelius service, he or she is offered an array of additional products and services, some of which are offered by Intelius and some of which are offered by third parties, such as Adaptive Marketing. At issue in this motion are offers for Adaptive Marketing products presented to the customer after he or she has purchased one or more Intelius products (*i.e.*, post-transaction marketing).

Plaintiff Lee purchased an Intelius product on-line in June 2008. Before the product was provided, Lee was shown a screen containing a thank you, a notice that his "order has been successfully completed," and three text boxes. Filling in an email address and clicking a button that read "Yes And show my report" in one of the text boxes resulted in the purchase of an on-going service from an undisclosed entity. None of the normal cues related to a consumer

transaction was present: no product was selected, no order summary was provided, no payment information was requested, and no confirmation of the transaction was generated. The Court has already determined that this marketing technique had the capacity to deceive a substantial portion of the purchasing public.

It is undisputed that the service offered to Lee using this technique was offered by third party defendant Adaptive Marketing. Intelius alleges that the post-transaction advertisements presented to Lee and similarly-situated customers were provided by Adaptive Marketing and that Adaptive Marketing controlled the documentation and customer service operations associated with resulting purchases. Amended Third-Party Complaint (Dkt. # 139) at ¶¶ 15-16.[1] Pursuant to a July 2007 agreement between Intelius and Adaptive Marketing, Adaptive Marketing warranted that it would "perform its obligations hereunder at all times in accordance with all applicable laws, rules and regulations." Decl. of Tyler L. Farmer (Dkt. # 150), Ex. 1, Marketing Agreement at § 6.1. It also agreed to hold harmless and indemnify Intelius from all claims asserted against it because of "any breach by [Adaptive Marketing] of any representations and warranties made by [Adaptive Marketing] herein . . . or any act or omission by an employee, agent or independent contractor of [Adaptive Marketing] in connection with the performance of [Adaptive Marketing's] covenants and agreements hereunder." Id., Marketing Agreement at § 8. In July 2008, after plaintiff Lee transacted with Intelius but within the class period, the parties amended the Marketing Agreement to add the following:

> Further, Adaptive represents, warrants and covenants that all Ad Units it authorizes to be transmitted by Intelius to Intelius customers fully comply with all

---

[1] Adaptive Marketing acknowledges that it provided Intelius with the exact text and images to be displayed when promoting Adaptive Marketing's membership programs, that it specified when the advertisements must be displayed to customers, and that Adaptive Marketing was responsible for customer service and fee collection related to the membership program. Reply (Dkt. # 152) at 3.

ORDER DENYING ADAPTIVE MARKETING'S
MOTION TO DISMISS                -3-

applicable local, state and federal laws and that such Ad Units, when accepted by the customer, are sufficient to authorize Intelius to transfer to Adaptive the customer's credit or debit card information (unless such transfer is otherwise prohibited by Intelius' privacy policy, terms of use or any other agreement with its customers).

Id., Marketing Agreement at Addendum No. 5, new § 6.5.

## DISCUSSION

**A. Contingent Claims**

A condition precedent to Intelius' claims for contribution and indemnity, whether under contractual or equitable theories, is that plaintiff Lee and/or the class he represents will be able to establish that the post-transaction marketing campaign was deceptive. Such contingent claims are common and are permitted under Fed. R. Civ. P. 14(a), which authorizes third-party claims against a nonparty "who is or may be liable to [the original defending party] for all or part of the claim against it." Adaptive Marketing does not challenge the adequacy of plaintiffs' allegations against Intelius, which are incorporated by reference into Intelius' third party complaint against Adaptive Marketing.

