HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY and DONOVAN LEE, Individually and on Behalf of all other Similarly Situated,<br><br>        Interim Lead Plaintiffs,<br>vs.<br><br>INTELIUS INC., a Delaware Corporation; and INTELIUS SALES, LLC, A Nevada Limited Liability Company,<br><br>        Defendant and Third Party Plaintiffs,<br>vs.<br><br>ADAPTIVE MARKETING, LLC, a Delaware Limited Liability Company,<br><br>        Third Party Defendant. | Case No. C09-1485-RSL<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED SURREPLY TO DEFENDANTS' REPLY SUPPORTING MOTION FOR SUMMARY JUDGMENT DISMISSING BRUCE KEITHLY'S CONSUMER PROTECTION ACT CLAIM<br><br>Noted for:  June 10, 2011 |

DEFS' RESPONSE TO PLTF'S PROPOSED SURREPLY RE MOTION FOR SUMMARY JUDGMENT DISMISSING KEITHLY'S CPA CLAIM

Case No.: C09-1485 RSL

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL, (206) 623-1700   FAX, (206) 623-8717

Plaintiffs' proposed Surreply asks the Court to strike two portions of Intelius' reply brief, in which Intelius pointed out the factual and legal fallacies in Plaintiffs' intended means of proving the causation element of their Consumer Protection Act claim for the class members. Surreply at 1-3.

First, Plaintiffs object that Intelius should have confined itself to addressing proof of causation for Keithly individually, rather than for the class as a whole, and that Intelius' argument prematurely responded to Plaintiffs' pending motion for class certification. Surreply at 2. Plaintiffs argue that Intelius improperly raised its responsive argument for the first time in its reply brief on this summary judgment motion. Surreply at 2.

Plaintiffs' motion to strike should be denied. This portion of Intelius' Reply directly responds to pages 16-17 of Plaintiffs' opposition brief on this motion, where Plaintiffs explicitly presented and argued the theory by which Plaintiffs intend to establish causation for Keithly and for the class:

> The Washington Supreme Court has repeatedly affirmed that reliance is not an element of a CPA claim, but rather is one type of proof that could be used to establish causation. . . . Here, <u>Plaintiffs, acting for the Class</u>, can establish the causal link between Intelius's actions and <u>the Class's injuries</u> using records showing that <u>Class members did not enable the member-enabled benefits</u> for the subscription services. Plaintiffs will also rely on payment records, statistical evidence drawn from data showing how <u>customers</u> navigated the Intelius site (collected by Intelius), and Intelius's and Adaptive's sales, fulfillment, and customer service records. Individual evidence (*i.e.*, testimony) of reliance will not be offered a proof.

Plaintiffs' Opp. at 16-17 (citation omitted; emphasis added). Plaintiffs stated that Keithly's causation proof would parallel that of the class. The opposition properly addressed this issue. *Eberle v. City of Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1990) (party's reply brief may address an issue raised in the opposing party's opening brief).

///

DEFS' RESPONSE TO PLTF'S PROPOSED
SURREPLY RE MOTION FOR SUMMARY
JUDGMENT DISMISSING KEITHLY'S CPA
CLAIM - 1

Case No.: C09-1485 RSL

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700 FAX. (206) 623-8717

Second, Plaintiffs argue that Intelius' Reply brief improperly raises for the first time the point that Keithly "knew that he was enrolling in a Free Trial of IDP." Surreply at 3, paraphrasing Intelius Reply at 5-6, 11-12. Again, Plaintiffs' opposition brief made that same assertion—in fact, Plaintiffs' Surreply cites their own opposition brief. Surreply at 3, citing Pl. Opp. at 20. Plaintiffs' opposition brief stated:

> Mr. Keithly testified that, in his experience as a consumer, free trials are truly free, and that when a free trial ends, the consumer has to take affirmative steps to enroll in a service. . . . Mr. Keithly explained . . . : "[O]ther than seeing that [Identity Protect] didn't cost anything and that it was a trial, not a purchase, I just went on my way. . . . It's a trial, it doesn't cost anything, go onto the next page. . . ."

Pl. Opp. at 20-21. The Opposition addressed this assertion, which directly contrasts with Plaintiffs' theory of causation stated in that same brief—that all the Plaintiffs were unaware that any second product – *i.e.*, Identity Protect – was involved in their transactions at all:

> Plaintiffs' theory is that they were tricked into paying for something that they did not want or receive, and did not use. It is reasonable to assume that a customer did not intend to purchase a product like IDP if he never took steps to make sure the product would actually work. . . . Indeed, Intelius knows that Mr. Keithly never used IDP.

Opp. at 18.

Plaintiffs' motions to strike should be denied.

DATED this 22nd day of June, 2011.

                         DANIELSON HARRIGAN LEYH & TOLLEFSON LLP

                         By___s/Arthur W. Harrigan, Jr._____
                              Arthur W. Harrigan, Jr., WSBA #1751
                              Christopher Wion, WSBA #33207
                              Attorneys for Defendants Intelius Inc.
                              and Intelius Sales Company, LLC

DEFS' RESPONSE TO PLTF'S PROPOSED
SURREPLY RE MOTION FOR SUMMARY
JUDGMENT DISMISSING KEITHLY'S CPA
CLAIM - 2

Case No.: C09-1485 RSL

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:   Mark A. Griffin, Karin B. Swope, Harry Williams IV and Keller Rohrback L.L.P.; Andrew N. Friedman, Victoria S. Nugent, Whitney R. Case and Cohen Milstein Sellers & Toll P.L.L.C.; Cori Gordon Moore, Thomas L. Boeder and Perkins Coie LLP

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Yvette Chambers

DEFS' RESPONSE TO PLTF'S PROPOSED
SURREPLY RE MOTION FOR SUMMARY
JUDGMENT DISMISSING KEITHLY'S CPA
CLAIM - 3

Case No.: C09-1485 RSL

LAW OFFICES
DANIELSON HARRIGAN LEYH & TOLLEFSON LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL. (206) 623-1700   FAX. (206) 623-8717