UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
BRUCE KEITHLY, *et al.*,            )   No. C09-1485RSL
                                    )
                Plaintiffs,         )
        v.                          )   ORDER DENYING ADAPTIVE
                                    )   MARKETING'S MOTION TO SEAL
INTELIUS INC., *et al.*,            )
                                    )
                Defendants,         )
        v.                          )
                                    )
ADAPTIVE MARKETING, LLC,            )
                                    )
                Third Party Defendant. )
_____)

        This matter comes before the Court on "Third Party Defendant Adaptive Marketing, LLC's Motion to File Under Seal." Dkt. # 205. Adaptive seeks an order preventing the public disclosure of the percentage of customers who enrolled in an Adaptive subscription program marketed by Intelius Inc. and cancelled during the seven-day trial period (the "pre-bill cancellation rate"). Adaptive wants the parties to redact the rate "and any related reference revealing its nature and/or substance . . in any filing by any party . . . ." Motion (Dkt. # 205) at 4. Because the relief Adaptive seeks applies to all motions filed in this action, including dispositive motions, Adaptive must make "a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." Local Civil Rule 5(g)(2).

ORDER DENYING ADAPTIVE
MARKETING'S MOTION TO SEAL

1         Adaptive has not met its burden.  The pre-bill cancellation rate is relevant to key
2 issues in this litigation, such as whether consumers understood Adaptive's marketing scheme
3 and whether Adaptive's conduct caused plaintiffs injury.  The action is being prosecuted on
4 behalf of a class, most members of which cannot access the redacted information despite their
5 interest in this litigation.  The wider public also has an interest in understanding whether
6 consumers are misled by the type of marketing utilized by Adaptive, as evidenced by the fact
7 that the United States Senate Committee on Commerce, Science, and Transportation is
8 investigating that very issue.  Opposition (Dkt. # 215), Ex. A.  Thus, the public's right of access
9 to judicial records and its general interest in full and complete information regarding an issue of
10 public concern militate against a seal or redaction in this instance.

11         In opposition to the public's interest, Adaptive argues that its private interests
12 justify redaction because disclosure of the pre-bill cancellation rate will place it at a
13 disadvantage vis-à-vis its competitors.   The theory seems to be that Adaptive's contracting
14 partners, such as Intelius, will be less likely to enter into marketing agreements with Adaptive
15 (or will demand better terms to entice them to do business with Adaptive) if the potential partner
16 has accurate information regarding the impact Adaptive's marketing materials have on
17 consumers.  The underlying but unstated assumptions are that Adaptive's customers are less
18 likely to understand the effect of clicking on the "YES and show my report" button than
19 customers of other post-transaction marketers and that contracting partners would prefer to avoid
20 entanglements with their customers by choosing a different partner (or would want to obtain
21 compensation for the increased risk by negotiating a better deal).  The causal connection
22 between disclosure of the pre-bill cancellation rate and the postulated competitive harm is
23 attenuated at best and completely unsupported in the record.  More importantly, the Court is not
24 inclined to shield from public view evidence of potential wrongful conduct simply because the
25 disclosure of the information might make Adaptive less appealing as a business partner.  If the
26

ORDER DENYING ADAPTIVE
MARKETING'S MOTION TO SEAL         -2-

cancellation rates show that other vendors offer better, more transparent, and less deceptive post-transaction marketing schemes, neither the Court nor the federal government as a whole[1] has an interest in protecting Adaptive's market share at the expense of their business partners and customers.

For all of the foregoing reasons, the Court finds that the public's right of access and interests in an open and informed marketplace outweigh Adaptive's need to protect its pre-bill cancellation rate from public view.  Nor has Adaptive shown good cause for a protective order under Fed. R. Civ. P. 26(c).  Adaptive's motion to seal is therefore DENIED.  The Clerk of Court is directed to unseal Dkt. #206.

Dated this 31st day of August, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Senate Committee that is investigating "Aggressive Sales Tactics on the Internet and Their Impact on American Consumers" publicly disclosed pre-bill cancellation rates in its November 16, 2009, Staff Report without any concern regarding adverse impacts on the marketing companies' bottom lines.

ORDER DENYING ADAPTIVE
MARKETING'S MOTION TO SEAL                -3-