|    |                                                                                                                               |                                                                                                                                                                                                                                                                                                 |
|----|-------------------------------------------------------------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE KEITHLY AND DONOVAN LEE, Individually and on Behalf of all Others Similarly Situated

   Plaintiffs,

   v.

INTELIUS INC., A Delaware Corporation; and INTELIUS SALES COMPANY, LLC, A Nevada Limited Liability Company,

   Defendants and
   Third Party Plaintiffs,

   v.

ADAPTIVE MARKETING, LLC, a Delaware Limited Liability Company,

   Third Party Defendant.

No. C09-1485-RSL

ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND INTELIUS INC. AND INTELIUS SALES COMPANY, LLC, AND ADDING ADDITIONAL NAMED PLAINTIFF

   WHEREAS, Plaintiffs Bruce Keithly and Donovan Lee, on behalf of themselves and all similarly situated subscribers of Identity Protect and Defendants Intelius Inc. and Intelius Sales Company, LLC (collectively referred to as "Intelius" or "Defendant"), all acting by and through their respective counsel, have agreed, subject to Court approval following notice to the

1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Settlement Class and a hearing, to settle this litigation upon the terms as set forth in the Settlement Agreement;

WHEREAS, this Court has reviewed and considered the Partial Class Action Settlement Agreement dated June 7, 2012, entered into among the parties in this Action (the "Agreement"), a copy of which is attached to the Declaration of Karin Swope as Exhibit 1, together with all exhibits thereto, the Amendment to the Partial Class Action Settlement Agreement dated August 6, 2012 (Dkt. # 280), the record in this case, and the briefs and arguments of counsel;

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the Action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, ascertainability, community of interest, predominance of common issues, superiority and typicality, that the Class Representatives are adequate representatives of the Settlement Class, and that Class Counsel are adequate to represent the Settlement Class (as defined below);

NOW, THEREFORE, based upon the files, records, and proceedings herein, and it appearing to the Court that a hearing should be held on notice to the Settlement Class of the proposed settlement to determine finally if the terms of the settlement are fair, reasonable, and adequate;

IT IS HEREBY ORDERED THAT:

1. All terms and definitions used herein have the same meanings as set forth in the Agreement.

2. The proposed settlement set forth in the Agreement is hereby preliminarily approved as being within the range of reasonableness such that notice thereof should be given to members of the Settlement Class.

3. The following Settlement Class is conditionally and preliminarily certified for settlement purposes only:

> All Persons residing in the United States who subscribed to Identity Protect from the first day the product was offered until [the date of preliminary approval of the settlement], except for consumers who were not charged (e.g. who cancelled before seven days) or have already received a full refund of any Identity Protect charges. Excluded from the Class are Defendant, all present or former officers

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2

and/or directors of Defendant, Class Counsel, the Judge of this Court, the Judge's family and staff, Defendant's counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class.

4. The Court hereby adds Charles Hook as a named plaintiff in order to serve as a class representative to the Settlement Class.

5. Plaintiffs Bruce Keithly and Charles Hook are hereby found to be adequate and are therefore appointed as representatives of the Settlement Class (the "Class Representatives").

6. The following counsel are hereby found to be adequate and are therefore appointed as class counsel for the Settlement Class ("Class Counsel"):

**KELLER ROHRBACK L.L.P.**
Mark A. Griffin, Esq.
Karin B. Swope, Esq.
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Telephone:     206-623-1900

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Andrew N. Friedman, Esq.
Victoria S. Nugent, Esq.
1100 New York Ave. NW, Suite 500 West
Washington, DC  20005
Telephone:     202-408-4600

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
James C. Shah, Esq.
35 E. State Street
Media, PA  19063
Telephone:     610-891-9880

7. If final approval of the settlement is not obtained, this certification order, including the above description of the Settlement Class and appointment of the Class Representatives and Class Counsel, shall be vacated and this action shall proceed as though the certification and appointments never occurred.

