UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE KEITHLY AND DONOVAN LEE, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTELIUS INC., A Delaware Corporation; and INTELIUS SALES COMPANY, LLC, A Nevada Limited Liability Company,<br><br>Defendants and Third Party Plaintiffs,<br><br>v.<br><br>ADAPTIVE MARKETING, LLC, a Delaware Limited Liability Company,<br><br>Third Party Defendant. | No. C09-1485-RSL<br><br>FINAL JUDGMENT AND ORDER APPROVING PARTIAL CLASS ACTION SETTLEMENT AND DISMISSING CLAIMS OF SETTLEMENT CLASS MEMBERS WITH PREJUDICE |

This matter came before the Court for hearing on December 6, 2012. The Court, having considered the Motions for Preliminary Approval and Final Approval and the declarations in support thereof, the Settlement Agreement (the "Agreement"), the record in the above captioned action (the "Action"), the evidence presented, and the arguments and authorities presented by counsel, and for good cause appearing,

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court, for purposes of this Final Judgment and Order Approving Settlement and Dismissing Claims of Settlement Class Members with Prejudice ("Final Judgment"), adopts the capitalized terms and their definitions set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and Defendants.

3. The Court finds that the notice to the Class of the pendency of the Action and of this settlement constituted the best notice practicable under the circumstances to all Persons within the definition of the Settlement Class, and fully complied with the requirements of due process and of all applicable statutes and laws.

4. The Court hereby adopts and approves the Agreement and the settlement terms contained therein and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the parties and the Settlement Class.  Accordingly, the Court directs the parties and their counsel to implement and consummate the settlement in accordance with the terms and conditions of all portions of the Agreement.

5. As of the date of filing, no objections have been made to the Motion for Final Judgment and Order Approving Partial Class Action Settlement.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies the Settlement Class, except for the individuals listed in Attachment A hereto, consisting of:

> All Persons residing in the United States who subscribed to Identity Protect from the first day the product was offered until August 21, 2012, except for consumers who were not charged (e.g. who cancelled before seven days) or have already received a full refund of any Identity Protect charges. Excluded from the Class are Defendant, all present or former officers and/or directors of Defendant, Class Counsel, the Judge of this Court, the Judge's family and staff, Defendant's counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2

The Settlement Class as certified satisfies all the requirements of Rule 23 and United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Judgment by this reference.

7. In certifying this Action as a class action, the Court hereby finds that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in this Action is impracticable;

(b) there are questions of law and fact common to the members of the Settlement Class;

(c) the claims of the Named Plaintiffs are typical of the claims or defenses of the Settlement Class;

(d) the questions of law and fact common to members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class;

(e) a class action was and is superior to other available methods for the fair and efficient adjudication of the controversy, considering, inter alia:  (i) the interests of members of the Settlement Class in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class; (iii) the desirability or undesirability of prosecuting the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action; and

(f) the Named Plaintiffs and Class Counsel have fairly and adequately protected the interests of the Settlement Class.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**SETTLEMENT CONSIDERATION**

8. Defendant and Plaintiffs are hereby ordered to comply with the terms and conditions contained in the Partial Class Action Settlement Agreement and Amendment No. 1, which is incorporated by reference herein, and located in the docket at ECF Nos. 278-1 and 280.

9. After the Effective Date, and solely for the purposes of the Settlement Agreement, the benefits available under Section 4 of the Settlement Agreement shall be distributed by Defendant in accordance with the eligibility requirement specified in the Settlement Agreement. Pursuant to Section 4 of the Settlement Agreement, after the Effective Date, defendant and its successors, assigns, transferees, officers, agents, servants, employees, representatives, and all other persons or entities in active concert or participation with Defendant are hereby permanently enjoined and restrained from directly or indirectly engaging in the following acts or practices:

   a) Displaying on any website that is owned, operated, and/or controlled by Defendant ("Defendant's websites") or on any third-party website any offer for a Membership Program involving a Free-to-pay Conversion Offer that does not comply with the following requirements:

      i) In order for a consumer to accept the offer, the consumer must be required to provide the complete account information for the account the consumer wishes to be charged for the Membership Program at the time the consumer accepts the offer.