**B. Breach of Contract Claim**

Intelius alleges that, if plaintiffs are able to establish that the post-transaction marketing is deceptive, Adaptive Marketing would necessarily have breached the promises it made in the Marketing Agreement in one or more ways. Adaptive Marketing argues that this allegation is a legal conclusion and that the breach of contract claim is inadequately pled. The Court disagrees. Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs are not required to plead detailed factual allegations or to disprove all possible defenses. Rather, a plaintiff must simply avoid labels, conclusions, and formulaic recitations of the elements of a cause of action in favor of factual allegations that are "enough to raise a right to relief above the speculative

level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 234-236 (3rd ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Having reviewed the allegations of the Amended Third-Party Complaint, the Court finds that they are sufficient to provide 'fair notice' of the nature of plaintiffs' claims against defendant and the 'grounds' on which the claims rest. See Twombly, 550 U.S. at 555 n.3. Intelius has identified the promises at issue. Amended Third-Party Complaint (Dkt. # 139) at ¶¶ 15-16. First, Adaptive Marketing promised that it would perform its obligations under the Marketing Agreement in accordance with all applicable laws. A finding that the Ad Units were deceptive could violate that promise. Second, after July 2008, Adaptive Marketing promised that the Ad Units it provided were sufficient to authorize the transfer of a customer's credit or debit card information to Adaptive Marketing. Plaintiffs allege and will attempt to prove the opposite. Finally, Intellius alleges that, if plaintiffs succeed in their case, a breach of contract occurred when Adaptive Marketing failed to provide necessary information and/or services to customers enrolled through the post-marketing advertisements. Intelius has also alleged causation and damages: if Adaptive Marketing's breach of promise results in or contributes to an award of damages in favor of plaintiffs and against Intelius, Intelius will have suffered compensable injury. Intelius has adequately plead both the nature and scope of the breach of contract claim.

**C. Contractual Indemnity**

Pursuant to § 8 of the Marketing Agreement:

Each Party (the "Indemnifying Party") agrees to indemnify, defend and hold the other Party, its officers, directors, employees, shareholders, agents, successors and permitted assigns (each, an "Indemnified Person"), harmless from and against any and all third party demands, claims, causes of action, losses, damages, liabilities,

> costs, and expenses (including, without limitation, reasonable attorneys' fees and expenses) asserted against, imposed upon, or incurred by any Indemnified Person, resulting from (a) any breach by the Indemnifying Party of any representations and warranties made by the Indemnifying Party herein, (b) any breach of [sic] non-fulfillment in the performance of the Indemnifying Party's covenants and agreements contained herein, or (c) any act or omission by an employee, agent or independent contractor of the Indemnifying Party in connection with the performance of the Indemnifying Party's covenants and agreements hereunder. NEITHER PARTY SHALL BE LIABLE FOR ANY INDIRECT, SPECIAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES IN CONNECTION WITH THE PERFORMANCE OF, OR ALLEGED FAILURE TO PERFORM, UNDER THIS AGREEMENT (INCLUDING LOSS OF PROFITS OR REVENUE OR INTERRUPTION OF BUSINESS), EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

Adaptive Marketing argues that the contractual indemnity provision is inapplicable because plaintiff Lee's claims are based on decisions and actions for which Intelius was entirely responsible under the Marketing Agreement. Adaptive Marketing does not, however, cite to any section of the Marketing Agreement that gives Intelius unilateral control over items such as font size, color, text arrangement, *etc*., and instead acknowledges that it provided the offending text and controlled the timing of the solicitation. Intelius has adequately alleged that Adaptive Marketing breached its representations and warranties, triggering the indemnification provisions of subsection (a). Whether Intelius shares some responsibility for some or all of plaintiffs' claims cannot be resolved in the context of this motion to dismiss.

Adaptive Marketing also asserts that the contractual indemnity claim asserted by Intelius Inc. fails because Intelius Inc. is not a party to the Marketing Agreement. Intelius asserts (and plaintiffs have alleged) that Intelius Sales, LLC, the contracting party, is a wholly-owned subsidiary of Intelius Inc. Because the indemnification provision applies to the

shareholders of the contracting parties, its protections may extend to Intelius Inc.[2]

**D. Contribution**

Intelius alleges that Adaptive Marketing collected all membership fees from customers who accepted the post-transaction offers for Adaptive Marketing services. It asserts a claim for "contribution from Adaptive in proportion to Adaptive's allocable share of fault" if plaintiffs prevail on their claims arising out of the post-transaction marketing scheme.