8. Pending final determination of whether the settlement should be approved, neither Plaintiffs nor any member of the Settlement Class, whether directly, indirectly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the IDP claims herein against Defendant.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1      9.      The Individual Notice of the Settlement (Exhibit C to the Settlement Agreement),
2   the full Notice of the Settlement (Exhibit D to the Settlement Agreement) and a claim form
3   (Exhibit E to the Settlement Agreement) are hereby approved as to form.  Defendant, as the
4   Settlement Administrator (the "Settlement Administrator"), shall cause the Individual Notice to
5   be disseminated in substantially the form attached as Exhibit C to the Settlement Agreement by
6   sending it out via e-mail to members of the Settlement Class no later than thirty (30) days after
7   the entry of this Preliminary Approval Order..  The Individual Notice shall direct Settlement
8   Class members to a website -- maintained by Defendant -- which will contain, inter alia, the full
9   Notice (Exhibit D), a claim form (Exhibit E), the Settlement Agreement, this Preliminary
10  Approval Order, and Plaintiffs' Second Amended Consolidated Action Complaint.  Defendant
11  shall also provide publication notice to potential Settlement class members (the "Publication
12  Notice") through two USA Today classified advertisement postings, published on separate days,
13  not smaller than one-eighth of a page and a press release issued via PR Newswire, which will
14  direct potential Settlement Class members to the Settlement website and/or to contact the
15  Settlement Administrator.  The Publication Notice is hereby approved as to form and shall be
16  substantially in the form attached as Exhibit F to the Settlement Agreement.  The Publication
17  Notice shall be published in the two publications noted above by 30 days after entry of this
18  Preliminary Approval Order.
19     10.     Tracking and reporting of Persons eligible to be Settlement Class Members who
20  request exclusion (the "Opt-Outs") shall be compiled by Defendant and reported to Class
21  Counsel and the Court. Settlement Class members who wish to exclude themselves (opt out)
22  from the Settlement class must submit a written Request for Exclusion.  To be effective, such a
23  request must include the Settlement Class member's name, mailing address, e-mail address, the
24  signature of the Settlement class member (or, in the case of a Person who is deceased or
25  incapacitated only, the signature of the legally authorized representative of that Settlement class
26  member), and substantially the following statement, "I want to opt out of the IDP Claims class
    certified in the Keithly v. Intelius litigation." Requests for Exclusion may be submitted via First

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4

1  Class U.S. Mail paid by the Settlement Class member and sent to defendant at the address
2  provided in the individual Notice of Settlement. Requests for Exclusion must be submitted no
3  later than October 24, 2012.  Defendant shall promptly log each Request for Exclusion that is
4  received, and shall provide copies of the log and all such Requests for Exclusion to Class counsel
5  within five (5) business days after the deadline fixed for Settlement Class members to request
6  exclusion.  Defendant shall pay all costs associated with such tracking and reporting of Persons
7  electing to be excluded from the Settlement Class.

8        11.     Defendant shall pay all costs associated with Notice and settlement administration
9  separate and apart from its obligation to pay the Cash Consideration described in the Settlement
10 Agreement.

11       12.     Defendant shall provide and bear the cost of notice to appropriate federal and
12 state officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. 1715(a).

13       13.     Defendant is directed to file with the Court and serve upon Class Counsel, no later
14 than thirty (30) days after the entry of this Preliminary Approval Order, a declaration confirming
15 that dissemination of the Notice to the Settlement Class and to the appropriate federal and state
16 officials pursuant to Paragraph 11 above has taken place in accordance with this Order.

17       14.     The Court finds that the dissemination of the Notice under the terms and in the
18 format provided for in the Settlement Agreement and this Order constitutes the best notice
19 practicable under the circumstances, that it is due and sufficient notice for all purposes to all
20 persons entitled to such notice, and that it fully satisfies the requirements of due process and all
21 other applicable laws.

22       15.     A hearing (the "Fairness Hearing") shall be held on December 6, 2012, at 9:00am
23 in the Honorable Robert S. Lasnik's courtroom, United States District Court, Western District of
24 Washington, to determine whether the proposed settlement of this action should be finally
25 approved as fair, reasonable, and adequate and whether the Final Judgment approving the
26 settlement and dismissing all claims asserted in the litigation on the merits and with prejudice
should be entered.  The Court will hear Class Counsel's application for attorneys' fees, costs, and

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5

Class Representative contribution awards concurrently with the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to the members of the Class.

16. Settlement Class members who do not request exclusion from the Settlement Class may object to the settlement. Settlement Class members who choose to object to the settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties. Any Settlement Class member may appear at the Final Approval (Final Fairness) Hearing, in person or by counsel, and be heard to the extent permitted under applicable law and allowed by the Court, in opposition to the fairness, reasonableness and adequacy of the settlement, and on Class Counsel's application for any award of attorneys' fees and costs. The right to object to the settlement must be exercised individually by an individual Settlement Class member and, except in the case of a deceased, minor, or incapacitated Person or where represented by counsel, not be the act of another Person acting or purporting to act in a representative capacity.