      ii) ii. The offer must disclose Clearly and Conspicuously all material terms to the offer.

      iii) The offer's material disclosures may not be made in fine print nor be in text accessible only through a hyperlink.

      iv) The offer must require the consumer's Express Verifiable Acceptance.

      v) The offer must Clearly and Conspicuously disclose a mechanism for declining the offer in a font and size as prominent at the mechanism for accepting the offer.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4

    vi) The mechanism for accepting the offer shall not misrepresent the nature of the action the consumer is taking.

    vii) Any offer using the term "free" or similar language must disclose any condition to the "free" offer Clearly and Conspicuously and in close proximity to the offer.

    viii) If the offer includes a Premium, there must be a disclosure in close proximity to the offer of the Premium that the consumer must accept the Free-to-pay Conversion Offer in order to obtain the Premium.

    ix) The offer must state Clearly and Conspicuously that by accepting it, the consumer is enrolling in a paid Membership Program that will be automatically charged to his or her account at the end of the trial period if the consumer does not cancel during the trial period.

b) Advertising, marketing, offering, and/or selling, directly or indirectly, a Membership Program involving a Free-to-pay Conversion Offer, including a third-party Membership Program where the advertisement for such program explicitly or implicitly misrepresents Defendant's affiliation with the Membership Program.

c) Failing to provide a Clearly and Conspicuously displayed and labeled mechanism on Defendant's websites for consumers to cancel and/or request refunds for any Membership Program owned and/or administered by Defendants.

d) Failing to honor any stated or published refund policy.

e) Where the requirements of this Settlement Agreement are not met, failing to provide a full refund to any consumer who claims not to have knowingly enrolled in one of Defendant's Membership Programs that is marketed on a Free-to-pay Conversion Offer basis and who has not used any user-enabled or requested benefits or services of the program.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

  f) Failing to provide accessible, prompt, live or automated customer service to consumers for cancellation and refund requests relating to Membership Programs.

  g) Failing to cancel a consumer's membership in a program within five (5) days of the consumer's request for such cancellation with no additional charges accruing following the date of the request.  Cancellation requires only suspension of payment within five (5) days, not of service, which may be cancelled within a convenient time.

  h) Failing to employ a transaction descriptor that alerts a reasonable consumer to the nature and source of the charge subject to the limitations of space imposed by credit card companies.

  i) Failing to satisfy in full the Class Compensation of $5 million as set forth in this Settlement Agreement.

10. Plaintiffs, the Settlement Class, and/or Defendant may seek to enforce the provisions of the Settlement Agreement by motion to the Court pursuant to the Court's continuing jurisdiction over the Settlement Agreement as set forth in Paragraph 22 below.

## **APPLICABILITY**

11. The provisions of this Final Judgment are applicable to and binding upon and inure to the benefit of each party to the Action (including each Settlement Class Member and each of Defendant's successors and assigns).

12. All Persons who are included within the definition of the Settlement Class and who did not properly file requests for exclusion are therefore bound by this Final Judgment and by the Settlement Agreement.

13. As of the Effective Date, the Settlement Class members, including Plaintiffs (collectively, the "Releasing Parties"), release Defendant and each of its past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, insurers and reinsurers, and affiliated and parent corporations, and as the case may be,

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6

each of their respective past, present or future owners, stockholders, shareholders, subsidiaries, affiliates, representatives, directors, officers, employees, agents, assigns, heirs, successors, predecessors, accountants, auditors, consultants, attorneys, and insurers and reinsurers (the "Released Parties"), from the "Released Claims." For purposes of this Settlement Agreement, the "Released Claims" are defined as:

a) All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation of any state or federal constitution, state or federal statute, rule or regulation, arising out of the enrollment of a Settlement Class Member in IDP alleged, or that could have been alleged as part of the Consolidated IDP Claims, in the Complaints filed against Defendant by Plaintiffs' Counsel; and

b) Any unknown claims arising out of the enrollment of a Settlement Class Member in IDP that the Releasing Parties do not know or suspect to exist in their favor at the time of this release, which, if known by them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this settlement. With respect to the Released Claims, the Releasing Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which section provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