Adaptive Marketing argues that, under Delaware law, a claim for contribution is barred when the parties have negotiated an express agreement related to indemnification. It is not, however, clear that Delaware law applies to this dispute. The Marketing Agreement states that the agreement "shall be governed by the laws of Delaware, without regard to its conflict of law principles." Decl. of Cory Gordon Moore (Dkt. # 144) at 6. The agreement does not state that claims arising out of the Marketing Agreement or the parties' marketing scheme will be evaluated under Delaware law and instead seems to contemplate that the law of Delaware will inform only contract interpretation issues. The Court has been unable to find, and the parties have not cited, any Washington case in which a contribution claim was dismissed because there was a contractual indemnity agreement between the parties. Washington's contributory fault statute specifically applies to acts or omissions constituting a breach of warranty, suggesting that the existence of an agreement does not necessarily bar a contribution claim. RCW 4.22.010. If the factfinder determines that Intelius and Adaptive Marketing are jointly liable for an indivisible harm suffered by plaintiffs as a result of defendants' deceptive and tortious conduct, a

---

[2] In its motion, Adaptive Marketing asserts that Intelius cannot seek indemnification under the Marketing Agreement because plaintiff Lee was not also a party to that contract. This argument is unsupported and illogical. The indemnification provision is triggered by a third party claim, such as that asserted by plaintiff Lee. There is no requirement that the underlying claim be based on the Marketing Agreement itself.

1 right of contribution may exist under Washington law. See RCW 4.22.030 and RCW 4.22.040.[3]

## E. Equitable Indemnity

Intelius Inc. asserts a claim for equitable indemnity.[4] Adaptive Marketing argues that this claim is barred under Delaware law because there is an express contractual indemnity provision that governs. This argument fails for the reasons cited above, as well as the fact that Intelius Inc. is not a party to the Marketing Agreement.

## F. Stay

Adaptive Marketing requests that the Court stay all proceedings related to the third party claims until plaintiffs have established Intelius' liability or the underlying claims are dismissed. After reviewing the Marketing Agreement and the record to date, the Court finds that neither judicial economy nor fairness to the parties supports a stay of these proceedings. A stay would effectively bifurcate discovery: plaintiffs would continue to conduct discovery of Adaptive Marketing in the initial phase of the litigation, while Intelius would be forced to wait to see if plaintiffs prevail. In addition, a stay could hamper Adaptive Marketing's ability to defend plaintiffs' underlying claims in this litigation by forcing it to the sidelines while plaintiffs and Intelius battle on. The Court declines to issue a stay.

## CONCLUSION

For all of the foregoing reasons, Adaptive Marketing's motion to dismiss and

---

[3] The policy arguments behind the Delaware rule – that the parties should be left to their negotiated allocation of risk and contractual remedies – were recently rejected by the Washington State Supreme Court in Eastwood v. Horse Harbor Foundation, Inc., 170 Wn.2d 380, 387-93 (2010) (limiting the economic loss doctrine and finding that tort remedies are available if the loss can be traced back to a breach of a duty that existed independently of the terms of the contract, even if there is an express contractual provision that also addresses the risk or loss at issue).

[4] The Court finds that this claim is adequately plead. Whether Intelius, Inc., will be able to prove the elements of its equitable indemnity claim must be determined after reviewing the facts related to the claim.

ORDER DENYING ADAPTIVE MARKETING'S
MOTION TO DISMISS                    -8-

1 | request for a stay are DENIED.

Dated this 13th day of June, 2011.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING ADAPTIVE MARKETING'S
MOTION TO DISMISS                                    -9-