17. To be effective, a notice of intent to object to the settlement that is filed with the Court must:

    a) Contain a caption that includes the name of the Keithly Case as follows: *Keithly et al., v. Intelius*, Case No. 09-1485RSL..

    b) Provide the name, address, telephone number and signature of the Settlement Class member filing the intent to object;

    c) Provide the approximate date of his/her transaction with Intelius and the total amount paid by him or her for IDP;

    d) Verify by sworn statement that he or she has not received a full refund for his/her IDP charges;

    e) Be filed with the Western District of Washington Clerk of the Court not later than thirty (30) days prior to the Final Fairness Hearing;

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

  f) Be served on Class Counsel and counsel for Defendants so as to be received no later than thirty (30) days prior to the Final Fairness Hearing;

  g) Contain the name, address, bar number and telephone number of the objecting Settlement Class member's counsel, if represented by an attorney;

  h) Contain the number of class action settlements objected to by the Settlement Class Member in the last three years; and

  i) State whether the objecting Settlement Class member intends to appear at the Final Approval (Final Fairness) Hearing, either in person or through counsel.

18. In addition to the foregoing, if the Settlement Class member is represented by counsel and such counsel intends to speak at the Final Approval (Final Fairness) Hearing, a notice of intent to object must contain the following information:

  a) A detailed statement of the specific legal and factual basis for each and every objection; and

  b) A detailed description of any and all evidence the objecting Settlement Class member may offer at the Final Approval (Final Fairness) Hearing, including copies of any and all exhibits that the objecting Settlement Class member may introduce at the Final Approval (Final Fairness) Hearing.

19. Any Settlement Class member who does not file a timely and adequate notice of intent to object in accordance with these provisions waives the right to object or to be heard at the Final Approval (Final Fairness) Hearing and shall be forever barred from making any objection to the settlement.  To the extent any Settlement Class member objects to the settlement, and such objection is overruled in whole or in part, such Settlement Class member will be forever bound by the Final Approval Order and Judgment of the Court.

20. The filing of an objection allows Class Counsel or counsel for Defendant to notice such objecting Settlement Class Member for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objecting

7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 | Settlement Class Member to make himself, herself, or itself available for a deposition or to comply with expedited discovery requests may result in the Court striking the Settlement Class Member's objection and otherwise denying that Settlement Class Member the opportunity to make an objection or be further heard.  The Court reserves the right to tax the costs of any such discovery to the objecting Settlement Class Member or the objecting Settlement Class Member's separate counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

21. No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Class Counsel the following information: i) the number of e-mail notices sent to Settlement Class members; ii) the approximate number of visits to the settlement website from the date of entry of a Preliminary Approval Order; and iii) such other similar tracking information reasonably requested by Class Counsel.

22. No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Class Counsel the number of Settlement Class members who have to date submitted Valid Claim Forms and the number of Settlement Class members who have requested exclusion from the Settlement.

23. Counsel for the parties shall file memoranda, declarations, or other statements and materials in support of final approval of the Settlement Agreement, including an application for an award of attorneys' fees, costs, and Class Representative incentive payments ("Fee Application"), no later than forty-five (45) days prior to the Final Fairness Hearing.

24. Counsel for the parties shall file any reply papers in support of final approval of the Settlement Agreement and the Fee Application and in response to any objections from Settlement Class Members by seven (7) days prior to the Final Fairness Hearing.

25. The settlement on the terms and conditions of the Settlement Agreement filed concurrently with the parties' joint motion for preliminary approval is hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendant or by any other party or person, or a finding of the validity of any claims asserted in the litigation or of any

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

wrongdoing or of any violation of law by Defendant. The settlement is not a concession and shall not be used as an admission of any fault or omission by Defendant or any other party or person.

26. Any Settlement Class Member may enter an appearance in the Action and/or may seek to intervene in the Action, individually or through the counsel of their choice at their expense. Other than (a) Settlement Class Members who enter an appearance and (b) Opt-Outs, the Class will be represented by Class Counsel.

27. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

28. Summary of Dates and Deadlines:

| | |
|---|---|
| Last day to disseminate class notice (the "Notice Date"): | Thirty (30) days after entry of this Preliminary Approval Order |
| Last day to file papers in support of final approval of the settlement and any application for attorneys' fees, expenses and incentive payments: | Forty-five (45) days prior to the Final Fairness Hearing |
| Last day for class members to file comments and objections to the settlement or fee application: | Thirty(30) days prior to the Final Fairness Hearing |
| Last day for class members to opt-out of the Settlement Class: | Thirty (30) days after the Notice Date |
| Last day for the parties to file replies to any class member objections: | Seven (7) days prior to the Final Fairness Hearing |
| Fairness Hearing: | December 6, 2012 |
| Deadline for Proofs of Claim | Sixty (60) Days after the Notice Date |

IT IS SO ORDERED.

DATED this 21st day of August, 2012.

_____

*/s/ Robert S. Lasnik*
Hon. Robert S. Lasnik
United States District Judge

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

9