7

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

14. Claims, demands, rights, liabilities, and causes of action arising from Adaptive Marketing programs or Adaptive Marketing affiliate programs are expressly exempted from the definition of "Released Claims."  Thus, where a Releasing Party enrolled in IDP, but also enrolled in an Adaptive Marketing or an Adaptive Marketing affiliate program, only the claims relating to IDP shall be released as part of the "Released Claims."

15. The Releasing Parties may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon and theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

16. As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class member who does not file a valid Request for Exclusion, thereby becoming a Settlement Class member, automatically, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished and discharged the Released Parties from the Released Claims, to the fullest extent permitted by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Parties relating in any way whatsoever to the Released Claims.

17. The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES
## AND CASE CONTRIBUTION AWARDS

18. Defendant shall within fifteen (15) days after the entry of this Order, deliver to Lead Class Counsel, a check in the amount of $ 835,572.47 for Plaintiffs' attorneys' fees, expenses, and costs. Pursuant to the Settlement Agreement, such funds shall be paid from the $2.5 million Cash Consideration to be paid by Intelius into a common fund for the benefit of the Settlement Class.

19. Defendant shall within fifteen (15) days after entry of this Order, deliver to Lead Class Counsel a check payable to "Bruce Keithly" in the amount of $10,000 and a check payable to "Charles Hook" in the amount of $2,500 as Case Contribution awards. Pursuant to the Settlement Agreement, such funds shall be paid from the $2.5 million Cash Consideration to be paid by Intelius into a common fund for the benefit of the Settlement Class.

## GENERAL PROVISIONS

20. The provisions of this Final Judgment are entered as a result of a voluntary agreement of the parties. The Settlement Agreement and this Final Judgment are not intended to, and shall not be construed as any admission, express or implied, of any fault, liability or wrongdoing by Defendant, or of the accuracy of any of the allegations in the Complaint.

21. All terms, provisions, obligations and rights as contained in the Settlement Agreement are hereby incorporated into this Final Judgment and the parties are ordered to perform their obligations thereunder, including, but not limited to, the full release of claims. The Consolidated IDP Claims of the Plaintiffs in all actions, complaints and lawsuits against Defendant and/or the Released Parties arising out of or related to the enrollment of any Settlement Class Member in IDP are hereby dismissed with prejudice and without leave to amend.

22. Jurisdiction is retained by this Court for three months following the Effective Date for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the

9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

construction or carrying out of this Final Judgment and Settlement Agreement, for the modification of any of the provisions hereof, for enforcement of compliance herewith, and for the punishment of violations hereof.

     IT IS SO ORDERED.

DATED: December 6, 2012

*[signature]*
Robert S. Lasnik
United States District Judge

**APPROVED AS TO FORM:**

DATED: November 29, 2012    **KELLER ROHRBACK L.L.P.**

    By:  s/ Karin B. Swope
        Mark A. Griffin, Esq.
        Karin B. Swope, Esq.
        Attorneys for Plaintiffs
        BRUCE KEITHLY and DONOVAN LEE,
        Individually and on Behalf of All Others
        Similarly Situated

DATED: November 29, 2012    **COHEN MILSTEIN SELLERS & TOLL PLLC**

    By:  s/ Andrew N. Friedman
        Andrew N. Friedman, Esq.
        Victoria S. Nugent, Esq.
        Attorneys for Plaintiffs
        BRUCE KEITHLY and DONOVAN LEE,
        Individually and on Behalf of All Others
        Similarly Situated

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384